UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAR 19  P 2: 11
U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| CORINE CARR ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| V. ) | DOCKET NO. 3:02CV2100 (DJS) |
| ) | |
| ) | |
| THE UNITED STATES OF AMERICA ) | |
| POSTAL SERVICE, HAMDEN BRANCH ) | |
| ) | |
| Defendant ) | MARCH 18, 2004 |

THE PLAINTIFF'S OBJECTION TO THE DEFENDANT'S MOTION TO DISMISS/
SUBMITTING , EXHIBIT K, SUBSTANTIAL NEWLY DISCOVERED EVIDENCES
FOR THE COURT'S DETERMINATION OF THE PROCEEDINGS ON RECORD

The Plaintiff seek permission of the Court to submit, Exhibit K, Newly Discovered Relevant Evidences, that are substantial in the Court's determination of Dismissal and/or Summary Judgment in the proceedings, mentioned in the caption above, that are before the Court.

The Plaintiff ask the Court to please accept, Exhibit K, a letter, from the Plaintiff dated 3-15-04, written to Attorney Anthony T. Rice, Attorney for the Defendant, and notarized, to be added to The Plaintiff's Objection To The Defendant's Motion To Dismiss that's dated October 6, 2003, as proof of a legitimate claim against the Defendant.

The memorandum of law in support of the Plaintiff's submission of Exhibit K and the grounds for submitting Substantial Newly Discovered Evidences are attached.

NO ARGUMENT IS REQUESTED

1

1. <u>The Plaintiff's Memorandum of Law in Support of the Plaintiff's Submission of Exhibit K:</u>

    <u>Fed. R. Civ. P. Rule 12. Defenses and Objections-When and How Presented-By Pleading or Motion-Motion for Judgment on The Pleadings.</u> (b) <u>How Presented.</u> Every defense, in law or fact, to claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one's required, except that the following defenses may be at the option of the pleader be made by motion: (7) Excerpt... No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion....

    <u>Local Civ. R. 7. FILING AND SERVICE OF PLEADINGS AND OTHER PAPERS.</u> (g) <u>Filing of Discovery Material</u>. (3) When discovery material not on file is needed for consideration of a motion or for an appeal, upon application to or order of the Court or by stipulation of counsel, the necessary portion of discovery material shall be filed with the clerk.

2. <u>The Plaintiff's Grounds for Submitting Substantial Newly Discovered Relevant Evidences:</u>
    1. The Plaintiff's Exhibit K, if the Court accept it, will prove beyond the shadow of doubt, that the <u>Culprit</u>, who committed the unlawful acts upon the Plaintiff, that are

stated in the Plaintiff's Complaint and that are the causes for actions in this legal matter, was and is, indeed, a United States of America Postal Service Employee.

2. The Plaintiff's Exhibit K, if the Court accept it, will prove beyond the shadow of doubt, that the unlawful acts that were committed upon the Plaintiff, that are stated in the Plaintiff's Complaint and that are the causes for actions in this legal matter, did indeed occurred on the premises of The United States of America Postal Service, Hamden Branch, at 1744 Dixwell Avenue, Hamden, Connecticut and at 50 Brewery Street, New Haven, Conn.

3. The Plaintiff's Exhibit K, if the Court accept it, will prove beyond the shadow of doubt, that the unlawful acts that were committed upon the Plaintiff's body parts and are being committed upon the Plaintiff's body parts , that are stated in the Plaintiff's Complaint and that are the causes for actions in this legal matter, that the weapon(s) that was and is being used, <u>by the Culprit,</u> to commit the unlawful acts upon the Plaintiff's body parts are/is located on and thereabout The United States of America Postal Service Branches premises.

