UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 APR 26  A 11: 41

U.S. DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| CORINE CARR | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | DOCKET NO. 3:02CV2100 (DJS) |
| | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| POSTAL SERVICE, HAMDEN BRANCH | ) | |
| | ) | |
| Defendant | ) | APRIL 23, 2004 |

### THE PLAINTIFF'S RESPONSE MOTION TO THE DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to the Rules of Civil Procedure, <u>Rule 12.  Defenses and Objections-When and How Presented-By Pleading or Motion-Motion for Judgment on the Pleadings (b) How Present.</u>  Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the plead-er be made by motion: (6) failure to state a claim upon which re-lief can be granted, ... No defense or objection is waived by be-ing joined with one or more other defenses or objection in a re-sponsive pleading or motion., the Plaintiff in the above-captioned action, hereby responds to the Defendant's Response To Plaintiff's Objection To Defendant's Motion For Summary Judgment, dated April 16, 2004.

NO ARGUMENT IS REQUESTED

The Plaintiff's permissive request motion to submit  substantial informations, dated March 18, 2004, "The Plaintiff's Objection To The Defendant's Motion To Dismiss/Submitting Exhibit K, Substantial Newly Discovered Evidence For The Court's Determination Of The Proceeding On Record" are factual evidence, proof that supports the Plaintiff's legitimate claim against the Defendant.

The Plaintiff's Exhibit K contains factual evidences and proof that the incidents that are mentioned in the Plaintiff's Complaint against the Defendant(s) occurred at the hands of the Defendant(s) and the Plaintiff is asking the Court to take the Plaintiff's Exhibit K, evidences, into consideration in the Court's determination of the proceeding on record, for legal fairness and justice toward the Plaintiff.

The Plaintiff object and oppose the Defendant's opinionated statement that is in (paragraph 3 page 1) The Defendant's Response To Plaintiff's Objection To Defendant's Motion For Summary Judgment:

   "The Defendant respectfully submits that a review of Plaintiff's most recent objection to the Defendant's dispositive motion fails to disclose any new or substantial evicence that would entitle the Plaintiff to a trial on the merits of her claims.  The Defendant, therefore, reiterates its arguments and those exhibits previously submitted in its motion for summary judgment."

The Plaintiff is not requesting a trial.  The Plaintiff's Exhibit K

is additional evidences that are of substance and that is needed in the judicial decision making for a fair and just judgment that should be in favor of the Plaintiff because the evidences in the Plaintiff's Exhibit K constitutes merits due to wrongful negligent, deliberate and intentional acts, upon the Plaintiff's body parts, by the hands of the Defendant(s) employee(s).

The Plaintiff's recently submitted Exhibit K do indeed provides and discloses newness, substantial evidences, actual facts, face to face combat, upon the Plaintiff, from the culprit, The United States of America Postal Service Female Employee(s), on the inside and outside area of the premises of the United States Postal Service branch on 1744 Dixwell Avenue, Hamden, Connecticut, that occurred as recently as 3-11-04; this was an act of merit due to the Defendant(s).

This is, the same culprit, The United States of America Postal Service Female Employee(s) who had previously committed the negligent, deliberate and intentional, wrongful acts of assaults, from created shocks and electrical flow of currents and public and verbal abuse, upon the Plaintiff, from behind closed doors, nonvisual to the Plaintiff and is the reason for the present legal action that is before this Court now, wrongful acts that were committed on the premises of the Defendant that becomes merit to the Defendant.

The Plaintiff's Exhibit K provides the culprit and the Plaintiff's

3

Exhibit K makes clear, the evidences that were learned by the Plaintiff, eyewitness, and will erase all douthfulness that the Defendant had as to if it was or were employee(s) of The United States of America Postal Service who committed the negligent, deliberate and intentional wrongful acts that injured the Plaintiff and whether or not the incidents claim in the Plaintiff's Complaint occurred on the premises of the United States Postal Service; the culprit is an employee and works at the Defendant's establishments, that makes the Defendant merit and the Plaintiff was on the premises of the Defendant when the incidents occurred.

