FILED

2004 MAY -3  A 11: 11

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CORINE CARR                     )
                                )
        PLAINTIFF               )
                                )
V.                              )    DOCKET NO. 3:02CV2100 (DJS)
                                )
                                )
THE UNITED STATES OF AMERICA    )
POSTAL SERVICE, HAMDEN BRANCH   )
                                )
        DEFENDANT               )    APRIL 30, 2004


CONTENT


THE PLAINTIFF'S EXHIBIT L


THE PLAINTIFF'S MOTION TO SUBMIT CONTINUING EVIDENCE,
AS EXHIBIT L,/EVIDENCES OF VERBAL ACTS, BY THE
DEFENDANT(S), AT THE PLAINTIFF

The Plaintiffs Exhibit L

L

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CORINE CARR                          )
                                     )
        Plaintiff                    )
                                     )
V.                                   )    DOCKET NO. 3:02CV2100 (DJS)
                                     )
                                     )
THE UNITED STATES OF AMERICA         )
POSTAL SERVICE, HAMDEN BRANCH        )
                                     )
        Defendant                    )    APRIL 30, 2004


THE PLAINTIFF'S MOTION TO SUBMIT CONTINUING EVIDENCE,
AS EXHIBIT L,/EVIDENCES OF VERBAL ACTS, BY THE
DEFENDANT(S), AT THE PLAINTIFF

Pursuant to the Fed. Rules of Civil Procedure, Rule 12. Defenses
and Objections-When and How Presented-by Pleading or Motion-Mo-
tion for Judgment on the Pleadings (b) How Present., and, Local
Civ. R. 7. Filing and Service of Pleadings and Other Paper., the
Plaintiff seeks permission of the Court to submit, The Plaintiff's
Motion To Submit Continuing Evidence, As Exhibit L,/ Evidence of
Verbal Acts, By The Defendant(s), At The Plaintiff, to be consid-
ered in the Court's determination of the Plaintiff's Objection To
The Defendant's Motion To Dismiss, that's dated October 6, 2003,
that is another piece of newly discovered evidence that proves the
Plaintiff's legitimate claim against the Defendant.

A.  THE MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S SUBMISSION
OF THE PLAINTIFF'S MOTION TO SUBMIT THE CONTINUING EVIDENCE OF THE


NO ARGUMENT IS REQUESTED

1

VERBAL ACTS BY THE DEFENDANT(S) AT THE PLAINTIFF ARE:

1.  Fed. R. Civ. P. Rule 12. Defenses and Objections-When and How Presented-By Pleading or Motion-Motion for Judgment on The Pleadings. (b) How Presented. Every defense, in law or fact, to claim for relief in any pleading, whether a claim, counter-claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one's required, except that the following defenses may be at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted,...No defense or objection is waived by being joined with one or more other defenses or objection in a re-sponsive pleading or motion....

2.  Local Civ. R. 7. Filing and Service of Pleadings and Other Papers. (g) Filing of Discovery Material. (3) When discovery material not on file is needed for consideration of a motion or for an appeal, upon application to or order of the Court or by stipulation of counsel, the necessary portion of discovery ma-terial shall be filed with the clerk.

B.  THE UNITED STATES OF AMERICA POSTAL SERVICE EMPLOYEE(S) VER BAL ACTS UTTER AT THE PLAINTIFF:

1.  The Defendant(s), The United States of America Postal Ser-vice Employee(s), verbal acts, that were made on April 23, 2004, approximately 2:35 P.M., on The United States of America Postal Service premise on 1744 Dixwell Avenue, Hamden, Connecticut, at

2

the Plaintiff were (1) "This is part of our security."; (2)
"You know how to mind your own business."

C.  THE PLAINTIFF'S EXPLANATION OF THE DEFENDANT'S VERBAL ACTS
THAT WERE UTTER AT THE PLAINTIFF:

1.  As the Plaintiff was driving her car in The United States
of America Postal Service branch on 1744 Dixwell Avenue, Hamden,
Connecticut, back of the building parking lot area, that's di-
agonal to the postal service employees' and canvas and wheel
mail cart back side entrance and exit door, that's located at
the right corner of the building and the elevated concrete plat-
form walk way with the grayish rail bar, suddenly, a forceful
bursting puff of stingy, prickly, piercing, painful, burning
sensation electrical flow of currents and vibrations struck the
Plaintiff's left jaw bone and left eye simultaneously as the
postal service employee, female voice, that came from the open-
ed door, said somewhat resentfully and in a vibratory nasal tone
utterance, "that's part of our security." directly at the left
side of the Plaintiff's face and head.

