FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT 2004 MAY 20 A 11: 27

U.S. DISTRICT COURT
HARTFORD. CT.

| | | |
|---|---|---|
| CORINE CARR | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | DOCKET NO. 3:02CV2100 (DJS) |
| | ) | |
| | ) | |
| UNITED STATES POST OFFICE | ) | |
| HAMDEN BRANCH | ) | |
| | ) | |
| Defendant | ) | MAY 19, 2004 |

THE PLAINTIFF'S RESPONSE TO THE DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO SUBMIT "CONTINUING EVIDENCE" OF
"VERBAL ACTS" BY THE DEFENDANT

Pursuant to the Fed. Rule of Civil Procedure Rule 12 Defenses and
Objections-When and How Presented-By Pleading or Motion-Motion
for Judgment on the Pleadings (b) How Presented. Every defense,
in law or fact, to a claim for relief in any pleading, whether a
claim, counterclaim, cross-claim, or third-party claim, shall be
asserted in the responsive pleading thereto if one is required,
except that the following defenses may at the option of the plead-
er be made by motion: (6) failure to state a claim upon which re-
lief can be granted,..No defense or objection is waived by being
joined with one or more other defenses or objections in a respon-
sive pleading or motion....If, on a motion asserting the defense
number (6) to dismiss for failure of the pleading to state a claim
upon which relief can be granted, matters outside the pleading are

NO ARGUMENT IS REQUESTED

1

presented to and not excluded by the court, the motion shall be
treated as one for summary judgment and disposed of as provided
in Rule 56, and all parties shall be given reasonable opportunity
to present all material made pertinent to such a motion by Rule
56., the Plaintiff respond to The Defendant's Response To Plain-
tiff's Motion To Submit "Continuing Evidence" of "Verbal Acts" By
The Defendant as follow:

1.  The Defendant's page 1 paragraph 2: The Defendant is correct.
The Plaintiff's case has proceeded through the discovery dead
line of 8-27-03 that was set by the Court and the Defendant moved
for summary judgment on 9-26-03 pursuant to Fed. Rule of Civil
Procedure Rule 56(b) For Defending Party. A party against whom a
claim, counterclaim, or cross-claim is asserted or a declaratory
judgment is sought may, at any time, move with or without sup-
porting affidavits for a summary judgment in the party's favor
as to all or any part thereof.

The Plaintiff's oppositional motions are the Plaintiff's legal
defenses and are in accordance with the Fed. Rule of Civil Pro-
cedure Rule 12(b)
The Plaintiff's recently filed motions are recent discoveries
that are pertinent, relevance and related to the Plaintiff's
claim that is before this Court.

The Plaintiff's recently filed oppositional motions are soo im-
portant, soo relative and shows soo much of substantial connec-
tions that they are proofs and evidences of the Plaintiff's

Complaint against the Defendant.

The Plaintiff's recently filed oppositional motions are consid-
er continuing evidence that proves the prior existance, the
culprits, The United States of America Postal Service Employees,
and the weapons, located on the Defendant's premises, being used
to negligently, deliberately and intentionally to create public
hazardous and physical hazardous conditions on the Defendant's
premises, which is the nature of the Plaintiff's Complaint.

C.J.S. 32A Evidence Sec. 773. Continuing Facts "The existence of
a fact at a particular time may, under some circumstances, be
shown by evidence of its existence at another time."  Since there
is a presumption, as discussed supra Sec.s 137-141, of the con-
tinued existence of a fact or condition of a continuous nature,
it follows that such a fact may, within the limits of relevancy,
be shown to have existed at a particular time by proof of its
existence at a prior time,[81] and its existence at a subsequent
time may be shown, at least where the interval is short as com-
pared with the natural permanent nature of the fact or condition
in question.[82]  Likewise, the existence, at a particular time,
of a fact or condition of a temporary nature may be proved by
evidence of its existence at  another time, provided it is shown
that it did not change during the interval,[83] but, in the ab-
sence of such a showing, the evidence is inadmissible.[84]

   81-Idaho-Hoffman  v.  Barker, 330 P.2d 978, 80 Idaho 372

82-U.S.-Gallimore  v.  Harris, D.C. Ill., 511 F. Supp. 782

83-Vt.-Wellman  v.  Mead, 107 A. 396, 93 Vt. 322

2.  The Defendant's page 1 and 2 paragraph 3: The Plaintiff
object, the Plaintiff's allegations of verbal acts evidences
"The Plaintiff's Motion To Submit Continuing Evidence, As Ex-
hibit L,/Evidences of Verbal Acts, By The Defendant(s), At The
Plaintiff, filed on 4-30-04 are relevant and appropriate and
highly pertinent and of relevance to the Plaintiff's matter
that is before this Court. And, the Plaintiff's verbal acts
evidences shows and has a major relationship to the Plaintiff's
Complaint against the Defendant. The Plaintiff's submission
of recently discovered verbal acts evidence will not delay the
trial.

