UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CORINE CARR, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>UNITED STATES POST OFFICE )<br>HAMDEN BRANCH, )<br>)<br>Defendant ) | <br><br><br><br>Docket No. 3:02CV2100 (DJS)<br><br><br><br><br><br>June 4, 2004 |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Defendant in the above-captioned action hereby opposes the Plaintiff's May 26, 2004 motion for summary judgment.

### Factual Background

On November 17, 2002, the Plaintiff commenced this action against the Defendant, United States Postal Service, Hamden, CT Branch ("Postal Service") in the State of Connecticut Superior Court. The Plaintiff sought monetary damages, claiming that as a result of the Defendant's negligence and willful misconduct, she was subjected to "shocks", sexual assault and verbal abuse while on and near the Defendant's premises. The Plaintiff alleged that these shocks occurred on five separate occasions, between February 20, 2001 and November 13, 2001, and that they caused her physical injury and emotional distress.

1

On November 26, 2002, the Defendant removed the case to the United States District Court.

On January 16, 2003, the Court entered a scheduling order that required, *inter alia,* that all dispositive motions be filed by September 26, 2003.

Discovery has been completed and, on September 26, 2003, the Defendant moved that the case be dismissed and/or for summary judgment, pursuant to Fed. R. Civ. P. 12(b) (1) and Fed. R. Civ. P. 56(b), respectively.

On October 7, 2003 and, again, on March 19, 2004, the Plaintiff filed oppositions to the Defendant's dispositive motion but did not file a cross-motion for summary judgment with either opposition.[1]

Since March 19, 2004, the Plaintiff has filed motions seeking to introduce further evidence in support of her claims.  The Defendant has filed oppositions to these motions and the motions are currently pending before the Court.

On May 26, 2004, the Plaintiff, for the first time, affirmatively moved for summary judgment.

### **Argument**

The Defendant has previously filed a dispositive motion on the grounds that there are no genuine issues of material fact requiring a trial and that the Defendant is entitled to judgment as a matter of law.  The Defendant submitted a Memorandum of Law, with attached exhibits, and a Local Rule 9(c) 1 Statement

---

[1] The Plaintiff's October 6, 2003 opposition to the Defendant's dispositive motion states that, while she agrees that there are no genuine issues of material fact for trial in this case, she is entitled "...to a fair and just judgment as a right of law." *See "The Plaintiff's Objection to The Defendant's Motion to Dismiss" p.1.*

in support of this motion.[2] In the interests of economy, the Defendant incorporates herein, by reference, its arguments contained in its dispositive motion, rather than reciting them anew.

This matter has been pending before the Court since November 2002 and, pursuant to the scheduling order issued by the Court, has proceeded through its discovery and dispositive motion phases.

The Court mandated that dispositive motions, by either party, be filed no later than September 26, 2003. The Defendant filed a motion for summary judgment, with the required collateral pleadings by the deadline. The Plaintiff filed an opposition to the Defendant's dispositive motion, but did not file a separate dispositive motion.

On March 18, 2004, the Plaintiff filed a subsequent opposition to the Defendant's dispositive motion. This opposition was premised upon "newly discovered evidence". The Defendant responded to the Plaintiff's opposition, reiterating the arguments made in its previously filed dispositive motion and citing the lack any new evidence that would create any genuine issue of material fact. Subsequently, several more pleadings and responses were filed, culminating in the Plaintiff's May 26, 204 motion for summary judgment.

Although F. R. Civ. P 12 (c) allows a party the opportunity to file a motion for judgment on the pleadings (which may, at the Court's discretion, be treated as a motion for summary judgment, pursuant to F. R. Civ. P. 56), the Defendant

---

[2] The Defendant erroneously captioned the Local Rule 56(a) 1 statement as a Local Rule 9 (c) 1 statement, pursuant to the former local rule.

3

submits that this opportunity is subject to the case management authority conferred upon the Court by F.R. Civ. P. 16 (b).

As a further basis for its opposition, the Defendant notes that the Plaintiff's summary judgment motion was not accompanied, as required by Local Rule 56(a) 1, by a statement of each material issue of fact of which the Plaintiff contends there is no genuine issue to be tried.

The lack of the Local Rule 56(a) 1 statement creates a dilemma for the Defendant, inasmuch as it cannot respond to something that does not exist. Notwithstanding the missing statement, the Defendant has appended, as Exhibit 1, a copy of the Local Rule 56 (a) 1 statement filed contemporaneously with its previously-filed dispositive motion.

With respect to the legal foundation supporting her motion, the Plaintiff cites excerpts from Rules 12 and 56 of the Federal Rules of Civil Procedure. No other statutory or decisional authority is cited, and so the Defendant cannot meaningfully respond to the Plaintiff's memorandum of law, save reasserting the Defendant's position on the issues of law, as set forth in the Defendant's Memorandum of Law accompanying its own dispositive motion.

## Conclusion

The Defendant respectfully submits that the Plaintiff's motion for summary judgment is not supported by either the uncontested facts or any applicable law and, therefore, should be denied. The Defendant further submits that the uncontested factual and legal issues in this case are set forth in detail in the Defendant's dispositive motion and the Plaintiff's current summary judgment

motion fails to effectively controvert or otherwise blunt the Defendant's dispositive motion.

For these reasons, the Defendant respectfully requests that the Plaintiff's motion for summary judgment be denied and that judgment enter for the Defendant on its previously-filed dispositive motion.

