FILED

2004 JUN 21 A 10: 58

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CORINE CARR                          :
                                     :
        Plaintiff                    :
                                     :
V.                                   :    DOCKET NO. 3:02CV2100 (DJS)
                                     :
                                     :
THE UNITED STATES OF AMERICA         :
                                     :
        Defendant                    :    JUNE 18, 2004

THE PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 9(C)1

The Plaintiff declare that there are no genuine issues of material fact requiring a trial concerning the Plaintiff's Complaint against the Defendant as follow:

1.   On November 7, 2002, the Plaintiff commenced this action against the Defendant(s), The United States of America, the Postal Service Hamden Branch, at 1744 Dixwell Avenue, Hamden, CT., in the State of Connecticut Superior Court. [See The Plaintiff's Exhibit A - The Plaintiff's Summon-Writ]. The Plaintiff is demanding monetary damages for pain and suffering and medical expense as a result of the Defendants' negligent, deliberate and intentional assaults upon the Plaintiff's body parts with inflictions of created shocks and currents, by the Defendants, to the Plaintiff's genital, pelvic bone, back, right hip bone, right leg, breast, left knee and left foot and verbally abusing the Plaintiff during the assaults by calling out the Plaintiff's name Corine Carr and calling out the name of the Plaintiff's body parts

1

that were being assaulted. The Defendants' assaults upon the Plaintiff's anatomy occurred on the dates that are stated in the Plaintiff's Complaint and are still occurring. [See The Plaintiff's Exhibit B - The Plaintiff's letter, dated 8-30-02, to Atty. Rice and The Plaintiff's Discovery to Atty. Rice Dated 8-13-02].

2. On Noverber 26, 2002, the Defendant removed the case to The United States District Court.

3. Prior to commencing this action, the Plaintiff forward PS Form 95 Claim Forms to the Postal Service and wrote letters to the Post Master concerning the negligent, deliberate and intentional assaults and injuries to the Plaintiff's anatomy, by the Defendant(s), while the Plaintiff were on the Defendant's premises. [See The Plaintiff's Exhibit C - The Standard PS Form 95 Claim Forms and the Plaintiff's letters to the Post Master]. The Postal Service denied these claim and told the Plaintiff to file a lawsuit against The United States of America in the appropriate Court.

4. The Plaintiff testified that she received electrical shocks and currents during the Defendants' negligent, deliberate and intentional created public hazardous condition incidents on the Postal Service premises. [The Plaintiff's Exhibit D - The Plaintiff's Depo. pages 22-31, 32-38, 39-49, 50-59].

5. The Plaintiff's description of the Defendants' negligent, deliberate and intentional created public hazardous electric shocks and currents, that the Defendant(s) assaulted the Plaintiff's

body parts with as the Defendant named the parts of the Plaintiff's anatomy, are accurated. [See The Plaintiff's Exhibit C - The PS Form 95 Claim Forms and The Plaintiff's letters to the Post Master; The Plaintiff's Exhibit D - The Plaintiff's Depo. pages 22 through 57, and, The Plaintiff's Exhibit B - The Plaintiff's letter dated 8-30-02 to Atty. Rice and The Plaintiff's Discovery dated 8-13-02 sent to Atty. Rice].

6.  The Plaintiff testified that during the subject incidents, she also heard voices, the same unidentifiable female voice heard until she appeared face to face with the Plaintiff in the 3-11-04 incident, making a variety of despicable and disdainful and resentful statements at the Plaintiff. [See The Plaintiff's Exhibit D - The Plaintiff's Depo. pages 40 through 42 and the Plaintiff's Exhibit E - The Plaintiff's Objection To The Defendant's Motion To Dismiss/Submitting, Exhibit K, Substantial Newly Discovered Evidences For The Court's Determination Of The Proceedings On Record].

7.  Yes, the Plaintiff experiences similar shocks incidents while at home, while driving, while at the Staples Office Supply Store and while in Stop & Shop Supermarket. The Plaintiff also hear voices at the same time that shocks and currents are being inflicted into her body parts. The Plaintiff have seperate lawsuits pending against some of these offenders and will be filing lawsuit against the others; The Defendant decided to join in and became a conspirator against the Plaintiff. [See The Plaintiff's Exhibit D - The Plaintiff's Depo. pages 9 through 21].

