UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*FILED*

2004 JUN 21  A 10: 58

U.S. DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| CORINE CARR | : | |
| Plaintiff | : | |
| | : | |
| V. | : | DOCKET NO. 3:02CV2100 (DJS) |
| | : | |
| THE UNITED STATES OF AMERICA | : | |
| Defendant | : | JUNE 18, 2004 |

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT IN FAVOR
OF THE PLAINTIFF

The Plaintiff in the above-captioned action hereby submits its

Memorandum of Laws, with attached exhibit, in support of its

Motion For Summary Judgment In Favor Of The Plaintiff.

I.    Factual Background

On November 7, 2002, the Plaintiff commenced this action against

the Defendant, The United States of America, the Postal Service

Hamden Branch on 1744 Dixwell Avenue, Hamden, CT.. [See The

Plaintiff Exhibit A - The Plaintiff's Summon-Writ].  The Plain-

tiff sought monetary damages for injuries sustained as a result

of the Defendants' negligent, deliberate and intentional assaults

to the Plaintiff's body parts with infliction of shocks and cur-

rents that were created by the Defendants and verbally abused the

Plaintiff, by calling out the Plaintiff's name, Corine Carr and

calling out the name of the Plaintiff's body parts as the Defen-

dants negligently, deliberately and intentionally inflicted the

created shocks and currents into the Plaintiff's anatomy.  The
Defendants' negligent, deliberate and intentional assaults, with
the created shocks and currents, to the Plaintiff's anatomy, oc-
curred on several occasions each and every time that the Plain-
tiff visited the Defendant's establishments on 1744 Dixwell Av.
Hamden, Conn. and 50 Brewery St. New Haven, Conn. between February
20, 2001 and November 13, 2001.  [See The Plaintiff's Exhibit A -
The Plaintiff's Complaint and The Plaintiff's Exhibit C - The
PS Form 95 Claim Forms and The Plaintiff's letters to the Post
Master].  On November 26, 2002, the Defendant removed the case
to The United States District Court.

The Discovery, Court's Order, was ordered to be completed by
August 27, 2003.

On September 26, 2003, the Defendant moved that the case be dis-
miss and/or for summary judgment, pursuant to Fed.R.Civ.P. 12(b)
(1) and Fed.R.Civ.P. 56(b).

On October 6, 2003, the Plaintiff object to the Defendant's mo-
tion to dismiss.  [See The Plaintiff's Objection To The Defen-
dant's Motion To Dismiss, dated October 6, 2003, on the Court's
file].

On March 18, 2004, the Plaintiff submitted Exhibit K substantial
newly discovered evidences for the Court's determination of the
proceedings on record, information submitted that did not delay

the case trial and informations that supports the Plaintiff's
claim against the Defendant, very important informations.  [See
The Plaintiff's Exhibit E - The Plaintiff's Objection To The
Defendant's Motion To Dismiss/Submitting, Exhibit K, Substantial
Newly Discovered Evidences For The Court's Determination Of The
Proceedings On Record].

On April 16, 2004, the Defendant filed the Defendants Response
To Plaintiff's Objection To Defendant's Motion For Summary Judg-
ment.  [See Records on Court's file].

On April 23, 2004, the Plaintiff filed The Plaintiff's Response
Motion To The Defendant's Response To Plaintiff's Objection To
Defendant's Motion For Summary Judgment.  [See Records on the
Courts file].

On April 30, 2004, the Plaintiff filed The Plaintiff's Motion To
Submit Continuing Evidence, As Exhibit L/Evidences Of Verbal Acts,
By The Defendant(s), At The Plaintiff, a filing that do not and
did not delay the case trial and a filing that the law allows.
[See The Plaintiff's Exhibit F - The Plaintiff's Motion To Submit
Continuing Evidence, As Exhibit L/Evidence Of Verbal Acts, By The
Defendant(s), At The Plaintiff].

On May 11, 2004, the Defendant filed The Defendant's Response To
Plaintiff's Motion To Submit "Continuing Evidence" Of "Verbal Acts
By The Defendant.  [See Records on the Courts file].

