UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CORINE CARR, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>UNITED STATES POST OFFICE )<br>HAMDEN BRANCH, )<br>)<br>Defendant ) | Docket No. 3:02CV2100 (DJS)<br><br><br><br>July 12, 2004 |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Defendant in the above-captioned action hereby opposes the Plaintiff's June 18, 2004 motion for summary judgment.

### Factual Background

On November 17, 2002, the Plaintiff commenced this action against the Defendant, United States Postal Service, Hamden, CT Branch ("Postal Service") in the State of Connecticut Superior Court. The Plaintiff sought monetary damages, claiming that as a result of the Defendant's negligence and willful misconduct, she was subjected to "shocks", sexual assault and verbal abuse while on and near the Defendant's premises. The Plaintiff alleged that these shocks occurred on five separate occasions, between February 20, 2001 and November 13, 2001, and that they caused her physical injury and emotional distress. *See Defendant's Local Rule 56 (a) (2) Statement,* ¶ 1.

1

On November 26, 2002, the Defendant removed the case to the United States District Court. See Defendant's Local Rule 56 (a) (2) Statement, ¶ 2.

On January 16, 2003, the Court entered a scheduling order that required, inter alia, that all dispositive motions be filed by September 26, 2003.

On September 26, 2003, the Defendant moved that the case be dismissed and/or for summary judgment, pursuant to Fed. R. Civ. P. 12(b) (1) and Fed. R. Civ. P. 56(b), respectively.

On October 7, 2003 and, again, on March 19, 2004, the Plaintiff filed oppositions to the Defendant's dispositive motion but did not file a cross-motion for summary judgment with either opposition.[1]

Since March 19, 2004, the Plaintiff has filed motions seeking to introduce further evidence in support of her claims, which were opposed by the Defendant, and the motions are currently pending before the Court.

On May 26, 2004, the Plaintiff, for the first time, affirmatively moved for summary judgment, which the Defendant opposed. On June 18, 2004, the Plaintiff filed a second motion for summary judgment, to which the Defendant hereby responds.

## Argument

In September 2003, the Defendant filed a dispositive motion on the grounds that there are no genuine issues of material fact requiring a trial and that the Defendant is entitled to judgment as a matter of law. The Defendant

---

[1] The Plaintiff's October 6, 2003 opposition to the Defendant's dispositive motion states that, while she agrees that there are no genuine issues of material fact for trial in this case, she is entitled "...to a fair and just judgment as a right of law." See "The Plaintiff's Objection to The Defendant's Motion to Dismiss" p.1.

submitted a Memorandum of Law, with attached exhibits, and a Local Rule 56(a)(1) Statement in support of this motion.[2] In the interests of economy, the Defendant incorporates herein, by reference, it's the pleadings, exhibits and arguments contained in its prior dispositive motion, rather than reciting them anew. For purposes of this opposition, the Defendant will specifically focus on and address those new issues raised by the Plaintiff in her latest motion for summary judgment.

### (1) Plaintiff's Motions For Summary Judgment Are Untimely

In its scheduling order issued in this case, the Court mandated that dispositive motions, by either party, be filed no later than September 26, 2003. The Defendant filed a motion for summary judgment, with the required collateral pleadings, by the deadline. On October 7, 2003, the Plaintiff filed an opposition to the Defendant's dispositive motion, but did not file a separate dispositive motion.

On March 19, 2004, the Plaintiff filed a subsequent opposition to the Defendant's dispositive motion. This opposition was premised upon allegedly "newly discovered evidence". The Defendant responded to the Plaintiff's opposition, reiterating the arguments made in its previously filed dispositive motion and citing the lack any new evidence that would create any genuine issue of material fact. Subsequently, the Plaintiff filed two dispositive motions; on May 26, 2004 and June 18, 2004.

---

[2] The Defendant erroneously captioned the Local Rule 56(a) 1 statement as a Local Rule 9 (c) 1 statement, pursuant to the former local rule.

The Plaintiff has not sought, nor obtained, leave of the Court to file any dispositive motion beyond the September 26, 2003 deadline established by the Court. For this reason, the Plaintiff's dispositive motions, including that motion dated June 18, 2004, should be denied as untimely.

