UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CORINE CARR, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Docket No. 3:02CV 2100(DJS) |
| ) | |
| ) | |
| UNITED STATES POST OFFICE ) | |
| HAMDEN BRANCH, ) | |
| ) | |
| Defendant ) | July 12, 2004 |

### DEFENDANT'S LOCAL RULE 56(a) (2) STATEMENT

The Defendant hereby responds to the Plaintiff's Local Rule 56(a) (1) Statement, in the order presented, as follows:

1.      The Defendant admits that, on November 17, 2002, the Plaintiff commenced this action against the Defendant, United States Postal Service, Hamden, CT Branch ("Postal Service") in the State of Connecticut Superior Court. The Plaintiff sought monetary damages, claiming that as a result of the Defendant's negligence and willful misconduct she was subjected to "shocks", sexual assault and verbal abuse while on the Defendant's premises. The Plaintiff alleged that these shocks occurred on five separate occasions, between February 20, 2001 and November 13, 2001, and that they caused her physical injury and emotional distress. The Defendant denies that the Plaintiff named the United States of America as a defendant in this action at the time of filing. *See Exhibit 1,(Plaintiff's Complaint) attached to Defendant's Memorandum of Law in support of Defendant's Motion To Dismiss and/or Motion For Summary*

1

*Judgment, September 26, 2003.* The Defendant further denies that the Plaintiff was assaulted, or that the Plaintiff continues to be currently assaulted, while on the premises of the Postal Service. *See Defendant's Motion To Dismiss and/or Motion For Summary Judgment, September 26, 2003, with attached exhibits and Local Rule 56(a) (1) Statement.*

2.      The Defendant admits that, on November 26, 2002, the Defendant removed the case to the United States District Court.

3.      The Defendant admits that, prior to commencing this action, the Plaintiff forwarded PS Form 95 claim forms to the Postal Service with respect to certain of the claims made in this action for the injuries the Plaintiff claims which occurred on Postal Service premises and/or were caused by the Postal Service ("the subject claims"). The Postal Service denied the subject claims. *See Exhibit 2, Report of Parties' Planning Meeting, January 8, 2003, § IV-"Statement of Undisputed Facts" ¶¶ 3-12.* The Defendant denies that the Postal Service directed the Plaintiff to file the instant civil action.

4.      The Defendant admits that Plaintiff testified that she received electrical shocks during the alleged incidents on Postal Service premises. ("the subject incidents") *Plntff's. Depo. pp. 22-31, 31-38, 38-49, 50-55, 55-57.* The Defendant denies that any action or conduct of the Defendant is responsible for the alleged electrical shocks and further denies that the Defendant has engaged in any allegedly negligent, deliberate or intentional acts that have created an allegedly hazardous condition on the Postal Service's premises. *See Defendant's Motion*

*To Dismiss and/or Motion For Summary Judgment, September 26, 2003, with attached exhibits and Local Rule 56(a) (1) Statement.*

5.     The Defendant admits that the Plaintiff describes the subject incidents as "electrical" shocks entering her body in the groin/pelvic, back and leg areas of her body. *Plntff's. Depo. pp. 22-31, 31-38, 38-49, 50-55, 55-57.* The Defendant denies that it, or any employee, agent or servant of the Postal Service, assaulted the Plaintiff and further denies that the Plaintiff's claims have any basis in fact or law. *See Defendant's Motion To Dismiss and/or Motion For Summary Judgment, September 26, 2003, with attached exhibits and Local Rule 56(a) (1) Statement.*

6.     The Defendant admits that the Plaintiff testified that, during the subject incidents, she also heard voices making a variety of statements. The voices were unidentified except that there were both male and female sounding voices. *Plntff's. Depo. pp. 40-42.* The Defendant denies that the Plaintiff has now identified any employee, agent or servant of the Postal Service as the possible source of the statements described above. *See Defendant's Motion To Dismiss and/or Motion For Summary Judgment, September 26, 2003, with attached exhibits and Local Rule 56(a) (1) Statement.*

