## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CORINE CARR, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Docket No. 3:02CV2100 (DJS) |
| | ) |
| | ) |
| UNITED STATES POST OFFICE | ) |
| HAMDEN BRANCH, | ) |
| | ) |
| Defendant | ) July 12, 2004 |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

The Defendant in the above-captioned action hereby opposes the

Plaintiff's motion to amend her complaint to substitute the United States of

America in place of the United States Post Office, Hamden Branch, as the

defendant in this action.

### Factual Background

On November 17, 2002, the Plaintiff commenced this Federal Tort Claims

Act ("FTCA") action against the United States Postal Service, Hamden Branch

("Postal Service") in the State of Connecticut Superior Court. The Plaintiff sought

monetary damages, claiming that as a result of the Postal Service's negligence

and willful misconduct, she was subjected to shocks, sexual assault and verbal

abuse while on and near the Postal Service's premises. The Plaintiff alleged that

these shocks occurred on five separate occasions, between February 20, 2001

and November 13, 2001, and that they caused her physical injury and emotional distress.

On November 26, 2002, the Defendant removed the case to the United States District Court and subsequently answered, including in its answer an affirmative defense that the Postal Service was not a proper defendant in an FTCA case. The Defendant reiterated this defense in the "Report of Parties' Planning Meeting" filed with the Court on January 8, 2003.

On January 16, 2003, the Court entered a scheduling order that required, *inter alia,* that all dispositive motions be filed by September 26, 2003.

Discovery was undertaken and, upon its completion, the Defendant moved that the case be dismissed and/or for summary judgment, pursuant to Fed. R. Civ. P. 12(b) (1) and Fed. R. Civ. P. 56(b), respectively.

On October 7, 2003 and, again, on March 19, 2004, the Plaintiff filed oppositions to the Defendant's dispositive motion, in which she neither challenged nor rebutted the Defendant's argument, pursuant to F. R. Civ. P. 12(b)(1), that the Postal Service was not a proper defendant.

Since March 19, 2004, the Plaintiff has filed a number of motions, seeking to introduce further evidence in support of her claims and, again, in none of these pleadings is the Defendant's challenge to the Postal Service's status as a proper FTCA case addressed by the Plaintiff.

On June 18, 2004, the Plaintiff filed the instant motion, seeking, for the first time, to amend her complaint to substitute the United States of America for the United States Post Office, Hamden Branch, as the defendant.

2

## Argument

The decision to grant or deny a motion to amend, pursuant to F. R. Civ. P. 15(a), is committed to the discretion of the trial court. See Nuckles v. United States of America, 2004 U.S. Dist. LEXIS 2422 (D. Conn. No. 3:01CV753 (MRK) February 10, 2004) (citing Min Jin v. Metropolitan Life Ins. Co., 310 F. 3d 84, 101 (2d Cir. 2002) ("Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party."); see also Zahra v. Town of Southold, 48 F. 3d 674, 685-86 (2d Cir. 1995) (plaintiff's request to amend complaint denied because it was filed two and one-half years after commencement of action); Ansam Associates v. Cola Petroleum, Ltd., 760 F. 2d 442, 446 (2d Cir. 1985) (motion to amend denied because discovery had closed and non-moving party had already filed motion for summary judgment).

In the instant case, the Plaintiff filed her complaint, against the U.S. Postal Service, in the Connecticut Superior Court over 18 months ago. Since answering, the Defendant has consistently asserted that the Postal Service was not a proper defendant in an action based upon a tort claim. *See Ex. 1, attached hereto, "Answer and Affirmative Defenses", First Count ¶ 2; Fourth Affirmative Defense; See Exhibit 2 attached hereto, "Report of Parties' Planning Meeting" §§ II-A; III-B.*

Subsequent to the completion of discovery, the Defendant filed a dispositive motion, seeking, *inter alia,* a dismissal of the Plaintiff's claims, due to lack of jurisdiction, pursuant to F. R. Civ. P. 12(b)(1), based upon the Plaintiff's

3

failure to name the United States of America, rather than the U.S. Postal Service as the defendant. *See Exhibit 3 attached hereto, "Defendant's Memorandum of Law in Support of Motion to Dismiss and/or Motion for Summary Judgment", pp. 5-6.* Notwithstanding the Plaintiff's oppositions to the dispositive motion and the subsequent pleadings filed by Plaintiff, she has not, until the filing of the instant motion, sought to address the issue of naming the wrong defendant in this action.