4. The Plaintiff's Exhibit K, if the Court accept it, will prove beyond the shadow of doubt, that the weapon(s) that, <u>the Culprit,</u> used and is being used to commit the

      unlawful acts upon the Plaintiff's body parts while the Plaintiff is on the premises of the Defendant's establishment and is stated in the Plaintiff's Complaint and is the cause for action in this legal matter, are/is an instrumental modulation frequency response device that <u>can and did</u> transmitted prickly painful shocks and burning sensation electrical flowing currents to the Plaintiff's body parts and that the injurious signals that <u>the Culprit(s)</u> created with the weapon(s) and that penetrated the Plaintiff's body parts came from a distance, yet, still located in the vicinity of the Defendant's premises and on the Defendant's premises.

5. The Plaintiff's Exhibit K, if the Court accept it, will prove beyond the shadow of doubt, that the weapon(s), the instrumental modulation frequency response device, that the <u>Culprit(s)</u> used and is using to commit the unlawful acts upon the Plaintiff's body parts and is the cause of action in the Plaintiff's legal matter that is before the Court, leaves an after effect, a distinctive vocal tone, to the <u>Culprit(s)</u> body parts.

6. The Plaintiff's Exhibit K, if the Court accept it, will prove beyond the shadow of doubt, that <u>the Culprit(s)</u>, The United States of America Postal Service Employee(s) unlawful acts, being committed, and acts that are stated in the Plaintiff's Complaint and are the cause of

action in the Plaintiff's legal matter that is before the Court, distort the standards of a business proprietor owe to the customer, the Plaintiff:

(A) <u>C.J.S. Negligence Sec. 539 Protection from acts of other persons.</u> (Excerpt).Wrongful acts of his employees, customers, or other persons, where he has reasonable cause to anticipate the wrong or negligent acts and the probability of injury therefrom.

The Defendant's, <u>the Culprit(s)</u>, had and have knowledge of the wrongful acts that were committed upon the Plaintiff's body parts and the Defendant, <u>the Culprit(s)</u>, looked forward to the infliction and new the probability that the weapon(s), the instrumental modulation frequency response device could and would produce harm to the Plaintiff's body parts. The Plaintiff has stated throughout the Plaintiff's Complaint and the Plaintiff has stated in the Plaintiff's Deposition and in the Plaintiff's letters to the Defendant that <u>the Culprit(s)</u> did indeed anticipated the unlawful cruel treatment that had been and is being done to the Plaintiff's body parts.

(B) <u>CONN. DIGEST. Sec. 1021. Duty of Store and business proprietors; Negligence.</u> Conn. 1954. Where it is customary for customers or patrons to be free to go certain parts of the premises, the customer or patron is a "business visitor" thereon unless the possessor

5

   exercises reasonable care to apprise him that the area of invitation is more narrowly restricted.

   Dickau v. Rafala, 104 A.2d 214, 141 Conn. 121. The Defendant, the Culprit(s), had and have knowledge of the weapon(s), the instrumental modulation frequency reponse device being on the Defendant's premises, the Culprit(s) had and have knowledge of how to operate and when to operate the weapon(s) and never once warned the Plaintiff that the Plaintiff's free occupancy of the Defendant's premises were an unsafe place for the Plaintiff to be.

7.  The Plaintiff's Exhibit K, if the Court accept it, will prove beyond the shadow of doubt, that the Plaintiff's legitimate claim against The United States of America Postal Service, Hamden Branch, should not be dismiss and if the Court grant a Summary Judgment and/or Dismiss Motion by the Defendant dated September 26, 2003, the Judgment by law sholud be in favor of the Plaintiff and the demand granted to the Plaintiff.

On these grounds that are stated, the Plaintiff ask the Court's permission to submit the Substantial Newly Discovered Relevant Evidences , The Plaintiff's Exhibit K, that will prove the Plaintiff's claim against the Defendant/evidences, if granted, that will bring the Plaintiff's Proceeding that is before this Court to a conclusion without having to go to trial.

PLAINTIFF/PRO SE

BY *Corine Carr* (signature)
Corine Carr
42 Goodyear Street
New Haven, Connecticut, 06511
(203) 785-9495

The Plaintiff's Exhibit K is attached.