The evidences that are in the Plaintiff's Exhibit K demonstrates that the culprit was vicious, arrongant and resentful enough to commit, yet, another negligent, deliberate and intentional wrongful injurious act of public assaults, from created shocks and electrical flow of currents with the use of an Instrumental Modulation Frequency Response Signal Transmitting Device and acts of public and verbal abuse upon the Plaintiff while the Plaintiff was on the Defendant's premises on 1744 Dixwell Avenue, Hamden, Connecticut. that injured the Plaintiff's head and the acts caused the Plaintiff distress; these acts makes the Defendant merit.

And, the defiant and boastful culprit made herself visibly known, with the after effect of the weapon used by the culprit to commit the unlawful acts, upon the Plaintiff's body parts, still on the culprit's throat, vocal cords and nasal passage way, to the Plaintiff while the Plaintiff was on the Defendant's premises on 3-11-04,

the Plaintiff's Exhibit K, that makes the Defendant merit for the wrongful acts.

And, the,same defiant and boastful, culprit has continued with the nuisance, negligent, deliberate and intentional wrongful acts of public assaults from created shocks and electrical flow of currents with the use of an Instrumental Modulation Frequency Response Signal Transmitting Device upon the Plaintiff's body parts and the culprit has continued with arrogant, despiteful, public and verbal abuse upon the Plaintiff each and everytime that the Plaintiff visit the United States Postal Service branch on 1744 Dixwell, Hamden, Connecticut, and occaisionally on 50 Brewery Street, New Haven, Connecticut, before and since the occurrences on 3-11-04, the Plaintiff's Exhibit K; these are continued liabilities that makes the Defendant liable.

The Plaintiff's Exhibit K shows a probable cause: The Instrumental Modulation Frequency Response Signal Transmitting Device signals that were created by the culprit to harm the Plaintiff's body parts.

The Plaintiff's Exhibit K shows a logical relationship: The,same, culprit organized with others to use a weapon, that is difficult for the victim, the Plaintiff, to see or locate during the unlawful and wrongful acts that are being committed upon the Plaintiff's body parts.

The Plaintiff's Exhibit shows a logical relationship: The, same, culprit want to breach the law and escape punishment and the culprit

want to demand that the Plaintiff respect a corrupt superior po-
sition control that is harming the Plaintiff and has harm the
Plaintiff.

The Plaintiff's Exhibit K do indeed shows a probable cause and
logical relationships between the Plaintiff's legitimate proceed-
ings against the United States of America Postal Service that are
on this Court's records and the culprit acts that were committed
then, now 3-11-04 and the continued nuisance acts makes the Defen-
dant merit.

For instance, on 3-11-04, the, the same, culprit's negligent, de-
liberate and intentional acts are, once again, Breach of the peace
in the second degree: Class B misdemeanor-Conn. Gen. Sta. and An-
notated Sec. 53a-181: Intent by the, same, culprit to use, once
again, an Instrumental Modulation Frequency Response Signal Trans-
mitting Device that can and did transmitted prickly, stingy, pain-
ful, burning sensation shocks and burning sensation electrical
flow of currents to the Plaintiff's body parts that harm the Plain-
tiff.

For instance, on 3-11-04, the Plaintiff's Exhibit K, the, same,
culprit(s), once again, create risk of shocks and currents in a
public place made the public place a physical hazardous harmful
place for the Plaintiff to be as a lawful abiding invitee, that
makes the Defendant merit because the Plaintiff was on the prem-
ises and the create risk of shocks and electrical flow of currents

struck the Plaintiff's body parts, the leftside of the Plaintiff-f's head, neck and ear that injured the Plaintiff; this wrongful and harmful act makes the Defendant merit for the Plaintiff's injuries.

And, during the wrongful infliction of harm, that were created by the Defendant(s), upon the Plaintiff's body parts,the, same, culprit, once again, publicly and verbally abused the Plaintiff and caused the Plaintiff to be frightened, phrases such as:

1. on the outside of the postal service premise, the maleficence boastful, loud voice, yelling and shouting said "you are going to get kill" at the top of the Plaintiff's head as electrical flow of currents penetrated the Plaintiff's head and forehead.

2. a female child voice, pitch downwardly at me, said "you are going to get kill" seconds after the maleficence male voice made the threatened utterance at the Plaintiff's head.

3. the, same, culprit nasal tone mutter utterances that were pitched at the Plaintiff's the second that the Plaintiff pulled opened the postal service entrance and exit door to the Defendant's employees work stations.