2.  Suddenly, within a second of that episode and as the Plain-
tiff was still concentrating on driving out of the narrow space
and staring at the car that was parked near the right corner
area of the building and staring at the narrow driving space,
that leads to and out of the customer's and mail vehicles park-
ing space, and staring for all vehicles entering and leaving the
narrow driving space, and before the Plaintiff could turn her

3

head into the direction where the resentful postal employee's
female voice came from, the Plaintiff heard the extreme loud
sound of the metallic door slammed shut as though it was an ex-
plosion and fireworks going off at the same time.

3.  The extreme loud banging noise of metal against metal and
friction and electric spark, of the metallic door being slam-
med shut, sent forceful bursting puffs of stingy, prickly,
piercing, burning sensation, painful shocks and burning sensa-
tion electrical flow of currents and vibrations to to the left
jaw bone, left eye and to the left side of the Plaintiff face,
simultaneously as the, same, postal service employee female
voice said some what resentfully, but mufflered and vibratory
nasal tone voice, bouncing off the middle area and the Plain-
tiff's position right hand side of the middle area of the door,
that was now closed, said, "you know how to mind your own busi-
ness" directly at the left ear and leftside of the Plaintiff's
face.

4.  The impact of the forceful, stingy, prickly, piercing, pain-
ful shocks, the electricl flow of currents and the vibration,
from the postal service employee slammed closed the metallic
door, caused the leftside of the Plaintiff's face and the left
eye of the Plaintiff to burn with stingy, prickly, piercing pain
as though the Plaintiff's face was near hot flames of fire.

5.  And, the episode of the extreme loud noise, that was pro-
duced from the door when the postal service employee slammed

4

closed the metallic door violently and forcibly frightened
and startled the Plaintiff into a jitter and it caused the
Plaintiff to sustained more distressfulness.

6.  The Plaintiff did not responded to any of the postal ser-
vice employee's verbal acts and the created hazardous pysi-
cal condition that injured the leftside of the Plaintiff's
face.

7.  A few seconds later, the Plaintiff was finally in a safe
position with her car for vehicles traffic awareness.

8.  The Plaintiff turned her head toward the direction where
the two episode of the resentful postal employee's female
voice, verbal acts, came from and where the extreme loud noise
from the door when the Defendant(s) violently and forcibly
slammed closed the metallic door came from.

9.  When the Plaintiff was staring into the direction where
the postal service employee's verbal acts, the painful shocks
the electrical flow of currents, the vibrations, the slamming
closed of the metallic door and the extreme loud noises occur-
red, the Plaintiff saw:

    1.  the very dark brown/black door and door frame;

    2.  a dark space area near the very dark brown/black
        shadow door;

    3.  the raised cement platform walk way and dark
        shadow area surrounding it;

    4.  the raised cement platform grayish/blue rail bar;

    5.  no activities on the raised platform that's directly

5

in back of the building;

6.   one mail truck parked in the back area parking
     lot;

7.   the blue door on the back area of the right side
     of the postal service building;

8.   several parked cars in the customer's parking
     space on the right side of the postal service
     building.

10. The Plaintiff drove her car out of the postal service park-
 ing lot to the exit and left the United States of America
Postal Service , Hamden branch, on 1744 Dixwell Avenue, Hamden,
Connecticut.

D.   C.J.S. 31A SEC. 259 EVIDENCE:

1.   Verbal Acts. If significance of statement offered into ev-
idence lies solely in fact that it was made, no issue is raised
as to truth of anything asserted, and statement is not hearsay;
thus, "verbal acts" and "verbal parts of acts" in which state-
ment itself affects legal rights of parties or is circumstance
bearing on conduct affecting their rights are exclude from cate-
gory of hearsay.

Hawaiii-Island Directory Co., Inc.  v.  Iva's Kinimaka Enter-
prises, Inc., 859 P.2d 935, 10 Haw. App. 15.

56. U.S.-Spraying Systems Co.  v.  William G. Smart Co., Inc.,
N.D. Ill., 816 F. Supp. 465, reconsideration denied 1993 WL
81445.

6

E.  C.J.S. 31A EVIDENCE: VII. UNSWRON STATEMENT; RES GESTAE:

A.  HEARSAY GENERALLY:

1.  In General:

1.  Sec. 259. Definition, Nature, and General Consideration:

Hearsay, or testimony of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, is not admissible except as provided by law or rules of evidence.