The Defendant is correct; the Plaintiff did not submit the
Plaintiff's Exhibit L, "The Plaintiff's Motion To Submit Con-
tinuing Evidence, As Exhibit L,/Evidences of Verbal Acts, By
The Defendant(s), At The Plaintiff", to the Defendant in a
formal letter. The Plaintiff will comply and submit.

However, the Plaintiff object, the Plaintiff submitted the evi-
dences that occurred on 4-23-04, the Plaintiff's Exhibit L, in
the form of a motion, an application to the Court, instead of a
formal letter to the Defendant. The Plaintiff's Exhibit L are
evidences that are needed and to be considered in the Court's
determination of the proceedings on record; information that

4

were submitted to the Defendant and to the Court in the form
of a motion for a fair judical decision.

Fed. Local Civil Rule , Rule 7(g)(3) Filing of Discovery Ma-
terial. When discovery material not on file is needed for con-
sideration of a motion or for an appeal, upon application to or
order of the Court or by stipulation of counsel, the necessary
portion of discovery material shall be filed with the Clerk.

The Defendant is incorrect; the Plaintiff's recently filed op-
positional motions are not amendments to the Plaintiff's Com-
plaint.  The Plaintiff is submitting actual proof evidences,
relevant evidence and probable evidences that demonstrates and
shows significant important logical relationships between the
occurrences on 4-23-04 and the Plaintiff's Complaint matter that
is before this Court.  The Plaintiff's recently filed opposi-
tional motion are evidences of idential occurrences, pointed
out and demonstrated by the Defendants on 4-23-04, that are
stated in the Plaintiff's Complaint that is before this Court;
the Defendants' weapon(s) and the Defendants' culprits are all
located on the Defendant's premises.  And, the Plaintiff had no
control over how the evidential proof were presented to her al-
though the demonstrative evidential occurrences were offensive
to the Plaintiff's body parts.

C.J.S. 31A Evidence Sec. 5.-Proof "Proof" is the result or ef-
fect of evidence, while "evidence" is the medium or means by

5

which a fact is proved or disproved.

The Defendants' actionable negligence, breach of duties owed
to the Plaintiff by the Defendant and the Defendants' breach
of the Plaintiff's legal rights, by laws, to be free of inten-
tional harm by unlawful wrongful acts of other person(s), is
the issue of the Plaintiff's non frivolous lawsuit against the
Defendant; the Defendant(s)' actions on 4-23-04 are proofs that
the Plaintiff's Complaint is non frivolous.  The negligent, de-
liberate and intentional nuisance unlawful wrongful acts that
are stated in the Plaintiff's Complaint and pleadings all oc-
curred at the hands of the Defendants and on the premises of
the Defendant that makes the Defendant merit for the Plaintiff's
injuries that the Plaintiff sustained while the Plaintiff was
on the premises of the Defendant.

C.J.S. Negligence Sec. 18 Actionable Negligence: "Actionable
negligence" is that which imports the liability of the doer.
The term is a relative one, and it has been variously defined;
generally there must not only be a lack of care, but such lack
must involve a breach of duty owed to a person injured in con-
sequence of such breach.

The Defendant is correct; the Court's set discovery dead line
of 8-27-03 has passed but the Court's judical decision has not
been rendered and a Court's trial date has not been set.  The
Plaintiff's recently discovered and recently filed substantial

evidences are of extreme importance to the Plaintiff's legal
rights to a claim against the Defendant for compensation for
create negligent, deliberate, intentional, nuisance, unlawful
wrongful acts committed upon the Plaintiff's body parts, by the
Defendant's employees, that resulted in injuries to the Plain-
tiff's body parts.

The Plaintiff's recently discovered and recently filed substan-
tial evidences are of extreme importance to the Plaintiff's
legal rights, in that, the Plaintiff's recently discovered and
recently filed evidences submitted to the Court and to the De-
fendant, resolves, is the solution and settles the legal non
frivolous dispute between the Plaintiff and the Defendant, and
proves that the Defendant is merit for the Plaintiff's injuries
sustained while on the premises of the Defendant.

And, the Fed. Rules of Civil Procedure allows the Court to per-
mit leniency to the Plaintiff for submission of unexpected and
uncontrollable discoveries that can prove a legal legitimate
dispute to an issue between the Plaintiff and the Defendant.