Respectfully submitted,

The Defendant

By its attorney:
KEVIN J. O'CONNOR
United States Attorney

_____
Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, CT 06006-0170
(860) 285-7098
anthony.t.rice.usps.gov
Connecticut Federal Bar No. ct 22474

5

## CERTIFICATE OF SERVICE

I, Anthony T. Rice, Special Assistant U.S. Attorney, hereby certify that I served a copy of the attached document, by first-class mail, postage prepaid, upon the following persons:

Corine Carr
42 Goodyear Street
New Haven, CT 06511

Dated: June 4, 2004

_____
Anthony T. Rice

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CORINE CARR, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) Docket No. 3:02CV 2100(DJS) ) |
| UNITED STATES POST OFFICE HAMDEN BRANCH, | ) ) ) ) |
| Defendant | ) September 26, 2003 |

### DEFENDANT'S STATEMENT PURSUANT TO LOCAL RULE 9 (C) 1

The Defendant submits that there are no genuine issues of material fact requiring a trial concerning the following:

1. On November 17, 2002, the Plaintiff commenced this action against the Defendant, United States Postal Service, Hamden, CT Branch ("Postal Service") in the State of Connecticut Superior Court. The Plaintiff sought monetary damages, claiming that as a result of the Defendant's negligence and willful misconduct she was subjected to "shocks", sexual assault and verbal abuse while on the Defendant's premises. The Plaintiff alleged that these shocks occurred on five separate occasions, between February 20, 2001 and November 13, 2001, and that they caused her physical injury and emotional distress. *See Exhibit 1, Complaint.*



1



2. On November 26, 2002, the Defendant removed the case to the United States District Court.

3. Prior to commencing this action, the Plaintiff forwarded PS Form 95 claim forms to the Postal Service with respect claims made in this action for the injuries the Plaintiff claims which occurred on Postal Service premises and/or were caused by the Postal Service. The Postal Service denied these claims. *See Exhibit 2, Report of Parties' Planning Meeting, January 8, 2003, § IV-"Statement of Undisputed Facts"* ¶¶ *3-12.*

4. The Plaintiff testified that she received electrical shocks during the alleged incidents on Postal Service premises. ("the subject incidents") *Plntff's. Depo. pp. 22-31, 31-38, 38-49, 50-55, 55-57.*

5. The Plaintiff describes the subject incidents as "electrical" shocks entering her body in the groin/pelvic, back and leg areas of her body. *Plntff's. Depo. pp. 22-31, 31-38, 38-49, 50-55, 55-57.*

6. The Plaintiff testified that, during the subject incidents, she also heard voices making a variety of statements. The voices were unidentified except that there were both male and female sounding voices. *Plntff's. Depo. pp. 40-42.*

7. The Plaintiff experienced very similar "shock" incidents while at home, while driving, while at the "Staples" office supply store and while in the "Stop & Shop" supermarket. The Plaintiff also heard voices at the same time that she received the non-Postal Service premises-related shocks. The voices, whom she did not recognize, "...talk about sex...talk about murder." *See, generally, Plntff's. Depo. pp.9-21.*

8.  The Plaintiff has no knowledge or information concerning the existence any specific defective or dangerous condition on the Postal Service premises, such as an unguarded live electrical wire or other unguarded source of electrical current, at the times of the subject incidents. *Plntff's. Depo. pp. 29, 35, 58-59.*

9.  Subsequent to receipt of the Plaintiff's claims, the Defendant conducted an inspection of the Hamden Post Office and found that the electrical fixtures and appliances in the lobby areas were in proper and safe working order and that there were no broken or defective fixtures or apparatus. *See Exhibit 4- Declaration of W. Klubek (submitted in support of the Defendants' motion for summary judgment in* Corine Carr v. United States Postal Service, Hamden Branch, *Docket No. 3:01CV2175(DFM) and* Corine Carr v. United States of America, *Docket No. 3:02CV0375(DFM)).*

10. The Plaintiff did not conduct any investigation, nor was undertaken by any expert witness her behalf, into the causes of the subject incidents. The Plaintiff does not intend to proffer any expert testimony that will causally connect any action or inaction by the Postal Service with the subject incidents. *Plntff's. Depo. pp.29, 63.*

11. The Plaintiff has designated herself as her expert witness in this action. *Ex.5- Plntff's. Interrogatory Answer No.18*

12. The Plaintiff does not know the cause of the subject incidents. *Plntff's. Depo. p. 29.*

13. The alleged incident of February 20, 2001 was previously alleged, along with several other similar claims, in two prior, consolidated, cases in this Court:

3

<u>Corine Carr v. United States Postal Service, Hamden Branch</u>, Docket No. 3:01CV2175(DFM) and <u>Corine Carr v. United States of America</u>, Docket No. 3:02CV0375(DFM). This Court entered summary judgment for the Defendants in both of these actions on October 2, 2002. *See Exhibit 2, Report of Parties' Planning Meeting, January 8, 2003, § IV-"Statement of Undisputed Facts"* ¶¶ *13, with attached copy of Ruling for Cross Motions on Summary Judgment.*

            The Defendant, by:

            KEVIN J. O'CONNOR
            United States Attorney

            _____
            Anthony T. Rice
            Special Assistant U.S. Attorney
            United States Postal Service
            Northeast Area Law Office
            8 Griffin Road North
            Windsor, CT 06006-0170
            (860) 285-7098
            E-Mail: anthony.t.rice@usps.gov
            Connecticut Federal Bar No. ct 22474

## CERTIFICATE OF SERVICE

I, Anthony T. Rice, Special Assistant U.S. Attorney, hereby certify that I served a copy of the attached document, by first-class mail, postage prepaid, upon the following persons:

Corine Carr
42 Goodyear Street
New Haven, CT 06511

Dated: September 26, 2003

_____
Anthony T. Rice