8.  The Plaintiff has no knowledge or information concerning the existence of any specific defective or dangerous condition on the Postal Services premises such as an unguarded live electrical wire or other unguarded source of electrical current at the time of the subject incidents. [See The Plaintiff's Exhibit D - The Plaintiff's Depo. pages 29, 35, 58, and 59]. The Defendant's Culprit(s) and Weapon(s) were concealed from the Plaintiff until the 3-11-04 and 4-23-04 incidents. [See The Plaintiff's Exhibit E - The Plaintiff's Objection To The Defendant's Motion To Dismiss/Submitting, Exhibit K, Substantial Newly Discovered Evidences For The Court's Determination Of The Proceedings On Record, and, The Plaintiff's Exhibit F - The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L/Evidence Of Verbal Acts, By The Defendant(s), At The Plaintiff].

9.  The Defendant's inspection of the Hamden Post Office electrical fixtures and appliance in the lobby areas turned up no broken or defective fixtures or apparatus because the Defendant's Culprit(s) are the Postal Service Employees and the Culprits Weapons are parts of the building's structure, the electronic safety transmitting device electrical fixture and the safety apparatus equipment are connected the Defendant's building windows and doors and to the surroundings areas of the Defendant's premises. And, are being negligently, deliberately and intentionally misused, with accurate contact to the Plaintiff's anatomy, by the Defendants to create a physical and public hazardous condition upon the

Plaintiff's body parts. [See The Plaintiff's Exhibit E - The Plaintiff's Objection To The Defendant's Motion To Dismiss/Submitting, Exhibit K, Substantial Newly Discovered Evidence For The Courts Determination Of The Proceedings On Record; The Plaintiff's Exhibit F - The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L/Evidence Of Verbal Acts, By The Defendant(s), At The Plaintiff; The Plaintiff's Exhibit B - The Plaintiff's letter dated 8-30-02 toAtty. Rice and The Plaintiff's Discovery dated 8-13-02 to Atty. Rice].

10. Yes, the Plaintiff did not conducted any investigation but had and still have herself as an expert witness to the cause of the subject incidents. However, on 8-30-02, the Plaintiff wrote the Defendant a letter naming Barbara as a culprit of the verbal abuse to the Plaintiff on 8-28-02, the 8-21-02, 8-23-02 incidents all shows a causal connection and action by the postal service employees and the Plaintiff's recently discovered evidence shows a causal connection and action by the postal service employees. [See The Plaintiff's Exhibit B - The Plaintiff's letter dated 8-30-02 and the Plaintiff Discovery to Atty. Rice date 8-13-02; The Plaintiff's Exhibit E - The Plaintiff's Objection To The Defendant's Motion To Dismiss/Submitting, Exhibit K, Substantial Newly Discovered Evidence For The Court's Determination Of The Prodeedings On Record and The Plaintiff's Exhibit F - The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L/Evidence Of Verbal Acts, By The Defendant(s), At The Plaintiff].

11. The Plaintiff has designated herself as her expert witness in this action.

12. The Plaintiff now know the causes of the subject incidents to be the Defendants' negligent, deliberate and intentional misuse of the Defendant's safety signaling devices that are located on the Defendant's doors, windows and the premises of the Defendant. [See The Plaintiff's Exhibit B - The Plaintiff's letter dated 8-30-02 to Atty. Rice and The Plaintiff's Discovery to Atty. Rice dated 8-13-02; The Plaintiff's Exhibit C - The PS Form 95 Claim Forms and The Plaintiff's letters to the Post Master; The Plaintiff's Exhibit E - The Plaintiff's Objection To The Defendant's Motion To Dismiss/Submitting Exhibit K, Substantial Newly Discovered Evidence For The Courts Determination Of The Proceedings On Record and The Plaintiff's Exhibit F - The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L/Evidence Of Verbal Acts, By The Defendant(s), At The Plaintiff].

13. The Plaintiff's previously complaint of February 20, 2001, is a part of a continuing nuisance wrongful actalthough judgment was granted to the Defendant on October 2, 2002 for the Plaintiff failure to shoulder her burden as to causation. [<u>Conn. Gen. Sta. Sec. 52-584. Limitation of action for injury to person or property.</u> No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought

but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed. (Citation - When wrong sued upon consists of continuing course of conduct, statute does not beging to run until that course of conduct is completed. 22 CS 46.)]. The Plaintiff's Complaints are wrongful conduct acts by the Defendant.

PLAINTIFF/PRO SE

BY *Corine Carr*
Corine Carr

CERTIFICATION

I, Corine Carr, the Plaintiff/pro se, certify that a copy of The Plaintiff's Statement Pursuant To Local Rule 9(C)1 was mailed to:

Attorney T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, CT. 06006-0170
(860) 285-7098
E-Mail:anthony.t.rice@usps.gove
Connecticut Federal Bar No. ct22474

PLAINTIFF/PRO SE

BY *Corine Carr*
Corine Carr
42 Goodyear Street
New Haven, Connecticut, 06511
(203) 785-9594

Dated:    June 18, 2004