On May 19, 2004, the Plaintiff filed The Plaintiff's Response To
The Defendant's Response To Plaintiff's Motion To Submit "Continu-
ing Evidence" Of "Verbal Acts" By The Defendant. [See The Records
on Court's file]. And, the Plaintiff complied to the Defendant's
request of notification in writing of the April 23, 2004 incidents.
[See The Plaintiff's Exhibit G - The Plaintiff's letter dated May
19, 2004, to Atty. Rice].

On May 26, 2004, the Plaintiff filed "The Plaintiff's Motion For
Summary Judgment". [See Records on Court's filed].

On June 4, 2004, the Defendant filed "Defendant's Opposition To
Plaintiff's Motion For Summary Judgment. [See Records on Court's
file ].

Prior to commencing this action, the Plaintiff forwarded PS Form
95 Claim Forms to the Postal Service and letters to the Post Mas-
ter with respect to the legitimate nonfrivolous claims made in
this action, for injuries that the Plaintiff sustained while on
the Postal Service premises from the Defendants' negligent, de-
liberate and intentional creation of public, physical hazardous
conditions of shocks and currents that the Defendants inflicted
into the Plaintiff's anatomy that resulted into injuries to the
Plaintiff's anatomy and verbally calling out the Plaintiff's
name, Corine Carr, during the infliction and verbally naming the
body parts of the Plaintiff that the Defendants were assaulting.
[See The Plaintiff's Exhibit C - The PS Form 95 Claim Forms and

the Plaintiff's letters to the Post Master].  The Postal Service
denied the claims.

The Plaintiff's legitimate nonfrivolous claims, synopsized, listed
chronologically and the laws that governs are as follow:

1.   February 20, 2001

While inside the Hamden, CT. Post Office, the Defendant(s), the
postal service employee(s) negligently, deliberately and inten-
tionally created a public physical hazardous condition of shocks
and currents and repeatedly and indecently assaulted the Plain-
tiff's genital, right hip bone and pelvic bone with the created
shocks and currents for approximately 10 minutes, until the Plain-
tiff left the building.  As the infliction of shocks and currents
were occurring, the Plaintiff suffered extreme burning sensation
genital pain, right hip bone pain, pelvic bone pain, abdominal
pain, body fluid release and emotional distress.  And, while at
home, the Plaintiff experienced discomfort of burning sensation
genital pain when urinating and emotional distress and intimida-
tion each and every time that the Plaintiff visit the Defendant's
establishments.  [See The Plaintiff's Exhibit A - The Plaintiff's
Complaint First Count, The Plaintiff's Exhibit C - PS Form 95
Claim Forms page 1 and pages 13 through 15 letters to the Post
Master, The Plaintiff's Exhibit B - The Plaintiff's letter to Atty.
Rice dated 8-30-02 and The Plaintiff's Discovery to Atty. Rice
dated 8-13-02, The Plaintiff's Exhibit E - The Plaintiff's Objec-
tion To The Defendant's Motion To Dismiss/Submitting, Exhibit K,

Substantial Newly Discovered Evidence For The Court's Determi-
nation Of The Proceedings On Record, The Plaintiff's Exhibit F -
The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit
L/Evidence Of Verbal Acts, By The Defendant(s), At The Plaintiff,
The Plaintiff's Objection To The Defendant's Motion To Dismiss,
dated October 6, 2003, Exhibit I - The Plaintiff's Medical Records,
on the Court's file and The Plaintiff's Exhibit D - The Plain-
tiff's Depo. page 22 line 9 through page 31 line 23 and page 57
line 9 through page 58 line 4.].

A.    Laws Governing:

1.    CONN. GEN. STATUTE AND ANNOTATED SEC. 53a-181. Breach of the
Peace in the Second degree: Class B misdemeanor. [See "The Plain-
tiff's Objection To The Defendant's Motion To Dismiss" page 3 item
3 and item (A), on the Court's records, page 5 item 6 and item 7].

2.    CONN. GEN. STATUTE 1949 SEC. 8359. Indecent assault. [See
"The Plaintiff's Objection To The Defendant's Motion To Dismiss"
dated October 6, 2003, page 3 item 3 and item (B), page 5 item 6
and item 7, on Court's records].

3.    CONN. DIGEST. SEC. 1021. Duty of Store and Business Proprietor;
Negligence. [See "The Plaintiff's Objection To The Defendant's Mo-
tion To Dismiss", dated October 6, 2003, page 3 item 3 and item
(C) , page 5 item 6 and item 7, on Court's records].