Although F. R. Civ. P 12 (c) allows a party the opportunity to file a motion for judgment on the pleadings (which may, at the Court's discretion, be treated as a motion for summary judgment, pursuant to F. R. Civ. P. 56), the Defendant submits that this opportunity is subject to the case management authority conferred upon the Court by F.R. Civ. P. 16 (b). As such, the Plaintiff was required to seek and obtain this Court's permission prior to filing her dispositive motions.

(2) *Plaintiff's June 21, 2004 Motion Is Not Supported By Any Competent Evidence*

In the June 18, 2004 summary judgment motion, the Plaintiff asserts that the cause of the alleged shocks she experienced at the Hamden Post Office is Postal Service employees (described as "culprits") using as "weapons" ("...parts of the building's structure, the electronic safety transmitting device electrical fixture and safety apparatus equipment...connected to the Defendant's building windows and door and to the surroundings [sic] areas of the Defendant's premises.") to harm her. *See Plaintiff's Local Rule 56(a) (1) Statement ¶ 9.*

The Plaintiff proposes to testify, as an expert, concerning her opinion about the alleged cause of the electrical shocks she claims to have experienced at or near the Postal Service's premises. Opinion testimony, from a witness not testifying as an expert is limited to opinions and inferences which (a) are

4

rationally based upon the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) is not based upon scientific, technical or other specialized knowledge. Fed. R. Evid. 701.

The Defendant submits that, as a preliminary matter, the subject on which the Plaintiff proposes to testify, the alleged causal relationship between the Defendant's electrical equipment (which is not precisely defined by the Plaintiff) and the alleged shocks, is not a subject within the common understanding of laypersons. For this reason, Rule 702, rather than Rule 701, is applicable to this case, inasmuch as even a cursory review of the Plaintiff's claim clearly indicates that scientific, technical or other specialized knowledge would assist the Court in determining a critical fact in issue in this case.

The Federal Rules of Evidence provide for the use of expert witness testimony, under certain conditions. If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702.

The Defendant submits that the Plaintiff has not, and cannot, establish her competency to testify as an expert witness in this case. In order to be allowed to testify as an expert, it is incumbent upon the Plaintiff to establish that she is

5

qualified as an expert by virtue of knowledge, skill or experience and that her proposed testimony is (1) based upon sufficient facts or data, (2) is the product of reliable principles and methods and, (3) she has applied these reliable principles and methods to the facts of this case.  Fed. R. Evid. 702.

The Defendant submits that the Plaintiff's interrogatory answers and deposition testimony clearly establish that she cannot meet the threshold requirements of Rule 702.  The Plaintiff has not offered any evidence that she possesses the requisite knowledge, skill or experience in the necessary discipline(s) related to her theory of causation in this case.  Beyond this, the Plaintiff cannot establish that her feelings about causation are based upon sufficient facts or data, are the product of reliable principles and methods or that she has applied such principles and methods to the facts of this case.

The Plaintiff does not cite any evidence, and specifically competent, expert testimony, in support of her allegations that Postal Service electrical equipment is causing her harm.  Aside from her bare statements that certain vaguely defined electrical equipment is being misused by the Postal Service, she has not proffered any facts about precisely what equipment is at issue and how it is being allegedly misused to harm her.  Although the Plaintiff claims that electrical outlets in the Hamden Post Office lobby are defective, the Plaintiff concedes that the Postal Service's inspection of the electrical equipment in the public areas of the Hamden Post Office disclosed no unsafe or abnormal condition.  See *Plaintiff's Local Rule 56 (a) (1) Statement*, ¶ 9.  The Plaintiff offers no evidence, in the form of an inspection report or other technical or scientific

data that she conducted any inspection of the outlets. In fact, the Plaintiff concedes that she has not done such an investigation. *See Plaintiff's Local Rule 56 (a) (1) Statement, ¶ 10.*