7.     The Defendant admits that the Plaintiff claims to have experienced very similar "shock" incidents while at home, while driving, while at the "Staples" office supply store and while in the "Stop & Shop" supermarket. The Plaintiff also heard voices at the same time that she received the non-Postal Service premises-related shocks. The voices, whom she did not recognize, "…talk about sex…talk about murder." *See, generally, Plntff's. Depo. pp.9-21. The* Defendant

3

also admits, upon information and belief, that the Plaintiff has commenced other civil actions, in the State of Connecticut Superior Court, against person(s) or entities that she believes are responsible for the claimed shocks and voices. The Defendant denies that it has conspired, or otherwise acted in concert with any other person or entity, to harm the Plaintiff. *See Defendant's Motion To Dismiss and/or Motion For Summary Judgment, September 26, 2003, with attached exhibits and Local Rule 56(a) (1) Statement.*

8.  The Defendant admits that the Plaintiff has no knowledge or information concerning the existence any specific defective or dangerous condition on the Postal Service premises, such as an unguarded live electrical wire or other unguarded source of electrical current, at the times of the subject incidents. *Plntff's. Depo. pp. 29, 35, 58-59.* The Defendant denies that any of its employees are "culprits" or that it allowed any "weapons" on Postal Service premises, all as more specifically described by the Plaintiff in her Local Rule 56(a)(1)Statement. The Defendant further notes that there is no viable FTCA administrative claim for a sum certain relative to the incidents alleged to have occurred at the Hamden, CT Post Office on August 21, 2002, August 23, 2002, August 28, 2002, March 11, 2004 and/or April 23, 2004. *See Exhibits K and G, attached to Plaintiff's June 18, 2004 Motion for Summary Judgment; Affidavit of Maryann Grzywna, dated July 12, 2004.*

9.  The Defendant admits that, subsequent to receipt of the Plaintiff's claims, the Defendant conducted an inspection of the Hamden Post Office and found that the electrical fixtures and appliances in the lobby areas were in proper and

safe working order and that there were no broken or defective fixtures or apparatus. *See Declaration of W. Klubek, Exhibit 4 attached to Defendant's Motion To Dismiss and/or Motion For Summary Judgment, September 26, 2003.* The Defendant denies that it any of its employees are "culprits" or that it allowed any "weapons" on Postal Service premises, all as more specifically described by the Plaintiff in her Local Rule 56(a)(1)Statement. The Defendant further denies any electrical or other equipment on the Postal Service's premises constitute "weapons" or were the cause of any of the alleged shocks and other acts claimed by the Plaintiff. *See Defendant's Motion To Dismiss and/or Motion For Summary Judgment, September 26, 2003, with attached exhibits and Local Rule 56(a) (1) Statement.*

10.   The Defendant admits that the Plaintiff did not conduct any investigation, nor was undertaken by any expert witness her behalf, into the causes of the subject incidents. The Defendant also admits that the Plaintiff does not intend to proffer any expert testimony that will causally connect any action or inaction by the Postal Service with the subject incidents. *Plntff's. Depo. pp.29, 63.* The Defendant admits that the Plaintiff authored correspondence dated August 30, 2002 but denies that such correspondence sets forth any factually or legally viable claim against the Postal Service or the United States of America. The Defendant further denies that said correspondence constitutes a valid, executed claim for a sum certain under the FTCA and the applicable regulations. The Defendant further denies that the Plaintiff has submitted the requisite administrative claim to the Postal Service in connection with any claim for injury

5

on August 21, 2002, August 23, 2002, August 28, 2002, March 11, 2004 and/or April 23, 2004. *See Exhibits K and G, attached to Plaintiff's June 18, 2004 Motion for Summary Judgment; Affidavit of Maryann Grzywna, dated July 12, 2004, submitted herewith.*

11.    The Defendant admits that the Plaintiff has designated herself as her expert witness in this action. The Defendant denies that the Plaintiff can be qualified, pursuant to Federal Rules of Evidence 702 et seq., as an expert witness in this case. *Ex.5- Plntff's. Interrogatory Answer No.18*