In reviewing this issue, it is significant that this precise issue has previously arisen in prior litigation between the parties. In a another case before this Court, the Plaintiff named the Postal Service as the Defendant and, when the issue of the proper party defendant arose, filed a separate (but identical) civil action against the United States of America. *See Exhibit 4 attached hereto, "Ruling on Cross Motions For Summary Judgment", fn. 2, in consolidated cases of Corine Carr v. United States Postal Service, Hamden Branch, District of Connecticut Docket No. 3:01CV2175 (DFM) and Corine Carr v. United States of America, District of Connecticut Docket No. 3:02CV0375 (DFM).*

The Defendant respectfully submits that, although the Plaintiff is proceeding *pro se* in this action, she has demonstrated an ability to file numerous and voluminous pleadings in this and other cases against the Postal Service and the United States and that she has also been previously faced with the issue of naming the proper defendant. The ruling attached as Exhibit 3 to this pleading clearly sets out the applicable law relative to the issue of the only proper defendant in an FTCA case and gave the Plaintiff ample notice relative to this issue.

As noted above, discovery is closed and dispositive motions are pending before the Court.[1] The situation in the instant case is similar to the situation presented to the court in the Ansam Associates case cited above, where the plaintiff's motion to amend was denied because the defendant would have unfairly prejudiced, inasmuch as discovery had closed and the defendant had already filed a motion for summary judgment.

In further support of its opposition, the Defendant also submits that it would be a futile to allow the motion to amend, because, notwithstanding a substitution of the defendant, the Plaintiff's claims are subject to dismissal, pursuant to F. R. Civ. P. 56, in addition to and independent of the jurisdiction issues supporting the motion to dismiss pursuant to F.R. Civ. P. 12(b) (1). The other bases for the Defendant's dispositive motion amply support a dismissal of this case and it is, therefore, futile, to allow the requested amendment because the end result will still be the same; a dismissal of the Plaintiff's claims. The exercise of this Court's sound discretion, to deny the instant motion, will also conserve both the Court's resources and the parties' resources, in light of the futility of the Plaintiff's claims.

---

[1] The Plaintiff has filed another motion for summary judgment, dated June 18, 2004, to which the Defendant will respond in accordance with the applicable rules.

## **Conclusion**

For the reasons set forth above, the Defendant respectfully requests that

the Plaintiff's motion to amend her complaint be denied.

The Defendant

By its attorney:
KEVIN J. O'CONNOR
United States Attorney

_____
Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, CT 06006-0170
(860) 285-7098
anthony.t.rice.usps.gov
Connecticut Federal Bar No. ct 22474

## **CERTIFICATE OF SERVICE**

I, Anthony T. Rice, Special Assistant U.S. Attorney, hereby certify that I

served a copy of the attached document, by first-class mail, postage prepaid,

upon the following persons:

Corine Carr
42 Goodyear Street
New Haven, CT 06511

Dated: July 12, 2004

Anthony T. Rice

7

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CORINE CARR, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 3:02CV2100(DJS) |
| | ) | |
| | ) | |
| UNITED STATES POST OFFICE | ) | |
| HAMDEN BRANCH | ) | |
| | ) | |
| Defendant | ) | December 20, 2002 |

## SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant, United States Postal Office-Hamden (hereinafter "the Defendant" or "the Postal Service"), through its attorney, John A. Danaher, III, United States Attorney for the District of Connecticut, pursuant to Fed. R. Civ. P. 15(a), files its amended answer the Complaint, in accordance with the numbered paragraphs contained therein, upon information and belief, as follows:

FIRST COUNT

1.    Defendant admits the allegations of Paragraph 1.

2.    Defendant admits that the United States Postal Service maintains a facility in Hamden, CT.  The Defendant further responds to Paragraph 2 by stating that the Postal Service is an independent establishment of the executive branch of Government of the United States of America.  The Defendant denies that the Postal Service is a proper defendant in this action.

1

*Ex 1*

3.    The Defendant is without knowledge or information sufficient to form a belief concerning the truth of the allegations of Paragraph 3 and therefore denies the same.

4.    The Defendant denies the allegations of Paragraph 4.

5.    The Defendant denies the allegations of Paragraph 5.

6.    The Defendant denies the allegations of Paragraph 6.

SECOND COUNT

1.    The Defendant is without knowledge or information sufficient to form a belief concerning the truth of the allegations of Paragraph 1 and therefore denies the same.

2.    The Defendant denies the allegations of Paragraph 2.

3.    The Defendant denies the allegations of Paragraph 3.

4.    The Defendant denies the allegations of Paragraph 4.

THIRD COUNT

1.    The Defendant is without knowledge or information sufficient to form a belief concerning the truth of the allegations of Paragraph 1 and therefore denies the same.

2.    The Defendant denies the allegations of Paragraph 2.

3.    The Defendant denies the allegations of Paragraph 3.

4.    The Defendant denies the allegations of Paragraph 4.

5.    The Defendant is without knowledge or information sufficient to form a belief concerning the truth of the allegations of Paragraph 5 and therefore denies the same.

6.      The Defendant denies the allegations of Paragraph 6.

## FOURTH COUNT

1.      The Defendant is without knowledge or information sufficient to form a belief concerning the truth of the allegations of Paragraph 1 and therefore denies the same.