CERTIFICATION

I Corine Carr, the Plaintiff/pro se, certify that a copy of The Plaintiff's Objection To The Defendant's Motion To Dismiss/ Submitting, Exhibit K, Substantial Newly Discovered Evidences For The Court's Determination Of The Proceedings On Record was mailed to:

Attorney Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8Griffin Road North
Windsor, Connecticut, 06006-0170
(860) 285-7098
E-Mail:anthony.t.rice@usps.gov
Connecticut Federal Bar No. ct22474

PLAINTIFF/PRO SE

BY *Corine Carr* (signature)
Corine Carr
42 Goodyear Street
New Haven, Connecticut, 06511
(203) 785-9495

Date:    March 18, 2004

ORDER

The foregoing Plaintiff's Motion havening been heard is hereby ORDERED.

GRANTED / DENIED

BY THE COURT'S

_____
            JUDGE          /          CLERK

Plaintiff's Exhibit-K

K

42 Goodyear Street
New Haven, Connecticut, 06511
March 15, 2004
(203) 785-9594


Attorney Anthony T. Rice
Special Assistant U.S. Sttorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, Connecticut, 06006-0170
(860) 285-7098
E-Mail:anthony.t.rice@usps.gov
Connecticut Federal Bar No. ct22474

RE:   Corine Carr
      V.
      The United States Of America
      Postal Service, Hamden Branch

      Docket No. 3:02CV2100 (DJS)

Dear Mr. Attorney Rice,

I am writing to inform you that I can now put a human being, person, face with the nuisance, irritable, arrogant, despicable, resentful, despiteful and annoying voice that I heard verbally abusing me as those inflictions of painful shocks and currents to my body parts were occurring on your premises that's located on 1744 Dixwell Avenue, Hamden and on 50 Brewery Street, New Haven, Connecticut, and are mentioned in the law suit and are the reasons for the Plaintiff's law suit against The United States Postal Service, Hamden Branch.

Since my last correspondence with you, the submitting to you my copy of the Joint Trial Memorandum and my copy of The Plaintiff's Exhibits to be used at trial dated October 14, 2003, and prior to the submitting of the Court Order requirements and as of me writing this eyewitness evidence correspondence to you, your employees at the Hamden Postal Service Branch has continued with despicable unlawful nuisance acts upon me.

Each time that I visit your Hamden Postal Service branch at 1744 Dixwell Avenue, Hamden, Connecticut, I am verbally abused and I received cruel treatment from your employees, males and females.

1

Your employees calls me a whore. One of your employee, a short black male, was a boldfaced employee, he stood up looked at me and said "you are a whore!"; the same short black male employee made some noise, with what sound like a draw at his station desk level and caused some vibration to the Postal Service station where I was standing waiting for the Postal Service Clerk to finish his function of my transaction and said, slightly looking at my direction, "that's your groin". I didn't respond to his nuisance act.

On several occasions, the female Postal Service Clerks and the other male Postal Service Clerks, while they are at their public postal service stations, goes into a major frantic outrageous behavior mode throughout my legitimate visit, stay, on your premises.

They, the postal service employees, nasally utter and mutter repetitously at me the minute that I enter the establishment front door of the building. The postal service employees nasally utter and mutter "there go that whore" "you better get a husband whore" with wide opened, stretched to the max, fixable eyes on me and sometimes with wide opened, stretched to the max, fixable eyes glances at me.

The postal service employees' cruel despicable treatments causes me to fear for my safety and life. I fear that an infliction of harm, from your employees, will follow these despicable acts. And, I fear for my life and safety of being attacked by someone else, who also has a distraught behavior mode and who is foolish, on the outside environment who over heard the despicable acts that are being committed by your employees upon me in a public place.