4. the, same, culprit, co-culprits and a Defendant's customer nasal tone mutter utterances that were pitched at the Plaintiff's head.

5. the, same, culprit said, nasal tone, disdainfully and frantically, "you better get a man" at the Plaintiff.

6. the, same, culprit's gruff non metallic, non electri-
cal flow of currents, loud shockable vibratoless, slight-
ly tremulous nervous voice, pitched at the Plaintiff's
forehead, said, "you better get out of this state" with a
frazzled expression on her face and with her neck tucked
downwardly inbetween her collar bone and shoulder blades
spoke arrogantly, disdainfully, despitefully, resentfully
and boastfully as the culprit emphasided and exposed her
teeth and the movement of her lips and jaws and her squint
eyes and the front area of the culprit's patchy white and
black short cut hair looking directly at the Plaintiff face.

7. the Plaintiff said, disgustingly, in a low audible tone
and directly at the culprit face "I don't have to."

8. a male co-culprit, an additional one, who, also, made
arrogant and resentful gestures during the, same, culprit(s)
assaults upon the Plaintiff made arrogant and resentful utter
and somewhat rejoicingly said "there you are" after the
Plaintiff had spoken the response to the, same, culprit.

9. the, same, defiant culprit said, disdainfully, resent-
fully and arrogantly,"everything isn't for everybody!" di-
rectly at the back right side of the Plaintiff's head as
the Plaintiff was walking away from the co-culprit's work
station and leaving the area.

10. once the Plaintiff got outside the Defendant's building
and turning her car arounded, the, same, culprit, said, de-
fiantly, mufflered tone, snappy, gruff loud shockable voice,

"don't hit that car" at the Plaintiff.

These were insistent wrongful acts by the, same, culprit inside and outside the Defendant's establishment, wrongful acts that caused the Plaintiff distress and makes the Defendant merit.

For instance, on 3-30-01, constantly for 45 minutes before ceasing, the, same, culprit, despicable and defiantly, continued inflictions of injurious assaults of painful shocks and electrical flow of currents upon the Plaintiff's body parts after the incidents of the inflictions on Februaury 19, 2001, and the assaults 3-11-04, the same indentical kinds of create shocks and electrical currents into the following body parts of the Plaintiff:

1.  the top of the Plaintiff's head-(12) times;

2.  the back of the Plaintiff's head- (2) times;

3.  the Plaintiff's left ear- (2) times;

4.  the Plaintiff's left eye- (1) time;

5.  the Plaintiff's left cheek bone- (1) time;

6.  the Plaintiff's chest bone- (8) times;

7.  the leftside of the Plaintiff's waist and pelvic bone- (6) times;

8.  the Plaintiff's lower back left and right side- (2) times;

9.  the Plaintiff's right side pelvic bone- (6) times;

10. the Plaintiff's groin shocks and suctional electrical currents- (7) times;

11. the Plaintiff's buttocks shocks and splashy motion

mouth lapping sounds simultaneously with the elec-
trical flow of currents- (5) times;

12. the Plaintiff's right foot- (3) times;

13. the Plaintiff's right arm- (3) times;

14. the Plaintiff's stomach- (4) times.

These wrongful acts makes the Defendant merit for the Plaintiff's injuries because the Plaintiff was inside the Defendant's estabblishment on the premise of the Defendant when the, same, culprit committed the wrongful acts.

The, same, culprit, on 3-30-01, publicly and verbally abused the Plaintiff; the, same, culprit, on 3-30-01, despically, resentful-ly, arrogantly and defiantly said, during the assaults upon the Plaintiff's body parts the following:

1.  that's your vaginal area little girl- (2) times;

2.  get out of town sugar- (1) time;

3.  you are broken- (1) time;

4.  you are too old Coreen, the Plaintiff's first name pro-
nounced sounding out the letter (e)- (1) time;

5.  you are too slow- (1) time;

6.  mine your own business Corine Carr the Plaintiff's
name- (3) times;

7.  leave town- (1) time;

8.  leave town, you are scorn- (1) time;

9.  you are over due- (1) time

10. get a J.O.B., spelling the word job- (1) time;

11. you are a prostitute, that's your name- (1).