2.  Excerpt... The Federal Rules of Evidence[38] and the Uniform Rules of Evidence (1974) with 1986 Amendments,[39] define "hearsay" as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.[40]

3.  Excerpt... implied assertions are not hearsay.[45]  In any event, statements made while testifying at trial, which are not a repetition of statements that had been made out of court, are not hearsay.[46]

4.  Excerpt...Accordingly, testimony is not hearsay where it relates to what the witness himself did[48] in reliance on,[49] or in response to,[50] a statement, facts upon which action was taken,[51] personal observations,[52] explanation of conduct,[53] the effect of statements on the listner,[54] the fact that something was said,[55] or identifying what was said.[56]  Evidence may be admissible as operative facts in that it demonstrates an issue in the case.[57]  Furthermore, testimony by a witness as to a matter

7

within his personal knowledge is not hearsay.[58]

F.  SUBSTANTIAL, SIGNIFICANT, VERBAL ACTS, BY THE FEMALE DEFEN
DANT(S), AT THE PLAINTIFF, AFFECTS THE PLAINTIFF'S LEGAL RIGHTS:

1.  The Defendant's verbal acts, while the postal service door
was opened, "this is part of our security" simultaneously as
the sound of fireworks going off and the sound, very short in-
tervals of several snapy poping noise, of sparks flying and
striking the leftside of the Plaintiff's face with bursting
puff of stingy, prickly, piercing painful hot shocks and hot
electrical flow of currents and vibration;

2.  Suddenly, within seconds later, the creation of hazardous
physical condition, by the Defendant(s) of violently and forc-
ibly slamming closed the metallic door, metal banging against
metal, that made an extreme loud noise and sending bursting
puff of stingy, prickly, piercing, painful, burning sensation
shocks and burning sensation electrical flow of currents and
stingy vibration and extreme loud noise to the leftside of the
Plaintiff's face, that caused the Plaintiff to sustained pain,
distress and jitters,

3.  and simultaneously saying, while the door, that was used in
the demonstrating, was now closed, "you know how to mind your
own business" as the episode of bursting puff of stingy, prick-
ly, piercing, painful, burning sensation shocks and burning sen-
sation electrical flow of currents and stingy, vibration ceased
from striking the leftside of the Plaintiff's face.

4.  The Defendant(s) verbal acts, that are mentioned above, was/were verbal acts of the Defendant(s) pointing out and indicating the source of the weapon(s), the Defendant's electronic signals security door, that are being used , negligently, deliberately and intentionally, by the Defendant(s) to commit unlawful wrongful acts of assaults upon the Plaintiff's body parts the second that the Plaintiff step foot into the building and the surroundings of The United States of America Postal Service premises on 50 Brewery Street, New Haven, Connecticut and 1744 Dixwell Avenue, Hamden, Connecticut; these are the same locations of the wrongful acts that are mentioned in the Plaintiff's Complaint Counts and the cause of action for the Plaintiff's legal action against The United States of America Postal Service.

5.  The Defendant(s) verbal acts are evidence that the weapon(s), the electronic signal security door, that are being used, negligently, deliberately and intentionally, by the Defendant(s), are constructional structured work of The United States of America Postal Service buildings on 50 Brewery Street, New Haven, Connecticut, and 1744 Dixwell Avenue, Hamden, Connecticut and the electronic signaling devices that are attached to the building at different locations inside and out side the buildings.

6.  The Defendant(s) verbal acts pointed out, indicated and demonstrated the capability of the length of time an occurrence can last and the capability of the Defendants' to control the time span of the length of time an occurrence can be inflicted

9

into a person's body, the Plaintiff's body.

7.   The Defendant(s) verbal acts, the demonstration of the
electronic signals security door, gives reasons and proof why
some of the create assaults upon the Plaintiff's body parts
lasted for 10 minutes, The Plaintiff's Complaint Third Count
and The Plaintiff's Objection To The Defendant's Motion To Dis-
miss, Exhibit D, and lasted for 45 minutes, The Plaintiff's Ob-
jection To The Defendant's Motion To Dismiss, Exhibit E-Deposi-
tion of Corine Carr, pg. 40 beginning at line 7 through pg. 42
and Exhibit F, The Plaintiff's Objection To The Defendant's Mo-
tion To Dismiss, Letter To The Post Master dated April 2, 2001;
the Defendants can control the capability of the weapon(s) being
used to create and commit the wrongful acts upon the Plaintiff's
body parts and the control and capability as to the amount of
inflictions to assault the Plaintiff's body parts with.