<u>Fed. Rules Of Civil Procedure Rule 26(b) Discovery Scope and
Limits.</u> (1) In General. Parties may obtain discovery regarding
any matter, not privileged, which is relevant to the subject
matter involved in the pending action, whether it relates to
the claim or defense of the party seeking discovery or to the
claim or defense of any party, including the existence, descrip-
tion, nature, custody, condition, and location of any books,

documents, or other tangible things and the identity and lo-
cation of persons having knowledge of any discoverable matter.
The information sought need not be admissible at the trial if
the information sought appears reasonably calculated to lead
to the discovery of admissible evidence.

(2) Limitations. The frequency of extent of use of the dis-
covery methods otherwise permitted under these rules and by
any local rule shall be limited by the court if it determines
that: (i) the discovery sought is unreasonably cumulative or
duplicative, or is obtainable from some other source that is
more convenient, less burdensome, or less expensive; (ii) the
party seeking discovery has had ample opportunity by discovery
in the action to obtain the information sought; or (iii) the
burden or expense of the proposed discovery outweights its like-
ly benefit, taking into account the needs of the case, the
amount in controversy, the parties resources, the importance of
the issues at stake in the litigation, and the importance of
the proposed discovery in resolving the issues.

Fed. Rules Of Civil Procedure Rule 12(c) Motion for Judgment
on the Pleadings. After the pleadings are closed but within
such time as not to delay the trial, any party may move for
judgment on the pleadings.  If, on a motion for judgment on the
pleadings, matters outside the pleadings are presented to and
not excluded by the court, the motion shall be treated as one
for summary judgment and disposed of as provided in Rule 56,
and all parties shall be given reasonable opportunity to

present all material made pertinent to such a motion by Rule 56.

The Plaintiff's submission of the recently discovered and recently filed substantial evidences will not detriment the Defendant's legal rights but will take away the Plaintiff's legal rights and legal legitimate claim against the Defendant if the Court denied submission of the Plaintiff's recently discovered, and recently filed unexpected and uncontrollable substantial evidences that are of extreme importance, and needed and should be considered in the Court's determination of the pleadings on records because the Plaintiff's recently discovered and recently filed substantial evidences resolves and settles the dispute issue between the Plaintiff and the Defendant.

The Fed. Civil Procedure L.Civ. R. Rule 7(g) Filing of Discovery Material, the Fed. Rules of Civil Procedure Rule 26(b) Discovery Scope and Limits and the Fed. Rules of Civil Procedure Rule 12(c) Motion for Judgment on the Pleadings gives the Plaintiff legal grounds to submit recently discovered substantial evidences that are not on file and that are of extreme importance in the Courts judical determination of the Plaintiff's pleadings and in the Plaintiff's defense to a legitimate claim against the Defendant.

The Plaintiff regret the timing of the recently discovered substantial evidences, proof that was soo badly needed to resolve

the Plaintiff legal non frivolous claim against the Defendant,
because the wait caused the Plaintiff to suffer more distress
and any decision against the Plaintiff for submitting the re-
cently discovered substantial, unexpected and uncontrollable
evidences will prejudice the Plaintiff's legal rights to a
legal claim against the Defendant for unlawful wrongful acts,
nuisance acts that has caused and are causing harm to the Plain-
tiff's body parts that holds the Defendant merit.

The Defendant is merit for the Plaintiff's injuries and the De-
fendant is procrastinating resposibility for the merit of the
Plaintiff's injuries.

For these reason that are stated in the for going objection, the
Plaintiff ask this Court to grant the Plaintiff's submission of
the evidential motions submitted by the Plaintiff.

PLAINTIFF/PRO SE

BY *Corine Carr*
    Corine Carr

<u>CERTIFICATION</u>

I, Corine Carr, the Plaintiff/pro se, certify that a copy of The Plaintiff's Response To The Defendant's Response To Plaintiff's Motion To Submit "Continuing Evidence" Of "Verbal Acts" By The Defendant was mailed to:

Attorney Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, Connecticut, 06006-0170
(860) 285-7098
E-Mail:anthony.t.rice.usps,gov
Connecticut Federal Bar No.ct22474

PLAINTIFF/PRO SE

BY <i>Corine Carr</i>
Corine Carr
42 Goodyear Street
New Haven, Connecticut, 06511
(203) 785-9495

Date:  May 19, 2004

ORDER

The foregoing Plaintiff's Response To The Defendant's Response
To Plaintiff's Motion To Submit "Continuing Evidence" Of "Ver-
bal Acts" By The Defendant having been heard is hereby ORDERED

GRANTED / DENIED

BY

_____
          JUDGE                    /              CLERK