4.    C.J.S. NEGLIGENCE SEC. 539 Protection from Acts of Other
Person. [See "The Plaintiff's Objection To The Defendant's Motion
To Dismiss", dated October 6, 2003, page 4 item 4, page 5 item 6

and item 7, on Court's records].

2.   March 27, 2001

While the Plaintiff was inside the Hamden, CT. Post Office, the
Defendants, the postal service employees, negligently, deliberate-
ly and intentionally created a public physical hazardous condi-
tion, from their work area, of shocks and currents and assaulted
the Plaintiff's right foot and right leg for approximately ten
minutes thereby causing the Plaintiff to sustained extreme pain in
the Plaintiff's right foot and right leg and extreme painful cramps
in the Plaintiff's right foot and cause mental distress to the
Plaintiff.  [See the Plaintiff's Exhibit A - The Plaintiff's Com-
plaint Second Count, The Plaintiff's Exhibit C - PS Form 95 Claim
Forms page 3 through page 5 and page 16 and 17 The Plaintiff's
letter to the Post Master; "The Plaintiff's Objection To The Defen-
dant's Motion To Dismiss", dated October 6, 2003, page 5 item 6
and item 7, on Court's records; The Plaintiff's Exhibit E - The
Plaintiff's Objection To The Defendant's Motion To Dismiss/Sub-
mitting, Exhibit K, Substantial Newly Discovered Evidence For The
Court's Determination Of The Proceedings On Record, and, The Plain-
tiff's Exhibit F - The Plaintiff's Motion To Submit Continuing
Evidence Of Verbal Acts, By The Defendant(s), At The Plaintiff].

A.   Laws Governing:

1.   CONN. GEN. STATUTE AND ANNOTATED SEC. 53a-181. Breach of the
Peace in the Second degree: Class B misdemeanor. [See "The Plain-
tiff's Objection To The Defendant's Motion To Dismiss", dated Oc-
tober 6, 2003, page 3 item 3(A), page 5 item 6 and item 7, on

7

Court's records].

2.    CONN. DIGEST SEC. 1021. Duty of Store and Business Proprie-

tors; Negligence. [See "The Plaintiff's Objection To The Defen-

dant's Motion To Dismiss", dated October 6, 2003, page 3 item 3

(C), page 5 item 6 and item 7, on Court's records].

3.    C.J.S. NEGLIGENCE. SEC 539 Protection from Acts of Other

Persons. [See "The Plaintiff's Objection To The Defendant's Mo-

tion To Dismiss", dated October 6, 2003, page 4 item 4 para. 2,

page 5 item 6 and item 7, on Court's records, and The Plaintiff's

Exhibit D - The Plaintiff's Depo. page 31 line 24 through page 38

line 18].