In her June 18, 2004 dispostive motion and attached pleadings, the Plaintiff claims that she now knows the cause of the shocks; the Postal Services electrical safety/security/signaling devices. *See Plaintiff's June 18, 2004 Motion for Summary Judgment, generally.*

However, the Plaintiff has not offered any list of her qualifications to testify to her newly-arrived at conclusions of causation. Nor has she submitted a narrative report or otherwise complied with the expert witness disclosure requirements of F. R. Civ. P. 26 (a) (2) (A) and (B). This Court's January 16, 2003 case management order required the Plaintiff to produce a report from any expert witness she intended to call at trial, by May 27, 2003. No such report was submitted because the Plaintiff did not engage the services of any expert. Although she noted in her deposition that she thought that "transmitting device" might be the source of the alleged shocks, she could not offer any further information to buttress her belief, nor was she going to retain any expert witness to evaluate this theory. *See Exhibit 3 (Plaintiff's Deposition, pp. 29) to Defendant's September 26, 2003 Motion to Dismiss and/or for Summary Judgment.*

Notwithstanding that the Plaintiff has identified herself as an expert witness, in both her deposition and her interrogatory answers, it is clear that she cannot state what, if anything, was done by the Postal Service to the cause of the

7

alleged shocks. *See Exhibit 3 (Plaintiff's Deposition, pp. 29, 63) and Exhibit 5 (Plaintiff's Interrogatory Answers) to Defendant's September 26, 2003 Motion to Dismiss and/or for Summary Judgment.* The Plaintiff simply does not know what caused the shocks that she alleges she received in and around the Hamden Post Office. For this reason, the Plaintiff cannot offer competent evidence on the issue of causation and, therefore, cannot prevail at trial.

In her June 18, 2004 dispositive motion, the Plaintiff asserts that this case does not require the use of expert witness testimony because it does not involve scientific, technical or specialized knowledge. The Defendant submits that the Court can determine, from the pleadings and attached exhibits that this case is well within the ambit of Rule 702 and, as such, the Plaintiff is required to proffer the requisite evidence that she can hurdle the formidable evidentiary barrier presented her in this case.

The Plaintiff also asserts that she need not adduce expert witness testimony because "...the Defendants confessed, make know [sic] and gave evidence to the <u>CULPRIT</u>, the Postal Service employees, and showed, demonstrated and pointed out, their <u>WEAPONS</u>, the Defednat' [sic] electronic safety security signaling devices that are located on the doors, windows and the surroundings of the Defendant's premises, (everything that the Plaintiff have to contact, touch, to patron the Defendant's establishment) that the Defendants used and are using to commit the wrongful acts upon the Plaintiff's anatomy." *See Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment in Favor of the Plaintiff, p. 38.* The Defendant respectfully submits that a review

of the record evidence cited by the Plaintiff in support of her assertion that expert testimony is not necessary in this case fails to disclose any confession or evidence by any Postal Service employee relative to the Plaintiff's allegations.

The record evidence, viewed most favorably to the Plaintiff, makes it abundantly clear that competent expert witness testimony would be required for the Plaintiff to establish even a threshold claim that the Postal Service premises contain devices that caused the harm that she alleges she has suffered. Since the Plaintiff cannot adduce such evidence, there are no genuine issues of material fact for trial and the Court should grant the Defendant's dispositive motion.

## Conclusion

The Defendant respectfully submits that the Plaintiff's motion for summary judgment is not supported by either the uncontested facts or any applicable law and, therefore, should be denied and that judgment should enter for the Defendant on its previously-filed dispositive motion.

Respectfully submitted,

The Defendant

By its attorney:
KEVIN J. O'CONNOR
United States Attorney

_____
Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, CT 06006-0170
(860) 285-7098
anthony.t.rice.usps.gov
Connecticut Federal Bar No. ct 22474

## CERTIFICATE OF SERVICE

I, Anthony T. Rice, Special Assistant U.S. Attorney, hereby certify that I served a copy of the attached document, by first-class mail, postage prepaid, upon the following persons:

Corine Carr
42 Goodyear Street
New Haven, CT 06511

Dated: July 12, 2004

_____
Anthony T. Rice