12.    The Defendant denies that the Plaintiff knows the cause of the subject incidents. *Plntff's. Depo. p. 29.* The Defendant denies that the Plaintiff is competent to testify concerning the alleged cause of the events described in her Local Rule 56(a)(1) Statement, inasmuch as there is no factual basis for the Plaintiff's claims and the Plaintiff is not qualified to opine on the causation elements of her claims. *See Defendant's Motion To Dismiss and/or Motion For Summary Judgment, September 26, 2003, with attached exhibits and Local Rule 56(a) (1) Statement.*

13.    The Defendant admits that the alleged incident of February 20, 2001 was previously alleged, along with several other similar claims, in two prior, consolidated, cases in this Court: Corine Carr v. United States Postal Service, Hamden Branch, Docket No. 3:01CV2175(DFM) and Corine Carr v. United States of America, Docket No. 3:02CV0375(DFM). This Court entered summary judgment for the Defendants in both of these actions on October 2, 2002. *See Exhibit 2, Report of Parties' Planning Meeting, January 8, 2003, § IV-"Statement*

6

*of Undisputed Facts"* ¶¶ *13, with attached copy of Ruling for Cross Motions on Summary Judgment.* The Defendant denies that the Plaintiff can set forth a factually or legally viable claim of "continuing nuisance" or any other legally cognizable claim against the Postal Service or the United States of America.

In responding to the Plaintiff's Local Rule 56(a) (1) Statement, the Defendant has denied certain of the allegations made by the Plaintiff and reiterates those denials as set forth below:

1. The Defendant denies that the Plaintiff named the United States of America as a defendant in this action at the time of filing. *See Exhibit 1,(Plaintiff's Complain) attached to Defendant's Memorandum of Law in support of Defendant's Motion To Dismiss and/or Motion For Summary Judgment, September 26, 2003.*

2. The Defendant further denies that the Plaintiff was assaulted or that the Plaintiff continues to be currently assaulted while on the premises of the Postal Service. *See Defendant's Motion To Dismiss and/or Motion For Summary Judgment, September 26, 2003, with attached exhibits and Local Rule 56(a) (1) Statement.*

3. The Defendant denies that any action or conduct of the Defendant is responsible for the alleged electrical shocks and further denies that the Defendant has engaged in any allegedly negligent, deliberate or intentional acts that have created an allegedly hazardous condition on the Postal Service's premises. *See Defendant's Motion To Dismiss and/or Motion For Summary*

7

*Judgment, September 26, 2003, with attached exhibits and Local Rule 56(a) (1) Statement.*

4.      The Defendant denies that it, or any employee, agent or servant of the Postal Service, assaulted the Plaintiff and further denies that the Plaintiff's claims have any basis in fact or law. *See Defendant's Motion To Dismiss and/or Motion For Summary Judgment, September 26, 2003, with attached exhibits and Local Rule 56(a) (1) Statement.*

5.      The Defendant denies that the Plaintiff has now identified any employee, agent or servant of the Postal Service as the possible source of the statements described in her Local Rule 56(a) (1) Statement or the other pleadings filed in this case. *See Defendant's Motion To Dismiss and/or Motion For Summary Judgment, September 26, 2003, with attached exhibits and Local Rule 56(a) (1) Statement.*

6.      The Defendant denies that it has conspired, or otherwise acted in concert with any other person or entity, to harm the Plaintiff. *See Defendant's Motion To Dismiss and/or Motion For Summary Judgment, September 26, 2003, with attached exhibits and Local Rule 56(a) (1) Statement.*

7.      The Defendant denies that any of its employees are "culprits" or that it allowed any "weapons" on Postal Service premises, all as more specifically described by the Plaintiff in her Local Rule 56(a)(1)Statement. The Defendant further notes that there is no viable FTCA administrative claim for a sum certain relative to the incidents alleged to have occurred at the Hamden, CT Post Office on August 21, 2002, August 23, 2002, August 28, 2002, March 11, 2004 and/or

April 23, 2004. *See Exhibits K and G, attached to Plaintiff's June 18, 2004 Motion for Summary Judgment; Affidavit of Maryann Grzywna, dated July 12, 2004.*