2.      The Defendant denies the allegations of Paragraph 2.

3.      The Defendant denies the allegations of Paragraph 3.

4.      The Defendant denies the allegations of Paragraph 4.

5.      The Defendant denies the allegations of Paragraph 5.

6.      The Defendant denies the allegations of Paragraph 6.

## FIFTH COUNT

1.      The Defendant is without knowledge or information sufficient to form a belief concerning the truth of the allegations of Paragraph 1 and therefore denies the same.

2.      The Defendant denies the allegations of Paragraph 2.

3.      The Defendant denies the allegations of Paragraph 3.

4.      The Defendant denies the allegations of Paragraph 4.

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

This action is barred by operation of the doctrine of sovereign immunity.

3

### Third Affirmative Defense

Service of process has not been made in accordance with the applicable law and Federal Rules of Civil Procedure.

### Fourth Affirmative Defense

The U.S. Postal Service cannot be sued directly in tort, pursuant to 28 U.S.C. § 2679(a).

### Fifth Affirmative Defense

The Court lacks personal jurisdiction over Defendant.

### Sixth Affirmative Defense

The Court lacks jurisdiction over the subject matter of this action.

### Eighth Affirmative Defense

Defendant acted reasonably at all times and thus was not negligent in connection with Plaintiff's alleged damages.

### Ninth Affirmative Defense

Plaintiff's damages are limited to those claimed in any Standard Form 95 that the Plaintiff may have executed in connection with the specific injuries claimed thereon.

### Tenth Affirmative Defense

Plaintiff has failed to exhaust the requisite procedures under the Federal Tort Claims Act prior to commencing this action.

### Eleventh Affirmative Defense

Neither the Defendant's action, nor inaction, is the actual or proximate cause of the shocks and voices that the Plaintiff claims to have experienced.

## Twelfth Affirmative Defense

The Plaintiff has failed to bring this action within the time prescribed by the applicable law.

## Thirteenth Affirmative Defense

This action is barred by the doctrines of res judicata and/or collateral estoppel.

WHEREFORE, defendant prays that this Court dismiss the complaint with prejudice and award Defendant its costs of action.

Respectfully submitted,

The Defendant

By its attorney:
JOHN A. DANAHER, III
United States Attorney

Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, CT 06006-0170
(860) 285-7098
E-Mail: arice@email.usps.gov
Connecticut Federal Bar No. ct 22474

## **CERTIFICATE OF SERVICE**

I, Anthony T. Rice, Special Assistant U.S. Attorney, hereby certify that I served a copy of the attached document, by first-class mail, postage prepaid, upon the following persons:

Corine Carr
42 Goodyear Street
New Haven, CT 06511

Dated: December 20, 2002

Anthony T. Rice

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CORINE CARR,

      Plaintiff

                             Docket No. 3:02CV2100(DJS)

    v.

UNITED STATES POSTAL SERVICE,
HAMDEN BRANCH                  Date:  January 8, 2003

      Defendant

## REPORT OF PARTIES' PLANNING MEETING

| | |
|---|---|
| Date Complaint Filed: | November 7, 2002-Connecticut Superior Court |
| Date Complaint Served: | November 14, 2002[1] |
| Date Removed: | November 27, 2002 |
| Date of Defendant's Appearance: | November 27, 2002 |
| Answer Filed: | December 2, 2002[2] |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference

was held on December 2, 2002, by mail.  The participants were:

    Corine Carr, pro se

    Anthony T. Rice, Special Assistant U.S. Attorney, for the Defendant

### I.    CERTIFICATION

The undersigned counsel for the Defendant and the Plaintiff, appearing pro se,

certify that, after consultation with each other and after counsel for the Defendant has

---

[1] The U.S. Attorney for the District of Connecticut was served with a copy of the Complaint on November 14, 2002.  No other service has been made in this case.

[2] A second amended answer was filed on December 30, 2002.

1

$Ex. 2$



consulted with his clients, they have discussed the nature and basis of the parties' claims and defenses and any possibility of achieving a prompt settlement or other resolution of the case and, in consultation with each other and Defendant's counsel with his clients, have developed the following proposed case management plan. Defendant's counsel further certifies that he has forwarded a copy of this report to his clients.

## II.    JURISDICTION

### A.    Subject Matter Jurisdiction:

Per the Plaintiff:

Plaintiff invokes subject matter jurisdiction pursuant to 39 USCS § 409(c); 28 USCS § 2672: 39 USCS § 2603; 28 USCS §1346(b).