On 3-11-04, approximately 3:45 P.M., As I turned off my car engine, after driving into the customers' parking space, right side of your Postal Service branch building that's located on 1744 Dixwell Ave. Hamden, Connecticut, suddenly and instantly, an electrifying loud maleficence boastful male voice shout "you are going to get kill" at the top of the left side of my head, my left ear and at the left side of my neck that came from my left, the corner area of the high elevated woods-trees and packed soil mount, at a downwardly pitch and flowing on the top of my head as though an electrical current was flowing through my head straight to the wall of the Postal Service building.

I got of my car. I closed my car door. And, suddenly, I heard voices of some children, about midway from the area of the woods-tree and packed soil mount where the maleficence boastful loud male shout came from. I looked upwardly to my right and saw two children to my right. A female child voice, pitch downwardly, said you are going to get kill as the two of them looked at me. I said nope I will not let you.

2

Suddenly, the two children, who I first saw, stepped closer to the edge of the woods-tree and packed soil mount area and threw, what looked to be a stick, aimlessly in my direction that fell downwardly onto the slope of the woods-tree and packed soil mount.

Seconds later, a male child ran from the area that was behind the two children who were still standing close to edge of the woods-tree and packed soil mount and stood along side the first two children.

The children continued with their high pitch mutter utterance for a few seconds and then they ran away to my right side area of the elevated woods-tree and packed soil mount.

I turned to my right and said, in my contunious low audible tone, too bad you have to reduce yourself to that, I have too send my boys at you, as I was walking off the surface of the customers' parking space.

I continued to walk on the side walk to the Postal Service front door entrance and exit door and entered the Postal Service building.

On 3-11-04, approximately 4:00 P.M., while I was on your premises, inside the establishment building, with 2-3 customers who were inside the Postal Service Clerks' Staions area, the second that I pulled opened the entrance and exit door to the Postal Service Clerks Stations and customers' service area, the culprit, the Postal Service Employee, went into her usual, but somewhat restrained, behavioral mode and distorted the standards by C.J.S. Sec. 539[1] be-Congress Postal Reorganization Act permit agency, this establishment, to operate more like a private business, and new service explicitly designed to attract customers that currently used its competitors[2]. And, the culprit's negligent acts breach the duty that is owe me by creating a dangerous harmful environment[3] in a place where I am free to be as a customer[4].

1. C.J.S. Sec. 539 Protection from acts of other persons. Generally a proprietor of a place of business or public resort must use ordinary care to protect customers, patrons, or other invitees against the dangers which may be caused by the negligent or wrongful acts[1] of his employees, other customers, patrons, or invitees,[2] or other persons,[3] where he has reasonable cause to anticipate the wrongful or negligent acts and the probability of injury therefrom.; (1) Case number 2, Ga.-Shockley v. Zayre of Atlanta, Inc. 118 Ga. App. 672, 165 S.E. 2d 179 (1968). (2) Cal.-Sample v. Eaton, 145 Cal. App. 2d 312, 302 P.2d 431 (2d Dist. 1956).  (3) Case number 2, N.M. Romero v. Kendricks, 74 N.M. 24, 390 P.2d 269 (1964).
2. 39 USCS Sec. 407. Interpretive Notes And Decisions,

3

      1. Generally, Paragraph 1, page 54, excerpt.
3.   <u>Connecticut Digest, Negligence.</u> (key) 1012. Conditions created or known by defendant. <u>Conn. 1967.</u> Proof that defendant had in his home a dangerous condition of which he knew or should have had knowledge was essential to any recovery by plaintiff for injury sustained in fall in defendant's home.
     Teitelman v. Bloomstein, 236 A.2d 900, 155 Conn. 653.;
4.   <u>Connecticut Digest, Negligence.</u> (Key) 1021. Duty of store and business proprietors. <u>Conn. 1954.</u> Where it is customary for customers or patrons to be free to go to certain parts of the premises, the customer or patron is a "business visitor" thereon unless the possessor exercises reasonable care to apprise him that the area of invitation is more narrowly restricted.
     Dickau v. Rafala, 104 A.2d 214, 141 Conn. 121.