The laws of this state, Connecticut, do not permit nor license anyone to harm a lawful abiding person nor permit anyone to publicly defame another person and the Plaintiff did not give permission nor privileges to the culprit to assault the Plaintiff's body parts nor to publicly and verbally abused the Plaintiff; these acts makes the Defendant merit for the Plaintiff's injuries:

CONN. GEN. STATUTE AND ANNOTATED SEC. 53a-181. Breach of the peace in the second degree: Class B misdemeanor.

(a) A person is guilty of breach of the peace in the second degree when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person: (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place; or (2) assaults or strikes another; or (5) in a public place, uses abusive or obscene language or makes an obscene gesture; or (6) creates a public and hazardous or physically offense condition by any act which such person is not licensed or privileged to do.

For instance, the, same, culprit, The United States of America Postal Service Female Employee, negligent, deliberate and intentional wrongful acts of sexual misconduct, the infliction of constant painful shocks and constant electrical flow of currents, created with the use of the Instrumental Modulation Frequency Response Signal Transmitting Device, that can and did transmitted prickly, stingy, painful, burning sensation shocks and burning sensation electrical flow of currents to the following Plaintiff's body parts: on 3-30-01:

11

1. the Plaintiff's chest bone and breast- (8) times;

2. the leftside of the Plaintiff's waist and hip-
   (6) times;

3. the Plaintiff's pelvic bone- (6) times;

4. the right side of the Plaintiff's pelvic bone- (6) times;

5. the Plaintiff's groin and genital with shocks and suc-
   tional currents- (7) times;

6. the Plaintiff's buttocks with shocks and splashy motion
   mouth lapping sounds simultaneously with the constant
   electrical flow of currents- (5) times;

7. the Plaintiff's stomach- (4) times.

These wrongful acts of sexual misconduct makes the Defendant merit
because the incidents occurred on the premises of the Defendant
and the Plaintiff never once gave the Defendant permission nor
privileges to the wrongful assaults acts upon the Plaintiff's
body parts.

For instance, on 4-21-01, the, same, arrogant, despicable and
defiant culprit repeated the sexual misconduct acts of constant
negligent, deliberate and intentional infliction of painful shocks
and electrical flow of currents, with the use of the Instrumental
Modulation Frequency Response Signal Transmitting Device, that can
and did transmitted signals of prickly, stingy, painful, burning
sensation shocks and burning sensation electrical flow of currents
constantly for 10 minutes before ceasing, to the Plaintiff's fol-
lowing body parts:

1.  the Plaintiff's breast;

2.  the Plaintiff's groin;

3.  the Plaintiff's left pelvic bone;

4.  the Plaintiff's left knee.

And, the, same, arrogant, despicable and defiant culprit utter despicabally, arrogantly, resentfully , deliberately and defiantly publicly and verbally at the Plaintiff during the infliction of the intentional, deliberate, and negligent and constant shocks and electrical flow of currents to the Plaintiff's body parts, despicable and disgustful phrases such as:

1.  that's your vaginal area, Corine , the Plaintiff's first name;

2.  get out of this state.

These despicable, defiant, sexual misconduct, wrongful acts, upon the Plaintiff's body parts , without permission nor privileges and while the Plaintiff was on the Defendant's premises, makes the Defendant merit and merit for breach of law:

CONN. GEN. STA. 1949 SEC. 8359. INDECENT ASSAULTS: Any person who shall commit an indecent assault upon another person shall be imprisoned not more than ten years.  The overt act or acts of which such assault consists need not be otherwise described in a complaint under this section than as an indecent assault, unless the accused shall request the court that it be particularly described in such complaint.  It shall be no defense to a complaint under this section that the person assaulted shall consent to the act of violence or to the act of indecency, and this section shall not affect the penalty for sodomy.

And, the, same, defiant culprit's, the Plaintiff's Exhibit K, continued nuisance, negligent, deliberate and intentional wrongful

acts holds the Defendant(s) merit because the, same, sulprit

breach, once again, <u>C.J.S. NEGLIGENCE SEC. 539. PROTECTION FROM</u>

<u>ACTS OF OTHER PERSONS:</u> Generally a proprietor of a place of busi-

ness or public resort must use ordinary care to protect customers,
patrons, or other invitees against the dangers which may be caused
by the negligent or wrongful acts of his employees, customers, or
other persons, where he has reasonable cause to anticipate the
wrongful or negligent acts and the probability of injury therefrom.