8.   The Defendant(s) verbal acts pointed out, indicated and dem-
onstrated, why, the main, despicable, defiant and arrogant cul-
prit, having control of the weapon, the capability to transmit
and did transmitted signals, knowledge of the several locations
of the weapon and the culprit knew that the Plaintiff had and
have no protection to escape the infliction except from the cul-
prit were and are able to call out the name of the Plaintiff's
body parts and strike accurately, assertively, forcefully and
aggressively as the negligent, deliberate, and intentional wrong-
ful acts of assaults upon the Plaintiff's body parts were and

are occurring.

9. And, the Defendant(s), the despicable, defiant and arro-
gant culprit, with knowledge of the Plaintiff's frequent visits
to The United States of America Postal Service branchs, and
knew that the Plaintiff have and are using and occupying the
area for a long period of time for the type of service that the
Defendant offers and knew that serveral of the Plaintiff's mail-
ings were and are being mailed to The United States of America
Postal Service Attorney and that the Plaintiff's name appears
on the mailing that the Plaintiff, Corine Carr, mail made the
culprit ableto call out the Plaintiff's name, Corine Carr, accu-
rately, assertively, forcefully and aggressively as the negli-
gent, deliberate and intentional wrongful acts of assaults were
and are occurring.

10. And, with little or no way for the Plaintiff to say that is
the weapon(s), the despicable, defiant and arrogant culprit have
and is misusing a controllable weapon(s) to publicly abuse the
Plaintiff's body parts and made and is making the Plaintiff a
public target for a public danger and public and dangerous ha-
rassment.

11. The Defendant(s) verbal acts pointed out, indicated and dem-
onstrated, WHY, the Plaintiff was and unable to identify an ob-
ject, the unvisable weapon(s), to the Plaintiff, that was and
are being misused by the culprits to publicly create and produce
a hazardous physical condition in an inviteed are of the Defen-
dant's establishment, when, when the Plaintiff looks into the

11

directions <u>where</u> the injurious painful shocks and injurious
electrical flow of currents <u>came from and are coming from,</u> that
struck the Plaintiff's body parts and <u>could only see</u> a normal
metal framed door(s) and window(s) with normal constructional
structured work, normal type office furnitures, a metal framed
desk, a metal frame chair, a metal framed elevator, metal framed
courtesy writing table, electronic computers and normal looking
employees at their normal work positions, <u>reasons being,</u> the
<u>Defendant's weapon(s),</u> used to commit the wrongful acts upon the
Plaintiff's body parts <u>are concealed</u> within the constructional
structured work of the Defendant's building.

12. The Defendant's verbal acts are evidence and are proof that
the Plaintiff's injuries that arestated in the Plaintiff's Com-
plaint Counts and other pleadings on the Court's records are <u>non-</u>
<u>frivolous;</u>

13. The Defendants used a contructional structured work concealed
weapon(s) to knowingly <u>breach a duty owe</u> the Plaintiff, <u>C.J.S.</u>
<u>Negligence Sec. 539. Protection from Acts of Other Person</u>, <u>Conn.</u>
<u>Digest Sec. 1021. Duty of Store and Business Proprietor's; Negli-</u>
<u>gence</u> and <u>Conn. Digest, Negligence (Key) 1012 Conditions Created</u>
<u>or known by Defendant;</u>

14. The Defendants failed to warn and apprise the Plaintiff that
the Defendants knowling were going to create hazardous physical
conditions in an inviteed area to the Plaintiff and that the De-
fendants knowling knew that the Defendants were not going to

offer the Plaintiff any kind of protections from the harm
that the Defendants knowingly knew that might and did occurred,
and as a result, the Plaintiff sustained injuries from the
Defendants' wrongful negligent acts;

15. And, the Defendants' negligent, deliberate and intentional
wrongful acts that were committed upon the Plaintiff's body
parts, the law says are breach of the peace: Conn. Gen. Statute
and Annotated Sec. 53a-181 Breach of the Peace in the Second
Degree: Class B misdemeanor, for assaults, striking the Plain-
tiff's body parts with created injurious shocks and injurious
electrical flow of currents, abusive and obscene language in a
public place of calling out the name of the Plaintiff's body
parts as the assaults were occuring and as the Plaintiff was
standing in a public place, the Defendant's invited customer's
area of the Defendants' premises and created a public hazardous
physical offense condition, injurious shocks and injurious elec-
trical flow of currents and assaulting the Plaintiff's body
parts with the create injurious shocks and create injurious
electrical flow of currents, acts by which the Defendants are
not licensed nor privileged to do,