3.    April 21, 2001

While the Plaintiff was inside the Hamden, CT. Post Office, approx-

imately from 11:30 A.M. until 11:40 A.M., the Plaintiff's breast,

genital, left pelvic bone and left knee were masturbated with

shocks and currents that were negligently, deliberately and inten-

tionally created by the Defendant's and that came from the work

area of the Defendants' along with demeaning, dispicable, disdain-

ful and resentful comments utter, by the Defendant, at the Plain-

tiff as the Defendant(s) assaulted the Plaintiff's body parts and

called out the Plaintiff's name, Corine Carr.  As a result of the

Defendant(s)' negligent, deliberate and intentional infliction of

shocks and currents to the Plaintiff's anatomy, repeatedly, the

Plaintiff sustained injuries of extreme abdominal pain, genital

pain, left pelvic bone pain, left knee pain, breast pain and

distress pain; And, the Plaintiff's left foot got caught on a
large size plastic bag, that was hanging over the edge of a small
trash can that was negligently placed underneath the writing table
near the standing room area where the Plaintiff was standing, that
caused the Plaintiff to trip and yank and pulled the Plaintiff's
left foot, left leg and left hip backwardly, thereby, causing the
Plaintiff to sustained injuries of left foot pain, left leg pain,
left thigh pain, left hip bone pain, increased abdominal pain and
genital pain. [See The Plaintiff's Exhibit A - The Plaintiff's
Complaint Third Count; The Plaintiff's Exhibit C - The PS Form 95
Claim Forms page 9 through page 11, page 23 through page 25 The
Plaintiff's letter to the Post Master and page 18 through 22 The
Plaintiff's letter to the Post master and the Plaintiff's Exhibit
C - The PS Form 95 Claim Forms page 6 through 8; The Plaintiff's
Exhibit B - The Plaintiff's letter to Atty. Rice, dated 8-30-02,
and The Plaintiff's Discovery to Atty. Rice, dated 8-13-02; "The
Plaintiff's Objection To The Defendant's Motion To Dismiss", dated
October 6, 2003, page 5 item 6 and 7; The Plaintiff's Exhibit E -
The Plaintiff's Objection To The Defendant's Motion To Dismiss/
Submitting Newly Discovered Evidence For The Court's Determination
of The Proceedings On Record, The Plaintiff's Exhibit F - The
Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L/Evi-
dence Of Verbal Acts, By The Defendant(s), At The Plaintiff; "The
Plaintiff's Objection To The Defendant's Motion To Dismiss", dated
October 6, 2003, page 4 para 1 "Negligence" and page 5 item 6 and

9

7, on Court's records, and, The Plaintiff's Exhibit D - The Plain-
tiff's Depo. page 38 line 19 through page 50 line 15].

A.    Laws Governing

1.    CONN. GEN. STATUTE AND ANNOTATED SEC. 53a-181. Breach of the
Peace in the Second degree: Class B misdemeanor.  [See "The Plain-
tiff's Objection To The Defendant's Motion To Dismiss" dated Octo-
ber 6, 2003, page 3 item 3 and 3(A), on the Court's file, and The
Plaintiff's Exhibit D - The Plaintiff's Depo. page 55 line 23
through page 58 line 4].

2.    CONN. GEN. STATUTE 1949 SEC. 8359. Indecent assault.  [See
"The Plaintiff's Objection To The Defendant's Motion To Dismiss"
dated October 6, 2003, page 3 item 3 and 3(B), on the Court's file,
and, The Plaintiff's Exhibit D - The Plaintiff's Depo. page 55
line 23 through page 58 line 4].

3.    CONN. DIGEST. SEC. 1021. Duty of Store and Business Proprie-
tors; Negligence.  [See "The Plaintiff's Objection To The Defen-
dant's Motion To Dismiss", dated October 6, 2003, page 3 item 3
and 3(C), on the Court's file, and, The Plaintiff's Exhibit D -
The Plaintiff's Depo. page 55 line 23 through page 58 line 4].

4.    C.J.S. NEGLIGENCE SEC. 539. Protection from Acts of Other
Persons.  [See "The Plaintiff's Objection To The Defendant's Mo-
tion To Dismiss", dated October 6, 2003, page 4 item 4, on the
Court's record, and, The Plaintiff's Exhibit D - The Plaintiff's
Depo. page 55 line 23 through page 58 line 4].

4.    October 24, 2001

While the Plaintiff was inside the Hamden, CT. Post Office, at
approximately 2:45 P.M., the middle area of the Plaintiff's back
and right pelvic bone were indecently assaulted by a hurling pain-
ful shock, that was created at and came from the window area where
a maintenace man was working on the postal service window frame.
[See The Plaintiff's Exhibit A - The Plaintiff's Complaint Fourth
Count; The Plaintiff's Exhibit C - page 27 the Plaintiff's letter
to the Post Master]; On the same day, approximately 3:00 P.M., the
Plaintiff's right pelvic bone and right hip bone were indecently
assaulted with a hurling shock that was created inside the postal
service clerk's station area and that came from the inside area of
the postal service clerk's station through the window opening while
the Plaintiff was standing at the trunk of her car that was parked
near the Defendant's mail boxes that are located in front of the
Post Office on the curb and near the street, 1744 Dixwell Av.,
Hamden, CT.  As a result of the Defendant(s)' negligent, deliber-
ate and intentional creation of public physical hazardous condi-
tions of shocks, that the Defendant(s) indecently assaulted the
Plaintiff's anatomy with, the Plaintiff sustained injuries of
extreme right pelvic bone pain, extreme right hip bone pain and
back pain.  [See The Plaintiff's Exhibit A - The Plaintiff's Com-
plaint Fourth Count, The Plaintiff's Exhibit C - page 27 The Plain-
tiff's letter to the Post Master, dated November 19, 2001; The
Plaintiff's Exhibit E - The Plaintiff's Objection To The Defendant's
Motion To Dismiss/Submitting Exhibit K,Substantial Newly Discovered