8.  The Defendant denies that it any of its employees are "culprits" or that it allowed any "weapons" on Postal Service premises, all as more specifically described by the Plaintiff in her Local Rule 56(a)(1)Statement. The Defendant further denies any electrical or other equipment on the Postal Service's premises constitute "weapons" or were the cause of any of the alleged shocks and other acts claimed by the Plaintiff. *See Defendant's Motion To Dismiss and/or Motion For Summary Judgment, September 26, 2003, with attached exhibits and Local Rule 56(a) (1) Statement.*

9.  The Defendant denies that the Plaintiff's correspondence dated August 30, 2002 sets forth any factually or legally viable claim against the Postal Service or the United States of America. The Defendant further denies that said correspondence constitutes a valid, executed claim for a sum certain under the FTCA and the applicable regulations. *See Exhibits K and G, attached to Plaintiff's June 18, 2004 Motion for Summary Judgment; Affidavit of Maryann Grzywna, dated July 12, 2004.*

10. The Defendant denies that the Plaintiff can be qualified, pursuant to Federal Rules of Evidence 702 et seq., as an expert witness in this case. *Ex.5-Plntff's. Interrogatory Answer No.18*

11. The Defendant denies that the Plaintiff is competent to testify concerning the alleged cause of the claimed events described in her Local Rule 56(a)(1)

9

Statement, inasmuch as there is no factual basis for the Plaintiff's claims and the Plaintiff is not qualified to opine on the causation elements of her claims. *See Defendant's Motion To Dismiss and/or Motion For Summary Judgment, September 26, 2003, with attached exhibits and Local Rule 56(a) (1) Statement.*

12. The Defendant denies that the Plaintiff can set forth a factually or legally viable claim of "continuing nuisance" or any other legally cognizable claim against the Postal Service or the United States of America.

> The Defendant, by:
>
> KEVIN J. O'CONNOR
> United States Attorney
>
> /s/ Anthony T. Rice
> _____
> Anthony T. Rice
> Special Assistant U.S. Attorney
> United States Postal Service
> Northeast Area Law Office
> 8 Griffin Road North
> Windsor, CT 06006-0170
> (860) 285-7098
> E-Mail: anthony.t.rice@usps.gov
> Connecticut Federal Bar No. ct 22474

## CERTIFICATE OF SERVICE

I, Anthony T. Rice, Special Assistant U.S. Attorney, hereby certify that I served a copy of the attached document, by first-class mail, postage prepaid, upon the following persons:

Corine Carr
42 Goodyear Street
New Haven, CT 06511

Dated: July 12, 2004

_____
Anthony T. Rice

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CORINE CARR, )<br>)<br>    Plaintiff )<br>)<br>v. ) Docket No. 3:02CV 2100(DJS)<br>)<br>)<br>UNITED STATES POST OFFICE )<br>HAMDEN BRANCH, )<br>)<br>    Defendant ) | July 12, 2004 |

### DECLARATION OF MARYANN GRZYWNA

Maryann Grzywna, for her declaration pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a Paralegal Specialist for the United States Postal Service Law Department, Northeast Area Office, located in Windsor, CT.

2. As a Paralegal Specialist, I have am familiar, and have previously been responsible for, the receipt of investigative reports and adjudication of claims filed with the Postal Service pursuant to the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, et seq.

3. I have undertaken a search and review of the records maintained in the Law Department.

4. My search failed to reveal that the Plaintiff, Corinne Carr, or a duly authorized agent or legal representative of Ms. Carr, has presented a claim to the Postal Service on a valid executed Postal Service

Standard Form 95 or other written notification of any incident allegedly occurring on August 21, 2002, August 23, 2002, August 28, 2002, March 11, 2004 and/or April 23, 2004, accompanied by a claim for money damages in a sum certain for injury or loss alleged to have occurred by reason of an incident allegedly occurring on August 21, 2002, August 23, 2002, August 28, 2002, March 11, 2004 and/or April 23, 2004, as required by the FTCA and 39 C.F.R. §912.5.

I declare under the penalty of perjury that the foregoing is true and correct. Executed at Windsor, CT this twelfth day of July 2004.

*Maryann Grzywna*
Maryann Grzywna