Per the Defendant:

Defendant contests subject matter jurisdiction, inasmuch as Plaintiff has instituted a Federal Tort Claims Act (hereinafter "FTCA") action which alleges assault and battery when such claims not cognizable pursuant to the FTCA. Plaintiff has named the U.S. Postal Service as the Defendant in this action, contrary to the FTCA. Plaintiff has also failed to properly exhaust the required administrative claim process with respect to certain of the claims apparently alleged in this action. Defendant also asserts that the claim for injuries allegedly occurring on February 20, 2001 and October 24, 2001 are barred by the previous judgments entered by the District Court in the cases of Corine Carr v. United States Postal Service, Hamden Branch, Civil Action No. 3:01CV02175(DFM) and Corine Carr v. United States of America, Civil Action No. 3:02CV0375(DFM).

2

**B.** **Personal Jurisdiction:**

Per the Plaintiff:

Personal jurisdiction is invoked pursuant to Conn. Gen. Stat. 53a-24; Conn. Gen. Stat. 53a-16; Conn. Gen. Stat. 53a-65(6)(7)(8); Conn. Gen. Stat. 53a-73a (a)(1)(c)(2); Conn. Gen. Stat. § 8518.

Per the Defendant:

Personal jurisdiction is a contested issue inasmuch as Plaintiff has named the U.S. Postal Service as the party·defendant in an apparent FTCA case. Plaintiff has failed to effect proper service of process.

**III.    BRIEF DESCRIPTION OF CASE**

A.    Plaintiff's Claims:

Sexual abuse and bodily harm from the shocks and currents assault done by the Postal Service employee(s) while the Plaintiff was doing mailing inside the Postal Service branches.

B.    Defenses and Claims (Counterclaims, Cross Claims, Third Party Claims:

Defendant has asserted factual and legal defenses; that the events claimed did not occur, that Plaintiff was not damaged as the result of any action or inaction by the U.S. Postal Service, its agents, servants, employees or customers, that Plaintiff has failed to exhaust the requisite administrative claim process with respect to some of the claims that appear to be asserted, that the U.S. Postal Service is not amenable a direct action in an FTCA case, that Plaintiff has not properly served process in this case, that Plaintiff's assault and battery claims are not cognizable under the FTCA , that the claims related to injuries allegedly sustained on February 20, 2001 and on October 24, 2001

are barred by the doctrine of res judicata and that Plaintiff has not offered any evidence supporting either the occurrence of the claimed events or the damages alleged to have resulted therefrom.

    C.    Defenses and Claims of Third Party Defendant(s):

    There are no Third Party Defendants in this case.

## IV.    STATEMENT OF UNDISPUTED FACTS

Counsel for Defendant and the Plaintiff, appearing pro se, certify that they have made a good faith attempt to determine what, if any, material facts are not in dispute. The parties state that the following material facts are not in dispute:

1. The identity and address of the Plaintiff.

2. The U.S. Postal Service operates a facility in Hamden, CT.

3. By correspondence dated August 8, 2001, the Plaintiff notified the Postal Service of an alleged incident in which the plaintiff received "shocks" inside the Hamden, CT Post Office.  The Plaintiff alleged that this incident occurred on February 20, 2001.

4. The claim described above in Paragraph 3 was denied by the Postal Service.

5. By correspondence dated March 30, 2001and August 8, 2001, the Plaintiff notified the Postal Service of an alleged incident in which the Plaintiff received "shocks" while she was at the Hamden, CT Post Office.  The Plaintiff alleged that this incident occurred on March 27, 2001.

6. The claim described above in Paragraph 5 was denied by the Postal Service.

4

7.    By correspondence dated May 21, 2001 and August 8, 2001, the Plaintiff notified the Postal Service of alleged incidents in which the plaintiff received "shocks", heard voices and caught her foot in a plastic bag while she was at the Hamden, CT Post Office. The Plaintiff alleged that these incidents occurred on April 21, 2001.

8.    The claim described above in Paragraph 7 was denied by the Postal Service.

9.    By correspondence dated November 19, 2001, the Plaintiff notified the Postmaster of the New Haven Post Office of alleged incidents in which the plaintiff received "shocks" inside, and outside of, the Hamden, CT Post Office. The Plaintiff alleged that these incidents occurred on October 24, 2001.

10.    The claims described above in Paragraph 9 were denied by the Postal Service.

11.    By correspondence dated November 19, 2001, the Plaintiff notified the Postmaster of the New Haven Post Office of alleged incidents in which the plaintiff received "shocks" and heard a voice while at the Hamden, CT Post Office. The Plaintiff alleged that these incidents occurred on November 13, 2001.

12.    The claims described above in Paragraph 11 were denied by the Postal Service.

13.    In the cases of Corine Carr v. United States Postal Service, Hamden Branch, District of Connecticut Docket No. 3:01CV2175(DFM) and Corine

Carr v. United States of America, District of Connecticut Docket No.

3:02CV 0375(DFM), Plaintiff alleged that she received "shocks" and heard

voices while in the Hamden, CT Post Office on February 20, 2001, on

March 30, 2001 and in "...the latter part of October 2001."