From the back area, the Postal Service's Employees' mail sorting area, the culprit, the postal service clerk, begin her distraughtly verbal abuse act of nasal tone mutter utterances that were pitched at me the second that I was pulling on the entrance and exit door to the postal service clerk's station area.

I walked over to the writing table, with the mailing slips slot compartment, and removed the certify mailing slip and begin to fill out the certify mailing slip form.

As I was filling out the certify mailing slip form, the culprit, the postal service clerk, continued distraughtly to utter nasal tone mutter utterances at me back and forth as the customer, who was standing to my left and the direct path from where the culprit voice was coming from in the back left side of the mail sorting area, joined in with her high pitch tone utterances at me and the postal service clerk, who was assisting the customer at his clerk's station, joined in with his moderate high pitch throaty tone utterances at me disdainfully and despitefully and frantically said you better get a man. All of them at one occurrences or another clearly stated you better get a man as they pitched their voices upwardly into my direction and downwardly as they continued distraughtly to utter nasal tone mutter utterances back and forth that were very annoying and upsetting to me and the environment.

They, the culprit, the postal service employee, from the back left side of the mail sorting area, the black male postal service clerk to my left and who was assisting the customer who was standing at his station and the customer there at his station went into an extreme high pitch electrical current and vibratory tone distraught despiteful frantic behavior mode of mutter utterances that were pitched at me and that penetrated my entire body energetically and that came from the back left side of the mail sorting area and the

4

metal cabinet and metal door area of the Postal Service Establishment Building inside area.

I said, in low audible disgusting tone, while being despitefully verbally attacked and while being inflicted with electrical vibratory energetic current and agonized, unnecessarily, into a jittery frame of mind, "I am getting what I came here for" as I continued to fill out my certify mailing slip and continued to stand at the writing table, with the mailing slips slots that's located in the middle area of the customers' area of the Postal Service Establishment postal service clerks' stations, facing their area of the inside area of the Postal Service Establishment.

The second that I finish filling out my certify mailing slip, I slightly held my head upwardly to my right and slightly lifting my right foot off the floor and slightly leaned to my right to move to the end of the writing table to stand in line, when, suddenly, the white male postal service clerk, who was at his station to my right, disguisedly made some type of raised hand gesture at me, mutter indistinctly at me, hastily turned to his left and swiftly walked away from his postal service station, then through the space of the opening of a door frame area into, my right side area, the back right side area of the mail sorting area of the Postal Service establishment, as I put my right foot down and stopped my motion of movement toward the end of the writing table away from where I was standing in the middle area of the writing table.

Once the postal service clerk disappeared out of my sight, I moved over to the end of the writing table, with the mailing slips slot and that's located in the middle area of the customers' service area of the Postal Service Clerks' stations, and stood in line.

As I stood in line at the end of the writing table, the culprit voice, the postal service clerk-management, from the back left side of the mail sorting area, the postal service clerk, who was assisting the customer who was still standing at his station and the customer there at his station continued with their cruel treatment and resentfulness toward me.

In a lower tone and audible frequency modulation, they mutter indistinctly utterances back and forth lifting their voices upwardly at me then downwardly in their area.

I stood agitatedly, disturbingly and unresponsively in line hoping to ceased the continued dangerous public nuisance disturbance being inflicted upon me without provocation by me to any of them.

About a minute or so had passed. Then the white male postal service clerk to my right, who disguisedly made the raised hand gesture at me and rush away from his postal service station into the

5

back, my right side area, of the mail sorting area, returned to his postal service station.

He stood at his postal service station for a few seconds and finally said may I help you mam in a somewhat resentful gentle huffy elevated shout at me.

A behavioral tone that increased the intensity of the on going dangerous public nuisance disturbances that were still being inflicted upon me at that time as I was still standing in line and waiting to be assisted.