The, same, arrogant and defiant culprit, The United States of

America Postal Service Female Employee, inviteed the Plaintiff

into the establishment for the type of service that the Plaintiff

needed not to test the durability of the Plaintiff's body parts

and never once offered protection to the Plaintiff, not to harm

the Plaintiff's body parts, not for public performances or excite-

ment and not for the culprit to test her weapon that was used to

create harm upon the Plaintiff's body parts.

The, same, arrogant and defiant culprit, on 3-11-04, negligently,

deliberately and intentionally used, her weapon, an Instrumental

Modulation Frequency Response Signal Transmitting Device to create

danger and harmful and forceful, prickly, stingy, painful, burn-

ing sensation shocks and burning sensation electrical flow of cur-

rents to inflict harm upon the Plaintiff's body parts, the Plain-

tiff's, head and the remaining parts of the Plaintiff's body, pain

and electric jitter.

The, same, arrogant and defiant culprit had reasonable cause, be-

cause the, same, arrogant and defiant culprit is in a supervisory

14

position, with knowledge of the weapon, an Instrumental Modulation
Frequency Response Signal Transmitting Device, that was and being
used to create harm and knowledge of the capability of the weapon
it's effects on the human body parts, the Plaintiff's Exhibit K
and the Plaintiff's Complaint.

And, the same, arrogant and defiant culprit has knowledge of the
reaction of the Plaintiff when the infliction of the harmful shocks
and electrical flow of currents strikes the Plaintiff's body parts
because the Plaintiff has said disgustingly and annoyingly "stop"
and the Plaintiff said"I don't need one", "the Plaintiff has said
I am getting what I am here for", "the Plaintiff has said "stop it
asshole" and the Plaintiff looks into the directions of the signals.
And, the Defendant(s) has knowledge of the exact body parts of the
Plaintiff's body that the, same, arrogant and defiant culprit is
aiming, the target area, and is arrogant and defiant enough to
name the Plaintiff's body parts as the inflictions are occurring.

And, the, same, arrogant and defiant culprit continues to brag,
boast, agitate, annoy, harm, distress the Plaintiff because the
culprit has knowledge that the weapon(s) are/is nonvisual to the
Plaintiff and the culprit will and has not make it known to the
culprit(s) legal representive but continue to breach the laws and
harm the Plaintiff's body parts.

The, same, arrogant and defiant culprit anticipates the negligent,
deliberate and intentional wrongful acts upon the Plaintiff's body

15

Frequency Response Signal Transmitting Device, that the, same arrogant and defiant culprit used to create harmful and painful shocks and harmful electrical flow of currents and assaulted the Plaintiff with,the reason for this legal matter that is before this Court and as recently as 3-11-04, effects the, same, arrogant and defiant culprit's throat, vocal cords and nasal passage way; because the,same,arrogant and defiant culprit arrogantly and resentfully demonstrated the effect that it left on the culprit body parts to the Plaintiff as the culprit bragged and boasted and showed disdainfulness toward the Plaintiff, the Plaintiff's Exhibit K.

These negligence acts breach duties owe to the Plaintiff as a customer and on the premises of the Defendant and makes the Defendants merit for the Plaintiff's injuries.

The Plaintiff's Exhibit K, the same, arrogant and defiant culprit never once apprised, give notice to nor warned, the Plaintiff that the area of invitation and the area where the Plaintiff was standing and stood and knew what was going to be done were narrowly restricted and off limited to the Plaintiff, negligence once again, a breach of duties owe to the Plaintiff a customer.

CONN. DEGEST. SEC. 1021. DUTY OF STORE AND BUSINESS PROPRIETORS; NEGLIGENCE: Conn. 1954. Where it is customary for customers or patrons to be free to go to certain parts of the premises, the customer or patron is a "business vistor" thereon unless the possessor exercises reasonable care to apprise him that the area of

17

invitation is more narrowly restricted.

Dickau  v. Rafala, 104 A.2d 214, 141 Conn. 121.

CONNECTICUT DIGEST, NEGLIGENCE. (KEY) 1012. CONDITIONS CREATED

OR KNOWN BY DEFENDANT. CONN. 1967: Proof that defendant had in his

home a dangerous condition of which he knew or should have had
knowledge was essential to any recovery by plaintiff for injury
sustained in fall in defendant's home.

Teitelman  v.  Bloomstein, 236 A.2d 900, 155 Conn. 653.