16. And, the Defendants' negligent, deliberate and intentional
wrongful acts that were committed upon the Plaintiff's body
parts are despicable acts of assaulting the Plaintiff's priviate
parts and the law says it is a breach of: Conn. Gen. Statute
1949 Sec. 8359. Indecent Assaults.

17. The Defendants' verbal acts are proof of the very point of issue of the Plaintiff's legal claim against the United States of America Postal Service; the Defendants' verbal acts are proof of THE WHAT, THE WHEN, THE WHERE, and THE WHO;

18.  The Defendant's verbal acts are proof that the Defendant(s) negligently, deliberately and intentionally misused a signalling device, that's located on the Defendant's premises, to commit harm upon the Plaintiff's body parts while the Plaintiff was on the Defendant's premises;

19. And, The Defendant's verbal acts effects the Plaintiff's legal rights to the Plaintiff's legal claim against the United States of America Postal Service in that the Defendant's verbal acts are proof of C.J.S. Negligence Sec. 18 Actionable Negligence  "Actionable negligence" is that which imports the liability of the doer.  The term is a relative one, and it has been variously defined; generally there must not only be a lack of care, but such lack must involve a breach of duty owed to a person injured in consequence of such breach.

20. The Defendants negligent, deliberate and intentional wrongful acts breach duties owed the Plaintiff and the Defendants negligent, deliberate and intentional wrongful acts breach the laws.

21. The Defendant's verbal acts made. The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L/Evidences Of Verbal Acts, By The Defendant(s), At The Plaintiff, makes it very important that the Defendant's verbal acts evidences be considered

14

in the Courts determination of the Plaintiff's Objection To
The Defendant's Motion To Dismiss, dated October 6, 2003.

G.  PRIOR SUBSTANTIAL VERBAL ACTS AND PHYSICAL ASSAULTS ACT UPON
THE PLAINTIFF, BY THE DEFENDANTS:

1.  Prior to the Defendant's verbal acts and the dangerous public
physical condition, that were created by the Defendant(s) at the
back right side door of the Defendant's building, a stingy,
prickly, piercing, painful, burning sensation shock, that came
from the outside front area through the opening of the partially
opened postal service first window that's located near the en-
trance and exit door area inside the postal service clerk's work
stations, struck the Plaintiff's right side jaw bone.

2.  Within seconds of the occurrence, the main, defiant, arrogant
and resentful female culprit, who is mentioned in the Plaintiff's
Exhibit K and who is mentioned throughout the Plaintiff's Com-
plaint Counts and throughout the Plaintiff's Exhibits, utter an
arrogant, defiant and resentful gruff nasal tone grunt, that
came from the Plaintiff's right side- the Defendant's leftside
of the mail sorting area, at the Plaintiff.

3.  The Plaintiff became distressful, bent slightly to the Plain-
tiff's right, looked through the opening of the window and said,
in a very low tone utter and the Plaintiff's lips slightly part-
ing, you are going to your grave.

4.  The Plaintiff, paused, stepped backwardly two steps and
stood in the same area at the end of the courtesy writing table,

15

that's located in the middle area of the customer's area, and
counted the numbers of the checks that were left in the Plain-
tiff's check book.

5.  As the Plaintiff was standing and counting the number of
checks that were left in the Plaintiff's check book, a slightly
nasal tone female voice, that came from the employees' work
area, a distant from the Plaintiff's leftside area, said "don't
make her go off in here" at the Plaintiff's area.

H.  LOGICAL RELATIONSHIPS BETWEEN THE DEFENDANTS' VERBAL ACTS AND
DEMONSTRATIONS AND THE PLAINTIFF'S COMPLAINT COUNTS:

1.  The Defendants shows and demontrated knowledge of the con-
cealed weapons that are being used to create a hazardous physi-
cal conditon and inflict harm upon the Plaintiff's body parts;

2.  The Defendants shows and demonstrated knowledge of the De-
fendant's conceal weapons locations;

3.  The Defendants shows and demontrated knowledge of the con-
ceal weapons affect and capability on inanimate things;

4.  And, the Defendants shows and have knowledge of the Plain-
tiff being effected by the injurious shocks and injurious elec-
trical flow of currents that the concealed weapons can produce.