11

Evidence For The Court's Determination Of The Proceedings On Record; The Plaintiff's Exhibit F - The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L/Evidence Of Verbal Acts, By The Defendant(s), At The Plaintiff, page 15 item G through page 19; "The Plaintiff's Objection To The Defendant's Motion To Dismiss", the Plaintiff's Exhibit I page 9 and 10, on the Court's file and The Plaintiff's Exhibit D - The Plaintiff's Depo. page 50 line 16 through page 55 line, page 57 line 9 through page 58 line 4].

A.    Laws Governing

1.    CONN. GEN. STATUTE AND ANNOTATED SEC. 53a-181. Breach of the Peace in the Second degree: Class B misdemeanor.  [See "The Plaintiff's Objection To The Defendant's Motion To Dismiss", page 3 item 3 and 3(A), page 5 item 6 and 7, on the Court's record, and, The Plaintiff's Exhibit D - The Plaintiff's Depo. page 55 line 23 through page 58 line 4].

2.    CONN. GEN. STATUTE 1949 SEC. 8359. Indecent assault.  [See "The Plaintiff's Objection To The Defendant's Motion To Dismiss" dated October 6, 2003, page 3 item 3 and 3(B), page 5 item 6 and item 7, on the Court's Record, and, The Plaintiff's Exhibit D - The Plaintiff's Depo. page 55 line 23 through page 58 line 4].

3.    CONN. DIGEST. SEC. 1021. Duty of Store and Business proprietors; Negligence.  [See "The Plaintiff's Objection To The Defendant's Motion To Dismiss", page 3 and 3(C), page 5 item 6 and item 7, on the Court's record, and, The Plaintiff's Exhibit D - The Plaintiff's Depo. Page 55 line 23 through page 58 line 4].

4.   <u>C.J.S. NEGLIGENCE SEC. 539. Protection from Acts of Other</u>
<u>Persons.</u>  [See "The Plaintiff's Objection To The Defendant's Mo-
tion To Dismiss", dated October 6, 2003, page 4 item 4, page 5
item 6 and item 7, on the Court's record, and, The Plaintiff's
Exhibit D - The Plaintiff's Depo. page 55 line 23 through page 55
line 4].

5.   <u>November 13, 2001</u>

While the Plaintiff was inside the Hamden, CT. Post Office, the
postal service area, at approximately 12:00 P.M., the Plaintiff's
left foot and left leg were assaulted by a hurling painful stingy
shock, that was negligently, deliberately and intentionally creat-
ed, by the Defendant(s), along with a verbal utterance of "that's
how it is done" utter at the Plaintiff by the Defendant and that
came from the work area of the Defendants.  The infliction of the
shock was soo hazardous that is caused extreme pain to the Plain-
tiff's pelvic bones, left foot, back, left leg and it caused the
Plaintiff to suffer emotional distress.  [See The Plaintiff's Ex-
hibit A - The Plaintiff's Complaint Fifth Count; The Plaintiff's
Exhibit C - page 27 para. 4, the Plaintiff's letter to the Post
Master dated November 19, 2001; The Plaintiff's Exhibit B - The
Plaintiff's letter, dated 8-30-02, to Atty. Rice, page 2 para. 1,
and, The Plaintiff's Exhibit B - The Plaintiff's Discovery, dated
8-13-02, page 1 para. 2 through page 2; The Plaintiff's Exhibit E
The Plaintiff's Objection To The Defendant's Motion To Dismiss/
Submitting Newly Discovered Evidence For The Court's Determination
Of The Proceedings On Record; The Plaintiff's Exhibit F - The

Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L/
Evidence Of Verbal Acts, By The Defendant(s), At The Plaintiff
and, The Plaintiff's Exhibit D - The Plaintiff's Depo. page 55
line 15 through page 60 line 3].