14.    On October 23, 2002, the U.S. District Court for the District of Connecticut

entered summary judgment for the Defendants in the cases described

above in Paragraph 13.

By stipulating to the above facts, Defendant does not concede that Plaintiff has

timely exhausted, and properly complied with, all required administrative procedures

prior to commencing this action.  Likewise, Defendant does not concede or waive any of

the defenses listed herein or in its Answer/Amended Answers.

## V.    CASE MANAGEMENT PLAN

A.    Standing Order on Scheduling in Civil Cases:

The parties request modification of the deadlines in the Standing Order on

Scheduling in Civil Cases, as follows:

Motions pursuant to Fed. R. Civ. P. 12(b) and 56 shall not be due until 30 days

after the completion of all discovery.

B.    Scheduling Conference with Court:

The parties request a pretrial conference with the Court before entry of a

scheduling order, pursuant to Fed. R. Civ. P. 16(b).

6

C.    Early Settlement Conference:

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is not likely at this time.

2.    The parties do not request an early settlement conference.

3.    If the Court schedules this matter for a settlement conference, Plaintiff prefers a settlement conference with Magistrate Judge and Defendant prefers a settlement conference with a Magistrate Judge.  The parties do not request an early settlement conference.

4.    The parties do not presently request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D.    Joinder of Parties and Amendment of Pleadings:

1.    Defendant does not currently anticipate the joinder of additional parties, but has pending a motion to amend its Answer to assert an additional affirmative defense.

2.    Plaintiff does not anticipate that she will seek to amend her complaint.

E.    Discovery:

1.    The parties anticipate that discovery will be needed on the following subjects: The facts and circumstances of Plaintiff's alleged injuries, the alleged mechanism of said injuries, the medical and scientific factual basis for Plaintiff's claims of physical and emotional injury, the factual basis for Plaintiff's monetary damage claims.

7

2.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26 (b) (4), will be commenced within ten (10) days after this Court's entry of a scheduling order and completed (not propounded) by June 30, 2003.

3.    Discovery will not be conducted in phases.

4.    There are no issues for early discovery.

5.    The parties anticipate that Plaintiff will require 1deposition and Defendant will require a total of up to 5 depositions of fact witnesses. The depositions will commence by April 1, 2003 and be completed by June 30, 2003.

6.    The parties will be limited to a total of 25 interrogatories, including subparts.

7.    Plaintiff may call expert witness(es) at trial. Plaintiff will designate all trial experts and provided opposing counsel with reports pursuant to Fed. R. Civ. P. 26 (a) (2) by April 1,2003. Depositions of such experts will be completed by June 30, 2003.

8.    Defendant may call expert witness (es) at trial. Defendant will designate all trial experts and provide opposing counsel with reports pursuant to Fed. R. Civ. P. 26 (a) (2) by May 1, 2003. Depositions of such experts will be completed by June 30, 2003.

9.    A damages analysis will be provided by Plaintiff by July 15, 2003.

G.    <u>Dispositive Motions</u>:

Dispositive motions will be filed on or before 30 days after the close of discovery.

H.    Joint Trial Memorandum:

The joint trial memorandum required by the Standing Order of Trial

Memoranda in Civil Cases will be filed by 45 days following ruling on dispositive

motions, if any; otherwise, it will be filed 45 days after the close of discovery.

## VI.    TRIAL READINESS

The case will be ready for trial by September 1, 2003

As an officer of the court, Defendant's counsel agrees, and, as a pro se party,

Plaintiff agrees, to cooperate with each other and the Court to promote the just, speedy

and inexpensive determination of this action.

Respectfully submitted,

The Defendant:

By its attorney:
JOHN A. DANAHER, III
United States Attorney


Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, CT 06006-0170
(860) 285-7098
E-Mail: arice@email.usps.gov
Connecticut Federal Bar No. ct 22474


The Plaintiff, pro se:


Corine Carr

non-moving party." Westinghouse Credit Corp. v. D'Urso, 278 F.3d 138, 145

(2d Cir. 2002). However, "[a] dispute is not 'genuine' unless 'the evidence is

such that a reasonable jury could return a verdict for the nonmoving party.'"

New York Stock Exchange, Inc. v. New York, 293 F. 3d 550 (2d Cir. 2002)

(quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

    **(b)**    ***Governing Law***

        (1)    <u>Federal Tort Claims Act</u>

        (a)    <u>Direct Action Against Postal Service</u>

The liability of the United States, in tort, is governed by the Federal Tort

Claims Act, 28 U.S.C. § 1346(b) et seq. ("the FTCA"). The FTCA grants the

District Court jurisdiction for actions on monetary claims for injuries, property loss

or death caused the negligent or wrongful act or omission of any employee of the

government. 28 U.S.C. § 1346(b). The Postal Service is subject to 28 U.S.C. §

1346(b) et seq. and suits against the Postal Service are governed by the FTCA.