I walked over to his postal service station, still trying to composed myself and maintain an orderly manner. I asked the postal service clerk, may I use some of your tape as I was lifting the clasp on the large yellow-vanilla envelope that I had placed on the counter.

The postal service clerk shoved the tape holder that had the tape in it to me. I pulled a strip of tape off and placed it on the envelope clasp and flap as the postal service clerk made constant fidgety righthand impaired visibleness and nonvisual movements to his right and around the top area of his postal service station customer counter area space as my head was slightly tilted to my right side area of the customer area space of the postal service counter.

One piece of the tape that I was about to apply to the envelope clasp and flap got twisted and became unusable. I placed that piece on the edge of the counter.

As I was reaching for another piece of tape, the postal service clerk quickly reached over to the tape holder and said, somewhat resentful gentlehuffy elevated restrained shout, "I'll get you some stronger one.

I let go of the envelope. The postal service clerk picked up the envelope and pulled off a piece of tape that was located to his right side desk area and placed a piece of thick transparent tape onto the envelope clasp and flap.

I removed the twisted piece of tape from where I placed it on the edge of the counter, rolled it up and put it in my left hand and then into my right hand then into my coat right pocket.

I stood and observed the postal service clerk's process function of the certify service to be done that was requested by me.

I reached, with my left hand, for and picked up the certify service mailing receipt from the front area of the postal service clerk's mailable scale platform where he had placed it.

6

The postal service clerk then said $2.90 so for at me as the culprit, voice from the back left side of the mail sorting area, the postal service clerk to my far left, who was still assisting the customer and the customer, who was still standing at his postal service station continued to mutter resentful,despiteful,annoying, disturbing utterances at me in a lower tone frequency response and a reducible force of electrical vibratory energetic current.

I reached into my coat left pocket and pulled out $2.00. I put it on the customer area of the postal counter. I reached into my coat left pocket again and pulled out a handful of coins. I mentally counted out $.90 and gave it to the postal service clerk, who was still in a somewhat resentful despicable fidgety hasty mode, and he turned to his right and begin to proceed with his ended function of the certify mailing service that I purchased.

Suddenly, as I was slightly bent to me left and putting my handful of change, coins, back into my coat left pocket, I heard this loud gruff female voice, the culprit, the voice of the female from the back left side of the mail sorting area during this episode and who was and is the voice of one of your employees who repeatedly inflicted my body parts with pain, by using shocks and currents, and who disdainfully, despicably and despitefuly verbally abused me during the infliction of painful shocks and currents to my body parts, and are the reasons for this lawsuit, while I was on both locations of your establishment, 1744 Dixwell Avenue, Hamden, Conn. and 50 Brewery Street, New Haven, Conn., a gruff non metallic non-electrical flowing currents, loud shockable vibratoless, slightly tremulous nervous voice pitched at me said "you better"... I quickly lift up my head and turned it slightly to my right toward the direction from where this gruff, rough, harsh, irritating female voice was coming from and saw the culprit, one of the Postal Service Branches employees culprits, standing in the opened space of the door frame leaning to her right as though she was leaning on the door frame, the door frame area to my right that leads to the back right side mail sorting area, that is located directly in back and partically off to the left side area, my right, of the postal service clerk's station where I was still standing waiting as my postal service clerk was doing his ended function of the proceeding that I had purchased, continuing with the utterance at me, mouth moving and a frazzled expression on her face and with her neck tucked dowardly inbetween her collar bone and shoulder blades, "get out of this state" disdainfully, despitefully, resentfully, arrogantly and boastfully as she emphasided and exposed her teeth and the movement of her lips and jaws and her squint eyes and the front area of her patchy white and black short cut hair as we looked directly at each other. I said, disgustingly, in a low audible tone and directly at her "I don't have to".

My postal service clerk, with his head and upper body hunch dowardly at the front edge of the mailable scale platform that was in

front of him, said somewhat loudly and somewhat rejoicinly and somewhat depitefully "There you are"!