The, same, arrogant and defiant culprit deliberately, negligently

and intentionally violated the Plaintiff's body and the violations

has caused and are causing the Plaintiff to suffer extreme pain,

annoyance, disturbance, humiliation, distress and has and is caus-

ing the Plaintiff to fear for the Plaintiff's life and safety each

and everytime that the Plaintiff visit the Defendant's establish-

ment; this makes the Defendant merit for the Plaintiff's injuries.

On 4-21-01, the culprit/co-culprit negligent act was to allow an

extra large plastic trash bag to be used and placed in a small

trash can and leaving the excess and unusable portion of the large

plastic trash bag hanging over the edges and around the small

trash can and placed near the standing area of the customer's

courtesy writing table stand; and the Plaintiff's left foot got

caught on the excess and unusable portion of the large plastic

trash bag; the Plaintiff's left foot, left leg, left thigh and

left hip were yanked backwardly causing the Plaintiff to injury

the Plaintiff's lower left side of the Plaintiff's body.

18

This trip by the Plaintiff was caused by the negligence of the Defendant because the Defendant did not demand that the proper size of plastic trash bag be used in a small size trash can and placed in a safe location; this act makes the Defendant merit for the Plaintiff's injury.

The, same, arrogant and defiant culprit and co-culprits, The United States of America Postal Service Female / Male Employees, negligent, deliberate and intentional wrongful acts of painful assaults and public and verbal abuses and the culprit negligence that caused the Plaintiff to trip and injury the Plaintiff's body are Torturous Tort- "unpleasant and painful wrongful act" were and are "acts other than a breach of contract for which relief maybe obtained in the form of damages or injunction, a writ granted by a court of equity whereby one is required to do or refrain from doing a specified act"...Meriam Webster's Collegiate Dictionary.

The, same, arrogant and defiant culprit and co-culprits, The United States of America Postal Service Female/Male Employees, negligent, deliberate and intentional wrongful acts that has been committed in past and the cause for this legal action that is before this Court now and the, same, arrogant and defiant culprit and co-culprit continuing nuisance unlawful acts that are being committed now are injuring the Plaintiff's body parts, and the Plaintiff is entitle to be paid for her injuries because the Defendant is merit for the Plaintiff's injuries.

The Plaintiff's Exhibit K are newly discovered evidences that occurred and made known to the Plaintiff on 3-11-04.

The Plaintiff's Exhibit K are substantial evidences, evidences that are not imaginary, not unreal nor not unbelievable.

The Plaintiff's Exhibit K are substantial evidences, evidences that are not illusory, deceptive and not misleading.

The Plaintiff's Exhibit K are⁻, the proofs of the pudding, genuine proofs that proves the Plaintiff's legitimate claim against the United States of America Postal Service Employees.

C.J.S. EVIDENCE SEC 3 (PAGE 67 EXCERTP) says the Plaintiff's Exhibit K are "evidence that which demonstrates, make clear and ascertains the truth of the very fact or point in issue."

The Plaintiff's Exhibit K are pieces of informations of actual occurrences of the, same, arrogant and defiant culprit negligent, deliberate, intentional, continued nuisance wrongful acts of public assaults and public verbal abuse upon the Plaintiff's body parts and upon the Plaintiff's emotional well beings that causes distress to the Plaintiff each and everytime that the Plaintiff visit the Defendant's establishment.

The Plaintiff's Exhibit K are final acts but continued nuisance acts by the, same, arrogant and defiant culprit(s) that constitutes a solution and are needed in the solution of the Plaintiff's legal proceeding that is before this Court for a just solution.

The Plaintiff's Exhibit K are proof of the cause of the point of
issue, that the, same, arrogant and defiant culprit, The United
States of America Postal Service Employees, are producing harmful
shocks and electrical flow of currents on the premises of the
United States of America Postal Service on 50 Brewery Street, New
Haven, Connecticut and on 1744 Dixwell Avenue, Hamden, Connecticut
with the use of an Instrumental Modulation Frequency Response Sig-
nal Device and the ,same, arrogant and defiant culprit who commit-
ted the negligent, deliberate and intentional acts that are the
cause of this legal matter that is before this Court now has made
herself known to the Plaintiff on 3-11-04 and has continued to
publicly assault the Plaintiff's body parts with the created harm-
ful shocks and the created harmful electrical flow of current that
are continuing to harm the Plaintiff body parts and the arrogant
and defiant, same, culprit has continued to publicly and verbally
abused the Plaintiff and the Defendant is merit for the Plaintiff's
injuries.