5.  The Defendant, the same slightly nasal tone, female employee,
who made the verbal acts, point out, indicated and demonstrat-
ed, at the back right side door, was at her employee's work sta-
tion, the middle area employees' work station, in line with the
Plaintiff and the opening of the opened window, through which

16

the painful shocks came through, as the incident occurred;

6. The same, slightly nasal tone, female employee, witness the Plaintiff's slight reaction, on 4-23-04, and the Plain-tiff's outburst of disapprovals of the injurious shocks and injurious electrical flow of currents upon the Plaintiff's body parts on other occurrences of the same hazardous kind of incidents, the nature of the Plaintiff's Complaint Counts;

7. And, the same, slightly nasal tone, female employee, on 4-23-04, knew that the Plaintiff knew that the episode of this incident also struck the Defendant's body parts.

8. The locations, area, the first window that's located in the customer's area of the postal service employees stations that's near the entrance and exit door, where the episode of the in-jurious shock, came from, that struck the Plaintiff's right side jaw bone;

9. The locations, area, the back right side door, the employe-e's and canvas mail cart entrance and exit door, where the De-fendant(s) pointed out, indicated and demonstrated the Defen-dant's conceal weapons and the affect the conceal weapons has on inanimate things and the conceal weapons effect on the Plain-tiff's body parts, the leftside of the Plaintiff;s face, on 4-23-04;

10. And, the locations, area, the back right side area of the Defendant's blue door, the occurrences on 3-11-04 the Plaintiff's Exhibit K, the occurrences to the Plaintiff head while on the

outside of the Defendant's premises;

11. And, the locations, area, the back right side area of the inside area of the blue door and back right side area of the Defendant's building, the second episode of occurrences on 3-11-04 the Plaintiff's Exhibit K.

12. All of these locations are the identical locations that are mentioned throughout the Plaintiff's Complaint Counts and are mentioned throughout the Plaintiff's Exhibits of The Plaintiff's Objection To The Defendant's Motion To Dismiss dated October 6, 2003.

13. All of these locations that are mentioned are located on the premises of the Defendant, The United States of America Postal Service branch on 1744 Dixwell Avenue, Hamden, Connecticut, and similar locations on 50 Brewery Street, New Haven, Connecticut.

14. The culprits weapons are located on the premises of the Defendant.

15. The culprits are employees and are located on the premises of the Defendant.

I. <u>CONCLUSION</u>:

1. Therefore, the Plaintiff legal action agaisnt the United States of America Postal Service holds the Defendants merit for the Plaintiff's injuries that the Plaintiff sustained while the Plaintiff was on the premises of the United States Postal Service on 1744 Dixwell Avenue, Hamden, Connecticut, and 50 Brewery Street, New Haven, Connecticut.

2.  The Plaintiff's Motion To Submit Continuing Evidence, As

Exhibit L,/Evidences of Verbal Acts, By The Defendant(s), At

The Plaintiff,this foregoing stated Plaintiff's motion, are

very important and substantial and should be considered in

this Court's determination of The Plaintiff's Objection To The

Defendant's Motion To Dismiss, dated October 6, 2003.


PLAINTIFF/PRO SE


BY _Corine Carr_____
      Corine Carr
      42 Goodyear Street
      New Haven, Connecticut, 06511
      (203) 785-9495


CERTIFICATION

I, Corine Carr, the Plaintiff/pro se, certify that a copy of The

Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L,/

Evidences of Verbal Acts, By The Defendant(s), At The Plaintiff

was mailed to:

Attorney Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, Connecticut, 06006-0170
(860) 285-7098
E-Mail:anthony.t.rice.usps.gov
Connecticut Federal Bar No.ct22474


Date:  April 30, 2004.


19

PLAINTIFF/PRO SE

BY _Corine Carr_____

Corine Carr
42 Goodyear Street
New Haven, Connecticut, 06511
(203) 785-9495

<u>ORDER</u>

The foregoing motion, The Plaintiff's Motion To Submit Continu-
ing Evidence, As Exhibit L,/Evidences Of Verbal Acts, By The
Defendant(s), At The Plaintiff, having been heard is hereby
ORDERED:

GRANTED / DENIED

BY

_____
        JUDGE                /                CLERK

21