A.    Laws Governing

1.    CONN. GEN. STATUTE AND ANNOTATED SEC. 53a-181. Breach of the
Peace in the Second degree: Class B misdemeanor.  [See "The Plain-
tiff's Objection To The Defendant's Motion To Dismiss",dated Octo-
ber 6, 2003, page 3 item 3(A), page 5 item 6 and item 7, on the
Court's record, and, The Plaintiff's Exhibit D - The Plaintiff's
Depo. page 55 line 23 through page 58 line 4].

2.    CONN. DIGEST. SEC. 1021. Duty of Store and Business proprie-
tors; Negligence.  [See "The Plaintiff's Objection To The Defen-
dant's Motion To Dismiss", dated October 6, 2003, page 3 item 3(C)
page 5 item 6 and item 7, on the Court's record, and, The Plain-
tiff's Exhibit D - The Plaintiff's Depo. page 55 line 23 through
page 58 line 4].

3.    C.J.S. NEGLIGENCE SEC. 539. Protection from Acts of Other
Persons.  [See "The Plaintiff's Objection To The Defendant's Mo-
tion To Dismiss", dated October 6, 2003, page 4 item 4 para. 4,
page 5 item 6 and item 7, on the Court's record, and, The Plain-
tiff's Exhibit D - The Plaintiff's Depo. page 55 line 23 through
page 58 line 4].

II.    Standard Of Review And Governing Laws

A.    Standard of Review:

In deciding a motion brough pursuant to Fed.R.Civ.P. 12(b)(1)
N23 para. 4-Lack of Jurisdiction Over Subject Matter- "Motion
to dismiss cannot be granted for lack of subject matter juris-
diction if complaint purports to set out federal claim, and claim
is not insubstantial and frivolous." [Buchler  v United States
(1974, ED Cal) 384 F Supp 709].  The Plaintiff declare that the
Plaintiff's Complaint is nonfrivolous, very important and very
serious and real.  The Plaintiff's Complaint is substantial real
and not imaginary and very truthful.  And, The Plaintiff's Com-
plaint infers and contain federal claim against the United States
of America.

Pursuant to Fed.R.Civ.P. Rule 12 n56 -Federal Tort Claims Act-
(para. 12), "Court would not dismiss plaintiff's personal injury
claims for lack of subject matter jurisdiction under FRCP 12(b)(1)
unless claims were insubstantial, where customer brough claim
against U.S. under Federal Tort Claims Act for injuries allegedly
received after falling into construction area upon tripping over
carpet being used by contractor in renovation of base exchange,
because plaintiff's basis for jurisdiction in action constituted
very elements of plaintiff's substantive claims.  [Rhoades  v
United States (1996, DC Del) 950 F Supp 623.]

Pursuant to Fed.R.Civ.P. Rule 56, N6 -Generally- (para 11) "Sum-
mary judgment provides means by which party may pierce allegations
in pleadings and obtain relief by introducing outside evidence
showing that there are no fact issues that need to be tried. Hinton
v  Patnaude (1995, ND NY) 162 FRD 435, 33 FR Serv 3d 679."

Pursuant to Fed.R.Civ.P. Rule 56, (2 Relation to Particular Matters) N 10. Discovery, para. 4, Summary judgment should not be granted while parties opposing judgment seek discovery of potentially favorable information. [Olin Corp. v. Insurance Co. of N. Am. (1985), SD NY) 603 F Supp 445, 22 Envt Rep Cas 1618.]

Pursuant to Fed.R.Civ.P. Rule 56 N14. Frivolous and coercive claims (para. 5) Unless claim is frivolous, court cannot sua sponte enter summary judgment or dismiss complaint without notifying parties of its intentions and allowing them opportunity to cure defect in complaint or to respond. [English v. Cowell (1993, CA7 Ill) 10 F3d 434, 144 BNA LRRM 2754, 126 CCH LC¶ 10928, 27 FR Serv 3d 513.]

Pursuant to Fed.R.Civ.P. Rule 56, (III. FOR DEFENDING PARTY [RULE 56(b)) N78. Generally, para. 4, On defendant's motion for summary judgment under Rule 56(b), all plaintiffs' well-pleaded material allegations must be taken as true, and court should give plaintiffs benefit of all favorable inferences that might reasonably be drawn from evidence. [Suchomajcz v. Hummel Chemical Co. (1974, ED Pa) 385 F Supp 1387, revd on other grounds (1975, CA3 Pa) 524 F2d 19.