39 U.S.C. § 409(c); Contemporary Mission, Inc. v. U.S. Postal Service, 648 F. 2d

97, 104 n. 9 ("damage claims against the Postal Service are governed by the

Federal Tort Claims Act"). The FTCA is the exclusive remedy for tort-based

actions against the Postal Service and the United States of America is the only

proper defendant in an FTCA claim. 28 U.S.C. § 2679(b) (1); See Mignogna v.

Sair Aviation, Inc., et als, 937 F. 2d 37, 40 (2d. Cir. 1991) (District Court lacks

jurisdiction over action against agency of United States); Rivera v. United States,

et als, 928 F. 2d 592, 609 (2d Cir. 1991) (the FTCA precludes tort suits against

federal agencies-the only proper federal institutional defendant in an FTCA case

5



is the United States); Myers & Myers, Inc. v. U.S. Postal Service, 527 F. 2d 1252, 1256 (2d Cir. 1975) (FTCA claim must be brought against United States, not Postal Service).

(b)     Liability Pursuant To FTCA

Under the FTCA, the United States may be held liable "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). However, the scope of the FTCA does not encompass claims seeking to hold the United States liable on strict or absolute liability theories. Laird v. Nelms, 406 U.S. 797, 801 (1972). The FTCA does not create a cause of action for Constitutional violations. See Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 29 L. Ed. 2d 619, 91 S. Ct. 1999 (1971) (affording a remedy against only Federal officials and precluding actions against Federal agencies for Constitutional violation claims).

The FTCA specifically excepts from the limited waiver of sovereign immunity claims for assault and battery and claims against the United States based upon an alleged violation of a Federal statute or regulation. 28 U.S.C. § 2680 (h).

(2)     Connecticut State Law

Under Connecticut state decisional law, negligence is a breach of duty. Petriello v. Kalman, 215 Conn. 377, 576 A. 2d 474, 477 (1990). In order to establish a prima facie case of negligence, a plaintiff is required to prove that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached this

6

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2002 OCT 23  A 10: 06

US DISTRICT COURT
HARTFORD CT

CORINE CARR,                      :

    Plaintiff,                    :

                                  :

    v.                            :      CASE NO.    3:01CV2175(DFM)
                                  :                  3:02CV375 (DFM)

                                  :

UNITED STATES POST OFFICE         :
HAMDEN BRANCH, et al.             :

                                  :

    Defendants.                   :

## RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This is a claim for personal injuries.  The plaintiff, Corine
Carr, proceeding pro se and in forma pauperis, alleges that while
she was a customer at various branches of the United States Post
Office, she was assaulted by "electrical shocks and currents."
Pending before the court are the parties' cross-motions for summary
judgment.    For  the  reasons  set  forth  below,  the  plaintiff's
motions[1] are DENIED and the defendant's motion is GRANTED.

I.   Factual Background

Beginning in 1991, the plaintiff began experiencing "hurling
electrical shocks and currents and jolts to her body" and hearing
voices. (Doc. #29, Ex. 3, Carr Dep. at 13.)  Although the incidents
stopped for a time, they have been constant since 1998.  (Id.)  The
plaintiff experiences shocks and hears voices while she is at home,
shopping and driving her car.  (Doc. #29, Ex. 3, Carr Dep. at 11.)

---

[1]The plaintiff filed two motions for summary judgment.   See
docs. ##21 and 25.

Ex. 4

She has notified the police. (Doc. #29, Ex. 3, Carr Dep. at 13.)

With respect to the case at hand, the plaintiff alleges that on several occasions while at the New Haven and Hamden, Connecticut Post Office branches, she experienced "painful electrical shocks" that "ruptured her genital tissue, right hip bone tissue and pelvis bone tissue." (Doc. #28 at ¶14.) During some of these episodes, the plaintiff heard voices. The voices, both male and female, spoke about "murder and sex," threatened her, called out the plaintiff's name, and identified the parts of her anatomy to which the shocks were directed. (Doc. #29, Ex. 3, Carr Dep. at 26-27, 44.) Sometimes the plaintiff would "shout out" when the shocks occurred, "causing alertness and tension to rise in other customers and some Postal Service clerks who are at their stations." (Doc. #29, Ex. 2, Doc. #31 at 13.)

The plaintiff does not know what caused the shocks. (Doc. #29, Ex. 3, Carr Dep. at 60-61.) With respect to the voices, the plaintiff does not know who spoke to her. (Doc. #29, Ex. 3, Carr Dep. at 42, 53-54; Doc. #31 at 18.) The voices came from somewhere behind the service counter. (Doc. #29, Ex. 3, Carr Dep. at 42.) Sometimes there was no one there. (Doc. #29, Ex. 3, Carr Dep. at 53.)

Prior to commencing this action, the plaintiff forwarded claim forms to the Postal Service to recover for the injuries she allegedly sustained from the purported electrical shocks and verbal

2

abuse.  The Postal Service denied the plaintiff's claims.  (Doc. #29, Ex. 1.)