The postal clerk, my postal clerk, passed me the transaction receipt slightly touching each other hands, in my reaching with my left hand to remove the transaction receipt from his right hand. I took the transaction receipt turned to my left and started walking away from his postal service station.

The culprit, the same female postal service clerk-manager who was still standing in the opened space of the door frame area to my right and who done the verbal attacks from there and in the back left side of the mail sorting area during this episode, verbally attacked me again as I walked away with my right side and my back toward her area. The culprit, the postal service clerk-manager, said, disdainfully, resentfully and with a gruff non metallic non-electrical flowing current loud shockable vibratoless, slightly tremulous nervous voice pitched at the back right side of my head, "Everything isn't for everybody"!

I continued to walked over to the exit and entrance door; I walked through the opened space of the doorway; I stepped into the Postal Service lobby area; I walked over to the building's front exit and entrance door; I opened the door and walked through the opened space of the doorway and I continued to walked to my parked car that was parked in the Postal Service Customer's parking space on the right side of the Postal Service building.

I opened my car driver side door; I got into the driver's seat sat down and wrote down what the Postal Service Employee, clerk-manager, the culprit, said to me.

I started up my car engine and begin to turned around in a small cramped space and with a car parked to my right and to my right was the Postal Service parking lot exit. I drove my car backwardly and I had to drive forwardly several times with caution.

Suddenly, I heard a loud mufflered tone, snappy, gruff,non metallic, nonelectrical flowing currents, loud shockable vibratoless, slightly tremulous nervous voice, pitched at me and my car, attacked me again, saying "Don't hit that car"; the voice was that of the culprit, the black female Postal Service employee, clerk-manager, who attacked me a short while ago and the female voice came from the right side of the front area of the Postal Service building and near the building's front entrance and exit door.

I maintained my composure, after once again being treated cruelly, despitefully, resentfully, disdainfully with verbal attacks that threw me into a jittery frame of mind, by your postal service employees, in public, and I continued to maneuver my car and turned

8

my car arouned without hitting anything and I drove off the Postal Service branch premises and turned right onto Dixwell Avenue Hamden, Conn. and drove away.

Attorney Rice, I think that you will agree with me and I think the Court will agree with me that the multi occurrences, that occurred to me on your Postal Service branch, at 1744 Dixwell Avenue, Hamden, Conn., premises on 3-11-04, that I have explained to you, in detail, written in this letter, are evidences, evidences that which demonstrates, make clear, or ascertains the thruth of the very fact or point in issue[5], the reasons that the Plaintiff brought the lawsuit against the United States of America Postal Service, Hamden Branch, 1744 Dixwell Avenue, Hamden, Conn.
   5. <u>C.J.S. Evidence Sec. 3, page 67, excerpt.</u>

The multi occurrences, that occurred to me on your United States Postal Service branch, at 1744 Dixwell Avenue, Hamden, Conn., premises on 3-11-04, that I have explained to you, in detail, written in this letter, are relevant evidences[6] that are the probable causes of the Plaintiff's injuries, spoken of in the Plaintiff's lawsuit against the United States of America Postal Service, Hamden Branch, 1744 Dixwell Avenue, Hamden, Conn. And, that the Plaintiff's injuries did in fact occurred at the hands of your postal service employees.
  6. <u>C.J.S. Evidence Sec. 3, Relevant evidence.</u> Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.[17] Relevancy of evidence also means there is a logical relationship between the proposed evidence and the fact to be established.[18] ("Evidence" consists wholly of proof which is admissible and does not include material brought forward only to refresh the recollection of a witness. (17) Iowa-Carson v. Mulnix, 263 N.W.2d 701.; (Probative value, Term "relevant evidence" simply means that which has tendency to prove proposition if that proposition has probative value as to issue in case. (18) S.C.-Bonaparte v. Floyd, App., 354 S.E.2d 40, 291 S.C. 427, 86 A.L.R.4th 103.)