The Plaintiff's Exhibit K contain pieces of informations that are
supportive to the Plaintiff's legal matter that is before this
Court and is considered evidences.

C.J.S. EVIDENCE SEC 3, RELEVANT EVIDENCE. Relevant evidence means
evidence having any tendency to make the existence of any fact that
is of consequence to the determination of the action more probable
or less probable than it would be without the evidence.[17] Relevancy

of evidence also means there is a logical relationship between the
proposed evidence and the fact to established.[18] ("Evidence" con-
sists wholly of proof which is admissible and does not include ma-
terial brought forward only to refresh the recollection of a wit-
ness).

>17. Iowa-Carson  v.  Mulnix, 263 N.W. 2d 701.; (Probative
>    value, Term "relevant evidence" simply means that which
>    has tendency to prove proposition if that proprosition
>    has probative value as to issue in case.

>18. S.C.-Bonaparte  v.  Floyd, App., 354 S.E. 2d 40, 291
>    S.C. 427, 86 A.L.R. 4th 103.)

C.J.S. EVIDENCE SEC. 3, REAL EVIDENCE. Real evidence, sometimes
referred to as "physical facts,"[44] has been defined as meaning a
fact, the existence of which is perceptible to the senses.[45]

>(Circumstantial evidence- Negative evidence is only a
>species of circumstantial evidence.)
>44. Vt.-McGrath  v.  Haines, 209 A.2d 479, 125 Vt. 49.
>45. Vt.-Riggie  v.  Grand Trunk Ry. Co.j 107 A. 126,
>93 Vt. 282, error dismissed 41 S.Ct. 5, 254 U.S. 658,
>65 L.Ed. 461.

The Plaintiff's Exhibit K gives the Defendant evidence of the
culprit,who committed the negligent, deliberate and intentional
wrongful acts and harm upon the Plaintiff and is continuing to
commit harm upon the Plaintiff, The United States of America

Postal Service Employees, and evidences that the weapon is in the hands of the culprit and is being use to create the harmful trans-mitting signals to assault the Plaintiff and harm the Plaintiff and of face to face combat from the culprit upon the Plaintiff and face to face public and verbal abuse from the culprits upon the Plaintiff, what more can be done except for this Court to render judgment in favor of the Plaintiff.

The Defendant is procrastinating, shuffling the liable responsi-bilities and do not want to accept the facts that negligent, de-liberate and intentional wrongful acts and the continued nuisance negligent, deliberate and intentional wrongful acts has been and are being committed upon the Plaintiff's body parts are being done by the hands of the Defendant(s) wrongful acts that the Defendants are merit for the harm done to the Plaintiff.

And, the Defendant is wrong and being prejudice to form his own opinion as to the importance, significance, of the Plaintiff's Exhibit K that is substantial, substance, physical material pieces of evidentiary information that can prove the Plaintiff's legiti-mate claim against the Defendant.

Therefore, Judge, I ask this Court to grant submission of the Plaintiff's Exhibit K, newly discovered and substantial and sup-portive pieces of information in the fair and just determination of the Plaintiff's legal matter that is before this Court.

23

PLAINTIFF/PRO SE

BY *Corine Carr*
Corine Carr
42 Goodyear Street
New Haven, Connecticut, 06511
(203) 785-9495

## CERTIFICATION

I, Corine Carr, the Plaintiff/pro se, certify that a copy of The
Plaintiff's Response Motion To The Defendant's Response To Plain-
tiff's Objection To Defendant's Motion For Summary Judgment was
mailed to:

Attorney Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, Connecticut, 06006-0170
(860) 285-7098
E-Mail:anthony.t.rice.usps.gov
Connecticut Federal Bar No.ct22474

Date:  April 23, 2004.

PLAINTIFF/PRO

BY *Corine Carr*
Corine Carr

ORDER

The foregoing Plaintiff's Response Motion To The Defendant's Response To Plaintiff's Objection To Defendant's Motion For Summary Judgment having been heard is hereby, ORDERED:

GRANTED / DENIED

BY

_____
         JUDGE              /              CLERK

25