Rule 56 N78 (para. 5) Rule, does not require that plaintiff prove each element of his case or suffer summary judgment against him; rather defendant, in order to have summary judgment entered in his favor, must prove that he is so entitled on basis of undisputed facts. [Thomas v. Petro-Wash, Inc. (1977, MD NC) 429 F Supp

16

808, 1977-1 CCH Trade Cases ¶ 61433.]

And, Rule 56, N78 (para. 6) If defendant can show, by affidavits, depositions, discovery, or other supplementary procedures, that plaintiff's reply is sham, that there is no issue on which plaintiff has right to trial, and that affirmative defenses pleaded are conclusive, defendant may move for summary judgment. [Ruhe v. Kroger Co. (1967) 425 Pa 213, 228 A2d 750.]

Pursuant to Fed.R.Civ.P. (COMMENTARY), para. 2,excerpt, Under Rule 56, the movant ordinarily relies on either affidavits or the fruits of discovery to support its motion.

B.    <u>Governing Laws</u>

1.    <u>Federal Tort Claims Act</u>

A.    <u>Action Against The United States Of America Postal Service</u>
<u>Hamden Branch</u>

The provision of chapter 171 [28 USCS Sec.(s) 2671 et Seq.] and all other provisions of title 28 relating to torts claims shall apply to tort claims arising out of the activities of the Postal Service. [See "The Plaintiff's Objection To The Defendant's Motion To Dismiss", dated October 6, 2003, page 7 item (c) through page 10 item 13, on the Court's record]. The Plaintiff purport was and the Plaintiff's Summon-Writ conveys that the United States of America is the Defendant in the Plaintiff's lawsuit. [See The Plaintiff's Exhibit A - The Plaintiff's Summon-Writ]. And, the Plaintiff's Complaint is nonfrivolous and substantial because the

Defendants breach duties owe the Plaintiff while the Plaintiff is
on the Defendant's premises and the Defendants breach the laws
of the state of Conn. that protects the Plaintiff from harm of
other persons.  [See The Plaintiff's Exhibit - The Plaintiff's
Complaint Counts 1 through 5; The Plaintiff's Exhibit B - The
Plaintiff's letter date 8-30-02 to Atty. Rice and The Plaintiff's
Discovery sent to Atty. Rice dated 8-13-02; The Plaintiff's Ex-
hibit C - The PS Form 95 Claim Forms and the Plaintiff's letters
to the Post Master; The Plaintiff's Exhibit D - The Plaintiff's
Depo. page 26 line 4 through page 60 line 3; The Plaintiff's Ex-
hibit E - The Plaintiff's Objection To The Defendant's Motion To
Dismiss/Submitting Exhibit K, Substantial Newly Discovered Evi-
dence For The Court's Determination of The Proceedings On Record;
The Plaintiff's Exhibit F - The Plaintiff's Motion To Submit Con-
tinuing Evidence, As Exhibit L/Evidence Of Verbal Acts, By The
Defendant(s), At The PLaintiff, and, "The Plaintiff's Objection
To The Defendant's Motion To Dismiss", dated October 6, 2033, page
3 item 3 through page 5 item 7, on the Court's record].  However,
the Plaintiff will seek permission of this Court and of the De-
fendant to amend the Plaintiff's Summon-Writ Defendant's name as
of this filing, a dispute that will not require a trial nor will
the amendment delay the trial.

B.    Liability Pursuant To FTCA

The United States of America and the Hamden, CT. Branch Postal
Service are being held liable for the Plaintiff's injuries that

were caused by the Defendant(s) negligent, deliberate and inten-
tional wrongful misconducts to publicly and physically create ha-
zardous conditions of shocks and currents, with the Defendant's
safety security signaling device, that proves to be dangerous to
human being, and assault the Plaintiff's anatomy repeatedly and
caused the Plaintiff to sustained injuries and distress.