The plaintiff brings this action claiming that the defendant is liable for negligence, assault and battery, and creating a "hostile environment" pursuant Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346(b) et seq. and for violating her constitutional rights.[2]  Both parties move for summary judgment on the plaintiff's claims.

## II.  Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "A genuine issue exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor."  Harlen Assocs. v. Incorporated Village of Mineola, 272 F.3d 494, 498 (2d

---

[2]In November 2001, the plaintiff commenced legal action against "United States Post Office, Hamden Branch." This complaint was assigned case number 3:01CV2175.  Because the only proper defendant for an FTCA claim is the United States, the plaintiff was given permission to amend her complaint to name as the defendant the United States rather than the "United States Post Office, Hamden Branch." See 28 U.S.C. §§ 1346(b)(1), 2679(a); Mignogna v. Sair Aviation, Inc., 937 F.2d 37, 40 (2d Cir. 1991) (action under the FTCA "must be brought against the United States rather than an agency thereof").  However, instead of amending her complaint by substituting the United States as the sole defendant, the plaintiff filed another complaint, identical to the first, with the United States as the defendant.  The second complaint was assigned case number 3:02CV375. The two cases were consolidated and assigned to the undersigned by the consent of the parties. See doc. #16.

3

Cir. 2001).[3]

III. <u>Discussion</u>

The plaintiff alleges that the defendant was negligent. In a negligence action, the plaintiff must meet all of the essential elements of the tort in order to prevail. These elements are: duty; breach of that duty; causation; and actual injury. <u>LaFlamme v. Dallessio</u>, 261 Conn. 247, 251 (2002). The plaintiff has failed to shoulder her burden as to causation. She contends that she should prevail on her negligence claim because she did not have the shock before "she entered the Post Office." (Doc. #31 at 11.) However, the plaintiff testified that she experiences electrical shocks and hears voices at many places other than the New Haven and Hamden Post Office branches. In addition, she cannot point to any conduct by the defendant that caused her injury. Because the plaintiff failed to offer any proof whatsoever that any acts of the Post Office were the cause-in-fact of her injuries, the defendant's motion for summary judgment as to this claim is granted.

The plaintiff also alleges that the defendant is liable for assault and battery. Assault is the "intentional placing of another person in fear of imminent harmful or offensive contact."

---

[3]After conducting a pre-filing conference, the court issued an order which identified clearly the <u>pro se</u> plaintiff's obligation to file a response to a motion for summary judgment. The order stated that the plaintiff must respond with "affidavits made on personal knowledge or other documentary evidence to show that there is a genuine issue of material fact for trial." <u>See</u> doc. #18.

United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp., 994 F.2d
105, 108 (2d Cir. 1993). Battery is "intentional wrongful physical
contact with another person without consent." Id. A person is
subject to liability to another for battery if "(a) he acts
intending to cause a harmful or offensive contact with the person
of the other or a third person, or an imminent apprehension of such
a contact, and (b) a harmful contact with the person of the other
directly or indirectly results." Restatement (Second) of Torts
§ 13, at 25 (1965).

The plaintiff's assault and battery claims fail. Under the
FTCA, the United States' general immunity from suit is waived to a
limited degree. The plaintiff alleges intentional torts. The FTCA
specifically excludes certain intentional torts, including assault
and battery. See 28 U.S.C. § 2680(h) (excluding "[a]ny claim
arising out of assault, battery, false imprisonment, false arrest,
malicious    prosecution,    abuse    of    process,    libel,    slander,
misrepresentation, deceit, or interference with contract rights .
. . . .") Accordingly, this court is without jurisdiction to hear
the plaintiff's claims.

The plaintiff also claims that the defendant created a
"hostile environment." Specifically, she alleges that "the
infliction of the hurling electrical shocks to the Plaintiff's body
parts and the direct sexual verbal comments . . . rose to a level
sufficient to form a hostile environment." (Doc. #31 at 13.) The

5

plaintiff correctly states that Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. is inapplicable to her claim because covers employment discrimination. See doc. #31 at 12. "Hostile environment," however, is a legal term of art that refers to a type of sexual harassment claim in an employment discrimination case. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). No employer-employee relationship exist in this case. In short, the plaintiff's "hostile environment" allegation fails to state a legal claim. Therefore, the defendant's motion for summary judgment as to this claim is granted.