And, the multi occurrences, that occurred to me on your Postal Service branch, at 1744 Dixwell Avenue, Hamden, Conn., premises on 3-11-04, that I have explained to you, in detail, written in this letter, were eye witness occurrences, that I, the Plaintiff, saw a material part of the facts stated in the Plaintiff's lawsuit against The United States of America Postal Service, Hamden Branch, 1744 Dixwell Avenue, Hamden, Conn.

I, the Plaintiff, saw one of The United States of America Postal Service Employee(s), allegation stated in the Plaintiff's lawsuit that an employee(s) of the Postal Service committed the unlawful acts upon me while I was inside the postal service branch doing business,

who committed the unlawful acts alleged in the Plaintiff's lawsuit and who committed another continuing nuisance unlawful acts as the Plaintiff was looking into her face after she, the same, culprit, Postal Service Employee(s), committed continuing nuisances acts upon the Plaintiff from an invisible area prior to coming face to face with the Plaintiff during that episode a few minutes apart of each occurrences that happened on that same day, 3-11-04, and not haven been provoked by the Plaintiff on that same day, 3-11-04 nor on any other occurrences of the unlawful acts of inflicting pain to the Plaintiff's body parts that are the cause for action in the Plaintiff's lawsuit against The United States of America Postal Service, Hamden Branch, Hamden, Conn., at 1744 Dixwell Avenue, Hamden, Conn.

I, the Plaintiff, also witness the after affect, to the culprit(s), the United States of America Postal Service Employee(s), body parts, from the instrumental(s) weapons that were used by the culprit and other culprit(s) who were at the sence to commit the continuing nuisance unlawful acts upon the Plaintiff's body parts.

The instrumental(s) weapons, an electrical electronic frequency modulation and frequency response, that were used on and there about The United States Postal Service Branches premises produced a gruff, rough, harsh, metalloid, resembling a metal effect to the culprit, The United States of America Postal Service Employee(s), throat, vocal cords and nasality that the culprits used against me during that episode of the continuing nuisance unlawful acts upon me and during the episode of occurrences that are stated in and the caused for action in the Plaintiff's lawsuit against The United States of America Postal Service, Hamden Branch, 1744 Dixwell Avenue, Hamden, Conn.

These are real, physical evidences[7], that were witness by me, the Plaintiff on 3-11-04, at The United States of America Postal Service Branche, evidences that proved the Plaintiff's case.
  7. C.J.S. Evidence Sec. 3, Real evidence.  Real evidence, sometimes referred to as "physical facts,"[44] has been defined as meaning a fact, the existence of which is perceptible to the senses.[45]  (Circumstantial evidence, (Negative evidence is only a species of circumstantial evidence.)  (44) Vt.-McGrath v. Haines, 209 A.2d 479, 125 Vt. 49.  (45) Vt.-Riggie v. Grand Trunk Ry. Co., 107 A. 126, 93 Vt. 282, error dismissed 41 S.Ct. 5, 254 U.S. 658, 65 L.Ed. 461.

I am ready and willing to settle the legitimate lawsuit that I have against The United States of America Postal Service, Hamden Branch, Hamden, Conn., 1744 Dixwell Avenue, Hamden, Connecticut.

                                        Truthfully Submitted

                                        *Corine Carr*
                                        Corine Carr

10

## NOTARIZATION

I, Corine Carr, the Plaintiff/Pro se, certify and swear that the statements written in this letter dated March 15, 2004, addressee Attorney Anthony T. Rice, are true and accurate to the best of my knowledge.

Corine Carr/Plaintiff pro se
Signature: *Corine Carr*
Corine Carr
42 Goodyear Street
New Haven, Connecticut, 06511
(203) 785-9495
March 16, 2004

Subscribed and sworn to before me at New Haven, Connecticut this date, March 16, 2004.

Notary Public Signature: *Barbara Fatrum*
notary public

11