The 28 USC Sec. 1346(b) states, under the FTCA, the United States
may be held liable "under circumstance where the United States, if
a private person, would be liable to claimant in accordance with
the law of the place where the act or omission occurred." [28
USCS § 1346, IV. TORT CLAIMS (28 USCS § 1346(b), N 120, para. 2
Federal Tort Claims is designed to build upon legal relationships
formulated and characterized by states, and is not patterned to
operate with complete independence from principles of law develop-
ed in common law and refined by statute and judicial decision in
various states. Richards v. United States (1962) 369 Us 1, 7 L
Ed 2d 492, 82 S Ct 585; 28 USCS § 1346, n 121. Sovereign immunity,
para. 3, 28 USCS § 1346(b) does not provide independent cause of
action, but simply waives sovereign immunity of United States and
renders Government liable to same extent as private individual
under like circumstances. Reynolds v. Unites States (1981, CA
10 NM) 643 F2d 707, cert den (1981) 454 Us 817, 70 L Ed 2d 85,
102 S Ct 94; 28 USCS § 1346, N122. Purpose., para. 4, Federal Tort
Claim Act is designed primarily to remove sovereign immunity of
United States from suits in tort and, with certain specific

exceptions, to render government liable in tort as private indi-
vidual would be under like circumstances. Richard v. United
States (1962) 369 US 1, 7 L Ed 2d 492, 82 S Ct 585. and, 28 USCS
§ 1346, n 124. Applicability., para. 6, Federal Tort Claims Act
(28 USCS §§ 1346(b), 2671 et seq.) governs negligent or wrongful
conduct, but does not extend to claims based on strict liability.]
The Plaintiff's is holding the United States of America and the
Postal Service Employees liable for the Plaintiff's injuries sus-
tained while the Plaintiff was on the Defendant's premises. And,
39 USCS § 409. Suits by and Against The Postal Service; 39 CFR §
912.2. Applicability of Federal Tort Claims, 28 USCS § 2672. Ad-
ministrative Adjustment of Claims, and, 39 USCS § 2603 holds the
Postal Service liable for the Plaintiff's injuries. [See "The
Plaintiff's Objection To The Defendant's Motion To Dismiss, dated
October 6, 2003, page 6 item 9 through page 11, on the Court's
records, and, 39 USCS § 409, N 2, 1. Generally. Statute proving
that provisions of 28 USCS apply to tort claims arising out of
Postal Service activities does not forbid recovery against Postal
Service for tort claims which are beyond reach of Federal Tort
Claims Act; this reading gives effect to both 39 USCS § 409 and §
401 provision that Postal Service may sue and be sued. United
States v. Q Int'l Courier, Inc. (1997, CA8 Minn) 131F3d 770,
162 ALR Fed 641. "Federal Tort Claims (FTCA) applies to Postal
Service. 39 USCS § 409(c). Flamingo Indus. v. United States
Postal Eerv. (2002 Daily Journal DAR 9698, 2002-2 CCh Trade Cases
¶ 73782]

## 2.   Connecticut State Laws

Under Connecticut state decisional law, negligence is a breach of
duty.  [See "The Plaintiff's Objection To The Defendant's Motion
To Dismiss, dated October 6, 2003, page 4 para. 1 "Negligence".,
page 5 item 6 "Tort"].  In order to establish a prima facie case
of negligence, a plaintiff is require to prove that : (1) the De-
fendant owed the plaintiff a duty of care, [See "The Plaintiff's
Objection To The Defendant's Motion To Dismiss, dated October 6,
203, page 3 item C and page 4 item 4].  The Defendant owed the
Plaintiff that duty of care to protect the Plaintiff from harm
that the Defendant(s) had knowledge of and not to negligently, de-
liberately and intentionally create a public hazardous condition
to injure the Plaintiff's anatomy.  [See The Plaintiff's Exhibit
C -The PS Form 95 Claims Forms and The Plaintiff's letters to the
Post Master' The Plaintiff's Exhibit D - The Plaintiff's Depo.
page 40 through page 42 line 15, page 55 line 15 through page 57
line 1; The Plaintiff's Exhibit E - The Plaintiff's Objection To
The Defendant's Motion To Dismiss/Submitting Exhibit K, Substan-
tial Newly Discovered Evidence For The Court's Determination of
The Proceedings On Record, and, The Plaintiff's Exhibit F - The
Plaintiff Motion To Submit Continuing Evidence, As Exhibit L/Evi-
dence of Verbal Acts, By The Defendant(s), At The Plaintiff].
(2) The defendant breach this duty of care when the Defendant(s)
negligently, deliberately and intentionally created a public
physical hazardous condition, on the postal service premises,
never once warned the Plaintiff that shocks and currents were