As a final matter, the plaintiff appears to allege a violation of her constitutional rights, presumably under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). In order to state a Bivens claim for a constitutional tort, a plaintiff must allege a deprivation of constitutional rights by defendants acting under color of federal law. The court is without jurisdiction to hear this claim because the FTCA's limited waiver of sovereign immunity does not extend to claims of violations of constitutional rights. F.D.I.C. v. Meyer, 510 U.S. 471, 477 (1994). In addition, Bivens authorizes suits against a responsible federal official, Butz v. Economou, 438 U.S. 478, 504, (1978), not against the government itself, Norton v. United States, 581 F.2d 390, 393 (4th Cir. 1978), and Bivens-type actions against the United States are routinely dismissed for lack of subject

matter jurisdiction. <u>Keene Corp. v. United States</u>, 700 F.2d 836, 845 fn. 13 (2d Cir. 1983). <u>See</u> <u>F.D.I.C.</u>, 510 U.S. at 486 (<u>Bivens</u> action not allowed against federal agency); <u>Robinson v. Overseas Military Sales Corp.</u>, 21 F.3d 502, 510 (2d Cir. 1994) (<u>Bivens</u> claim cannot be maintained against the United States.); <u>Mack v. United States</u>, 814 F.2d 120, 123 (2d Cir. 1987) ("<u>Bivens</u> actions against the United States are routinely dismissed"); <u>Hightower v. United States</u>, 205 F. Supp.2d 146, 154 (S.D.N.Y. 2002)(same.)

IV.  <u>Conclusion</u>

For these reasons, IT IS HEREBY ORDERED that the plaintiff's motions for summary judgment (docs. ##21 and 25) are DENIED.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment (doc. #27) is GRANTED.

IT IS FURTHER ORDERED that JUDGMENT shall be entered in favor of the defendant.

SO ORDERED at Hartford, Connecticut this 2l day of October, 2002.

Donna F. Martinez
United States Magistrate Judge

7

non-moving party." Westinghouse Credit Corp. v. D'Urso, 278 F.3d 138, 145

(2d Cir. 2002). However, "[a] dispute is not 'genuine' unless 'the evidence is

such that a reasonable jury could return a verdict for the nonmoving party.'"

New York Stock Exchange, Inc. v. New York, 293 F. 3d 550 (2d Cir. 2002)

(quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

### (b)    Governing Law

#### (1)    Federal Tort Claims Act

##### (a)    Direct Action Against Postal Service

The liability of the United States, in tort, is governed by the Federal Tort

Claims Act, 28 U.S.C. § 1346(b) et seq. ("the FTCA"). The FTCA grants the

District Court jurisdiction for actions on monetary claims for injuries, property loss

or death caused the negligent or wrongful act or omission of any employee of the

government. 28 U.S.C. § 1346(b). The Postal Service is subject to 28 U.S.C. §

1346(b) et seq. and suits against the Postal Service are governed by the FTCA.

39 U.S.C. § 409(c); Contemporary Mission, Inc. v. U.S. Postal Service, 648 F. 2d

97, 104 n. 9 ("damage claims against the Postal Service are governed by the

Federal Tort Claims Act"). The FTCA is the exclusive remedy for tort-based

actions against the Postal Service and the United States of America is the only

proper defendant in an FTCA claim. 28 U.S.C. § 2679(b) (1); See Mignogna v.

Sair Aviation, Inc., et als, 937 F. 2d 37, 40 (2d. Cir. 1991) (District Court lacks

jurisdiction over action against agency of United States); Rivera v. United States,

et als, 928 F. 2d 592, 609 (2d Cir. 1991) (the FTCA precludes tort suits against

federal agencies-the only proper federal institutional defendant in an FTCA case

5

Ex. 4

is the United States); <u>Myers & Myers, Inc. v. U.S. Postal Service</u>, 527 F. 2d 1252,

1256 (2d Cir. 1975) (FTCA claim must be brought against United States, not

Postal Service).

    (b)    <u>Liability Pursuant To FTCA</u>

    Under the FTCA, the United States may be held liable "under

circumstances where the United States, if a private person, would be liable to

the claimant in accordance with the law of the place where the act or omission

occurred." 28 U.S.C. § 1346(b). However, the scope of the FTCA does not

encompass claims seeking to hold the United States liable on strict or absolute

liability theories. <u>Laird v. Nelms</u>, 406 U.S. 797, 801 (1972). The FTCA does not

create a cause of action for Constitutional violations. <u>See</u> <u>Bivens v. Six</u>

<u>Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 29 L. Ed. 2d

619, 91 S. Ct. 1999 (1971) (affording a remedy against only Federal officials and

precluding actions against Federal agencies for Constitutional violation claims).

    The FTCA specifically excepts from the limited waiver of sovereign

immunity claims for assault and battery and claims against the United States

based upon an alleged violation of a Federal statute or regulation. 28 U.S.C. §

2680 (h).

    (2)    <u>Connecticut State Law</u>

    Under Connecticut state decisional law, negligence is a breach of duty.

<u>Petriello v. Kalman</u>, 215 Conn. 377, 576 A. 2d 474, 477 (1990). In order to

establish a prima facie case of negligence, a plaintiff is required to prove that: (1)

the defendant owed the plaintiff a duty of care; (2) the defendant breached this