UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUL 26 A 11: 22
U.S. DISTRICT COURT
HARTFORD, CT

CORINE CARR      :
                 :
    Plaintiff   :
                 :
V.              :    DOCKET NO. 3:02CV2100 (DJS)
                 :
                 :
THE UNITED STATES OF AMERICA :
                 :
    Defendant   :    JULY 23, 2004

THE PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff in the above-captioned action hereby response to the Defendant's Opposition To Plaintiff's Motion For Summary Judgment as follow:

(1)   Plaintiff's Motions For Summary Judgment Are Untimely

The Plaintiff's untimely summary judgment motion was filed in the interest of justice.

The Court's Scheduling Order for filing dispositve motions was September 26, 2003. The Defendant filed a motion for summary judgment on September 26, 2003, and the Plaintiff filed an opposition to the Defendant's summary judgment motion on October 6, 2003.

On March 18, 2004, the Plaintiff filed The Plaintiff's Objection To The Defendant's Motion To Dismiss/Submitting, Exhibit K, Substantial Newly Discovered Evidences For The Court's Determination of The Proceeding on Record evidences that supports and proves

1

the Plaintiff's non frivolous claim against the Defendant and information that the Court needed, that were not on file, in the determination of the Plaintiff's and the Defendant's pleadings that were on the Court's record and the rule permits the Plaintiff to file that informational motion.

The Plaintiff on April 30, 2004, filed The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L,/Evidences fo Verbal Acts, By The Defendant(s), At The Plaintiff, evidences that supports and proves the Plaintiff's non frivolus claim against the Defendant and information that the Court needed, that were not on file, in the determination of the Plaintiff's and the Defendant's pleadings that were on the Court's record and the rule permits the Plaintiff to file that informational motion.

The Plaintiff's informational evident motions were and are soo supportive to the Plaintiff's non frivolous calim against the Defendant that it proves the Plaintiff's complaint. And the Plaintiff had no control over the time of the occurrences of the evidences that were demonstrated and pointed out by the Defendants to the Plaintiff and promptly submitted to the Court by the Plaintiff that did not delay nor prejudiced the Defendant's defense.

The Plaintiff wants justice served and did not and do not want the Plaintiff's non frivolous Complaint dismiss. The Plaintiff's untimely summary judgment motion was filed in the interest of justice and the Plaintiff's motions did not delay the trial; this

2

was a favorable opportunity for the Plaintiff to secure justice.

The Plaintiff could not predict that supportive evidences that proves the Plaintiff's non frivolous claim against the Defendant were going to occur so that the Plaintiff could request an extension of time beyond the Court's Scheduling Order.

<u>Fed. Rule 16, N26 - B. Effect of Pretrial Order; Subsequent Course of Action, 1. In General, 26. Generally</u> - Pretrial order does not bind trial court but is addressed to trial court's good sense. First Nat'l Bank v National Airlines, Inc. (1961, CA2 NY) 288 F2d 621, 4 FR Serv 2d 770, cert den (1961) 368 US 859, 7 L Ed 2d 57, 82 S Ct 102; (Para. 6.) Although requirements of pretrial order are not set in stone, but may be relaxed for good cause, extraordinary circumstances, or in interest of justice, terms of pretrial order must be firmly and fairly enforced if it is to serve purpose of pretrial management designed to secure just, speedy, and inexpensive determination of every action. Barwick v Celotex Corp. (1984, CA4 NC) 736 F2d 946, CCH Prod Liab Rep ¶ 10106.; and, (Para. 12)-Parties who find themselves unable to comply with dispositive motion deadline imposed by pretrial scheduling order should request extension of time, which sets forth why good cause exists therefor; however, court may exercise its discretion to dismiss untimely motion pursuant to FRCP 16(f). Chiropractic Alliance v Parisi (1996, DC NJ) 164 FRD 618, 34 FR Serv 3d 1402.

(2)    <u>Plaintiff's June 21, 2004 Motion Is Not Supported By Any Competent Evidence</u>

The Plaintiff dispute and object to the Defendant's accusation that the Plaintiff in her June 18, 2004 summary judgment motion, Plaintiff's Local Rule 56(a)(1) Statement ¶9, lack competent evidence. The Plaintiff has submitted relevant evidences that demonstrates and points out the proximate cause of the Plaintiff's injuries and the culprit, the Defendant(s) who committed the wrongful acts upon the Plaintiff's anatomy and the Plaintiff has testified to the inuries that the Plaintiff sustained and to the culprit(s), the Defendant(s) who committed the wrongful acts upon the Plaintiff's anatomy repeatedly by the same culprit, the Defendant, and the fact that the wrongful acts committed by the Defendant(s) upon the Plaintiff's anatomy happened while the Plaintiff was inside the Defendant's establishment and were solely directed at the Plaintiff, the Defendant addressed the Plaintiff by her name and the Defendant defiantly,that's how its done,after assaulting the Plaintiff again with the created shocks and currents. [See The Plaintiff's Response And Compliance To The Defendant's Opposition To Plaintiff's Motion For Summary Judgment, And, Motion For Summary Judgment In Favor Of The Plaintiff, pg. 26 item 3 thru pg.40.] <u>C.J.S. 31A Evidence §3 Competent Evidence</u>-By "competent" evidence is meant that which the very nature of the thing to be proved requires as the fit and appropriate proof in the particular case.[19] "Competent evidence" means evidence which tends to establish the fact in issue and does not rest on mere surmise or guess.[20] The

4

term has also been used and construed as synonymous with "admissible,"[21] "relevant,"[22] and "sufficient" or "adequate."[23]

The Plaintiff has established and shows a prima facie case evidence to justify a verdict in favor od rhe Plaintiff, evidences of negligent, deliberate and intentional wrongful acts by the same Defendant repeatedly and defiantly.

Ballentine's Law Dictionary "Prima Facie Evidence" -(Para. 2)
That is prima facie just, reasonable, or correct which is presumed to be just, reasonable, or correct until the presumption has been overcome by evidence which clearly rebuts it. Atchison, Topeka & Santa Fe Railway Co. v State, 23 Olla 210, 100 P 11. [See The Defendant's Motion To Dismiss And/Or Motion For Summary Judgment, dated September 26, 2003, Exhibit 3 The Plaintiff's Depo. pg. 9 line 1 thru line 8; pg. 22 line 9 thru pg. 65 line 15].

And, the Plaintiff has established and shown a breach of duty owe the Plaintiff by the Defendant and the Defendant(s) violation of states laws. [See The Plaintiff's Response Motion To The Defendant's Response To Plaintiff's Objection To Defendant's Motion For Summary Judgment, dated April 23, 2004, and, The Plaintiff's Objection To The Defendant's Motion To Dismiss, dated October 6, 2003, pg. 2 item 2 thru pg. 5 item 7].

The Defendant's ¶2 pg. 4 thru pg. 6 ¶1-Opinion Testimony:
The Plaintiff's Complaints are complaints of personal knowledge and experiences of a personal injury, common experience of mankind following series of physical, human being negligent, deliberate

5

and intentional wrongful acts, assaults of negligent, deliberate and intentional creation of percing signals inflicted into sensitive area of the Plaintiff's anatomy simultaneously as the Defendant(s) defiantly, negligently, deliberately and intentionally verbally abused the Plaintiff, facts of the issues that do not require an expert opinion testimony. The Plaintiff observed and witness the wrongful acts that were committed by the Defendant(s) upon the Plaintiff's anatomy and the Defendant demonstrated and pointed out the weapon(s), the Defendant's electronic safety security devices, that transmits signals to each and every location that the Plaintiff indicated where the shocks and currents were coming from that struck the Plaintiff's anatomy, facts of the issues that do not require an expert opinion testimony. [See The Plaintiff's Objection To The Defendant's Motion To Dismiss, dated October 6, 2003, pg. 3 item 3 thru pg. 6 ending para., the Plaintiff's Exhibit F the Plaintiff's letter dated April 2, 2001 to the Post Master pg. 1 thru pg. 5; The Defendant's Motion To Dismiss And/Or Motion For Summary Judgment, dated September 26, 2003, Exhibit 3 The Plaintiff's Depo. pg. 38 line 19 thru pg. 42 line 15, pg. 55 line 15 thru pg. 65 line 15; The Plaintiff's Objection To The Defendant's Motion To Dismiss/Submitting, Exhibit K, Substantial Newly Discovered Evidences For The Court's Determination Of The Proceedings On Record, dated March 18, 2004, pg. 2 item 2 thru pg. 11 of the Plaintiff's Exhibit K; The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L,/Evidence Of Verbal

Acts, By The Defendant(s), At The PLaintiff, dated April 30, 2004, pg. 2 item B thru pg. 19; And, The Plaintiff's Response And Compliance To The Defendant's Opposition To Plaintiff's Motion For Summary Judgment, And, Motion For Summary Judgment In Favor Of The Plaintiff, dated June 18, 2004, Exhibit G The Plaintiff's letter to Atty. Rice].

<u>Fed. Rule 701, N1. Generally.</u> Considerable discretion is vested in the trial court as to the admission or exclusion of the opinions of ordinary witness concerning matters which are shown to be within their observation or experience. United States v Trenton Protteries Co. (1927) 273 US 392, 71 Ed 700, 47 S Ct 377, 50 ALR 989., (2) <u>Purpose.</u> Primary purpose of Rule 701 is to allow non-expert witness to give opinion testimony when, as matter of practical necessity, events which they have personally observed cannot otherwise be fully presented to court or jury. Randolph v Collectramatic, Inc. (1979, CA10 Olla) 590 F2d 844, 3 Fed Rules Evid Serv 1058. (3) <u>Opinions rationally based on perception,</u> ¶3- It is not required that a witness, to be competent, show that he has knowledge of every fact surrounding the act or transaction in issue. The fact that he did not observe some surrounding condition goes to the weight and not the admissibility of his testimony. Altvater v Battocletti (1962, CA4 W Va) 300 F2d 156, fFR Serv 2d 794., <u>Lay and Expert Witness, pg. 6</u> -Rule 701 and 702 both allow a witness to give an opinion so long as the opinion would be helpful to the jury. It is fair to state that the line between

lay witness opinion and expert opinion has been blurr by the Federal Courts. Sometime a reviewing Court will not bother to decide whether a witness is offering expert or lay opinion, since in its opinion the proffered opinion would be admissible under Rule 701 or 702. See, e.g., United States v Fleishman, 684 F.2d 1329 (9th Cir. 1982) (whether the testimony was lay or expert opinion, it was permissible for an undercover agent to testify that a defendant was acting as a lookout). Similarly, Courts have excused the qualification requirements of Rule 702 by finding that the particular witness can give a helpful opinion as a lay witness. See, e.g., United States v. Paiva, 892 F2d 148, 156 (1st Cir. 1989) (a lay witness was allowed to testify that a substance tasted like cocaine; the Court declared that Rule 701 "blurred any rigid distinction that may have existed between" lay and expert testimony).

And, the Plaintiff is not testifying to a technical defect of a product or the operation of a product. The Plaintiff is testifying about repeated experiences of infliction of pain, by the Defendant(s) negligent, deliberate and intentional creation of shocks and currents wrongful acts, into the Plaintiff's anatomy, simultaneously as the same Defendant verbally abused the Plaintiff and that the verbal abuse and infliction of pain to the Plaintiff's anatomy were directed solely at the Plaintiff and the Plaintiff felt the pain and heard the verbal abuses. The Plaintiff is testifying to the Plaintiff's ability to indentify the Defendant's

8

voice, the ability to indentify the Defendant and the ability to indentify the locations where the shocks and currents came from and that the Defendant(s) has demonstrated and pointed out the source of the shocks and currents that are striking the Plaintiff's anatomy. The Plaintiff personally observed and witness these repetitous events, events that are non-scientific and non-technical. [See The Defendant's Motion To Dismiss And/Or Motion For Summary Judgment, dated September 26, 2003, Exhibit 3 The Plaintiff's Depo. pg. 22 line 9 thru pg. 65 line 4; The Plaintiff's Objection To The Defendant's Motion To Dismiss, dated October 6, 2003, Exhibit F The Plaintiff's letter dated April 2, 2001 to the Post Master, pg. 3 item 3 thru pg. 6 ending para. of item 8 pg. 5; The Plaintiff's Objection To The Defendant's Motion To Dismiss/ Submitting, Exhibit K, Substantial Newly Discovered Evidences For The Court's Determination Of The Proceedings On Record, dated March 18, 2004; The Plaintiff's Response Motion To The Defendant's Response To Plaintiff's Objection To Defendant's Motion For Summary Judgment, dated April 23, 2004; The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L,/Evidences Of Verbal Acts, By The Defendant(s), At The Plaintiff, dated April 30, 2004; and, The Plaintiff's Response And Compliance To The Defendant's Opposition To Plaintiff's Motion For Summary Judgment, And, Motion For Summary Judgment In Favor Of The Plaintiff, dated June 18, 2004, Exhibit G The Plaintiff's letter dated May 19, 2004 to Atty. Rice].

<u>Fed. Rule 701 pg. 6 Lay Witnesses On Technical Matters:</u>

9

(Para. 9 pg. 8) The Asplundh Court did not purport to disturb the "core" of Rule 701. Technical lay opinion testimony is the exception, not the rule. Most lay opinion is offered as means of expressing a compendium of facts in an understandable and efficient manner - that the person was drunk, angry, in love, etc. The use of lay opinion testimony as a shorthand device is clearly permitted by Rule 701. Daubert has no relevance to such nontechnical testimony. Fed. Rule 701 N12. Miscellaneous. (Para. 5) - Trial court did not err in trial of bank employee charged with misapplication and conversion of traveler's checks when it admitted testimony of two of defendant's co-workers to effect that they were familiar with defendant's handwriting and that in their opinion it matched or was similar to handwriting on checks. United States v Barker (1984, CA11 Ala) 735 F2d 1280, 15 Fed Rules Evid Serv 1622, cert den (1984) 469 US 933, 83 L Ed 2d 266, 105 S Ct 329., Fed. Rule 701, N7 Identification testimony. Witness's opinion concerning identity of person depicted in surveillance photogrph is admissible if there some basis for concluding that witness is more likely to correctly identify defendant from photograph than is jury; requirement is fulfilled where witness was familiar with defendant's appearance around time surveillance was taken and defendant's appearance has changed prior to trial. United States v Farnsworth (1984, CA8 Mo) 729 F2d 1158, 15 Fed Rules Evid Serv 869.

The Defendant's pg. 6 ¶2 Cited Evidence:

The Plaintiff has cited evidences that the Defendant(s) are misusing and committing negligent, deliberate and intentional wrongful acts with its electronic safety signaling devices that are located on the Defendant's premises to negligently, deliberately and intentionally create hazardous condition of shocks and currents that are inflicted into the Plaintiff's anatomy.  The Plain- testified that she experienced shock from an electrical wall outlet receptacle once; The Plaintiff's Complaint issue is about repetitious negligent, deliberate and intentional wrongful acts being committed by the Defendant(s) that are directed solely at the Plaintiff and the to the Plaintiff's anatomy while the Plaintiff is inside the Defendant's establishment; And, the Defendant, the same Defendant over and over again has boast about the ability to commit the despicable, negligent, deliberate and intentional wrongful acts upon any part of the Plaintiff's anatomy that the Defendant want to assault with the created shocks and currents.  The same Defendant has called out the Plaintiff's name Corine Carr, repeatedly as the inflictions are occurring and name the precise, exact part of the Plaintiff's anatomy that the shocks and currents strikes; And, the same Defendant has said defiantly "that's how it's done" at the Plaintiff as the same Defendant negligently, deliberatly and intentionally inflict percing painful shocks and currents into the Plaintiff's anatomy.  And, the Defendant has pointed out and demonstrated the Defendant's electronic safety security signaling device and said during the demonstration, to the Plaintiff, that the Defendant's  electronic safety security

11

signaling device(s) was being used to create the shocks and currents that were and are being inflicted into the Plaintiff's anatomy by the Defendant(s). [See The Defendant's Motion To Dismiss And/Or Motion For Summary Judgment, dated September 26, 2003, Exhibit 3 The Plaintiff's Depo. pg. 29 line 2 thru line 7, pg. 38 line 19 thru pg. 42 line 15, pg. 55 line 15 thru pg. 57 line 8, pg. 57 line 9 thru pg. 58 line 4, pg. 58 line 5 thru pg. 60 line 3, pg. 63 line 6 thru pg. 65 line 4; The Plaintiff's Objection To The Defendant's Motion To Dismiss, dated October 6, 2003, Exhibit F The Plaintiff's letter dated April 2, 2001 to the Post Master, pg. 3 item 3 thru pg. 5 item 7; The Plaintiff's Objection To The Defendant's Motion To Dismiss/Submitting, Exhibit K,Substantial Newly Discovered Evidences For The Court's Determination Of The Proceedings On Record, dated March 18, 2004; The Plaintiff's Response Motion To The Defendant's Response To Plaintiff's Objection To Defendant's Motion For Summary Judgment, dated April 23, 2004; The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L,/Evidences Of Verbal Acts, By The Defendant(s), At The Plaintiff, dated April 30, 2004].

<u>The Defendant's pg. 7 ¶1 Cause of Shocks and Currents:</u>
The Plaintiff has submitted competent evidence to the cause of the Defendant's repetitious, negligent, deliberate and intentional created shocks and currents that the Defendant(s) are repetitiously, defiantly, negligently, deliberately and intentionally inflicting into the Plaintiff's anatomy, despicable wrongful acts that

the Defendant(s) are committing upon the Plaintiff's anatomy, while the Defendant(s) are out of view but voice is audible to the Plaintiff and the transmitting signals of piercing painful shocks and currents are felt by the Plaintiff. [See The Defendant's Motion To Dismiss And/Or Motion For Summary Judgment, dated September 26, 2003, Exhibit The Plaintiff's Depo. pg. 29 line 2 thru line 7, pg. 38 line 19 thru pg. 42 line 15, pg. 55 line 15 thru pg. 60 line 3; The Plaintiff's Objection To The Defendant's Motion To Dismiss/ Submitting, Exhibit K, Substantial Newly Discovered Evidences For The Court's Determination Of The Proceedings On Record, dated March 18, 2004; The Plaintiff's Response Motion To The Defendant's Response To Plaintiff's Objection To Defendant's Motion For Summary Judgment, dated April 23, 2004; The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L/Evidence Of Verbal Acts, By The Defendant(s), At The Plaintiff, dated April 30, 2004]

<u>The Defendant's pg. 7 ¶2 Plaintiff's qualification/Expert Witness:</u>
The discloure of expert testimony on the Plaintiff's non-frivolous claim issues should not be necessary. The Plaintiff has established and shown a prima facie case evidence, competent evidences that are testified to by the Plaintiff and clearly stated that justifys a verdict in favor of the Plaintiff on the Plaintiff's own testimony. The Plaintiff's non-frivolous claim issues are about despicable, negligent, deliberate and intentional repetitious wrongful acts committed by the Defendant(s) and the Defendant's created

hazardous conditions in an area where the Plaintiff was invited to be, non-scientific and non-technical wrongful acts that breach safety duties and law safety owed the Plaintiff. And, the Defendant(s) demonstrated and pointed out the source of the weapon, the signaling device(s), that the Defendant(s) used repetitiously, negligently, deliberately and intentionally to create the shocks and currents that created a hazardous conditions that caused the Plaintiff to sustained and suffered personal injuries to the Plaintiff's anatomy. And, the Defendant defiantly and boastfully said that the Defendant(s) were the ones who are repetitiously, negligently, deliberately and intentionally assaulting the Plaintiff's anatomy with the created shocks and currents inflictions that last from 10 to 45 minutes before ceasing when the Defendant said defiantly and boastfully "that's how it's done" at the Plaintiff as the Defendant negligently, deliberately and intentionally inflicted piercing painful shocks and currents into the Plaintiff's anatomy again. [See The Defendant's Motion To Dismiss And/Or Motion For Summary Judgment, dated Sepetmber 26, 2003, Exhibit 3 The Plaintiff's Depo. pg. 22 line 9 thru pg. 65 line 4; The Plaintiff's Objection To The Defendant's Motion To Dismiss, dated October 6, 2003, pg. 2 item 2 thru pg. 6 ending of ¶8 pg. 5; The Plaintiff's OBjection To The Defendant's Motion To Dismiss/Submitting, Exhibit K, Substantial Newly Discovered Evidences For The Court's Determination Of The Proceedings On Record, dated March 18, 2004; The Plaintiff's Response Motion To The Defendant's Response To Plaintiff's Objection To Defendant's Motion For Summary Judgment, dated

April 23, 2004; The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L,/ Evidences Of Verbal Acts, By The Defendant(s), At The Plaintiff, dated April 30, 2004].

<u>Fed. Rule Of Evidence Rule 702 N18:</u> Court did not err in finding that expert's testimony should not have been admitted since typical juror knows that it is more difficult to lift objects from seated position and once jury was told how plaintiff performed his job and how much weight he was required to lift, question of whether such weight was unreasonable was within juror's common sense and everyday knowledge. Persinger v Norfolk & W.R. Co. (1990, CA4 Va) 920 F2d 1185, 31 Fed Rules Evid Serv 1498.

<u>The Defendant's pg. 7 ¶3 What The Postal Service Done To Cause Shocks And Currents:</u>
The Plaintiff is competent enough to testify that piercing painful shocks and currents struck her anatomy and has stated in her deposition that transmitting signals struck her anatomy and the Plaintifff has submitted adequate sufficient evidences that states clearly what the Defendant(s) done to the cause of shocks and currents; The Defendant(s) misused the Defendant's electronic safety security signaling device and transmitted signals from one device to another as the Plaintiff stood in the path of the signals. The Defendant(s) created this hazardous conditon negligently, deliberately and intentionally. [See The Defendant's Motion To Dismiss And/Or Motion For Summary Judgment, dated September 26, 2003, Exhibit 3 The Plaintiff's Depo. pg. 24 thru pg. 29 line 7]. The

Defendant's verbal acts, "This is part of our security" "You know how to mind your own business", utter at the Plaintiff, on April 23, 2004, as the Defendant(s) created a hazardous condition of bursting puff of stingy, prickly, piercing, painful, burning sensation electrical flow of shocks and currents and vibrations, with the Defendant's electronic safety security signaling device located on the back door on the right side of the Defendant's building are the identical kind of shocks and currents and pain that the Plaintiff mentioned throughout her complaint and deposition and that came from the same indentical locations that are mentioned throughout the Plaintiff's Complaint and that struck the Plaintiff's left jaw coincide and is proof of what the Plaintiff said, the shocks and currents are being produced with a transmitting signaling device(s). A few weeks prior to the April 23, 2004, event at the back door, on March 11, 2004, at that same back door, the Plaintiff's life was threatened by a maleficence boastful loud male voice who said "You are going to get kill" at the Plaintiff as a throbbing pressure of electrical currents flow through the Plaintiff's head straight to the building's wall and to the same back door on the right side of the Defendant's building as the Plaintiff sat in her parked that she had just turned off the engine. [The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L,/Evidences Of Verbal Acts, By The Defendant(s), At The Plaintiff; The Plaintiff's Objection To The Defendant's Motion To Dismiss Submitting Exhibit K, Substantial Newly Discovered Evidences For The Court's Determination Of The Proceedings On Record,

dated March 18, 2004]

<u>The Defendant's pg. 8 ¶1-2 thru pg. 9 - Require Expert Witness:</u>
The Plaintiff's non frivolous claims are actionable negligence committed by the Defendant(s), breach of duties to keep the invited area safe for the Plaintiff and breach of the laws, by the Defendant(s)' despicable, negligent, deliberate and intentional repetitious wrongful acts that lasted 10 to 45 minutes during the occurrences that were directed solely at the Plaintiff, **that pro**tects the Plaintiff from wrongful acts of others. The Plaintiff is competent enough to testify to the facts of the events; the Plaintiff's medical records proves that the Plaintiff has no internal medical problems that exists that are causing the pain that the Plaintiff is experiencing; the Plaintiff's depostion clearly states and testify to the facts of the events; and, the Plaintiff's evidential pleadings clearly states and proffer the facts that will lead the trier to the conclusion that the events occurred as stated in the Plaintiff's Complaint Counts and that the Defendant is liable for the Plaintiff's injuries sustained. The Plaintiff has proffer and prove a prima facie case and the facts proffer speaks for it self in so that the trier should not need an expert witness to testify to the facts that are stated by the Plaintiff and testified to. [See The Defendant's Motion To Dismiss And/Or Motion For Summary Judgment, dated September 26, 2003, Exhibit 3 The Plaintiff's Depo. pg. 22 line 9 thru pg. 65 line 4; The Plaintiff's Objection To The Defendant's Motion To Dismiss/Submitting, Exhibit K, Substantial Newly Discovered

Evidences For The Court's Determination Of The Proceedings On Record, dated March 18, 2004; The Plaintiff's Response Motion To The Defendant's Response To Plaintiff's Objection To Defendant's Motion For Summary Judgment, dated April 23, 2004; The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L,/Evidences Of Verbal Acts, By The Defendant(s), At The Plaintiff; The Plaintiff's Response And Compliance To The Defendant's Opposition To Plaintiff's Motion For Summary Judgment,And, Motion For Summary Judgment In Favor Of The Plaintiff, dated June 18, 2004, Exhibit G The Plaintiff's letter to Atty. Rice].

<u>Fed. Rule 702 N18. Physical Injuries.</u> Court did not err in finding that expert's testimony should not have been admitted since typical juror knows that it is more difficult to lift objects from seated position and once jury was told how plaintiff performed his job and how much weight he was required to lift, question of whether such weight was unreasonable was within jurors' common sense and everyday knowledge. Persinger v Norfolk & W.R. Co. (1990, CA4 Va) 920 F2d 1185, 31 Fed Rules Evid Serv 1498.

Conclusion

The Plaintiff has submitted competent evidences that supports opposition to dismissal of the Plaintiff's non frivolous claim and judgment for summary judgment in favor of the Plaintiff on The Plaintiff's Motion For Summary Judgment and on the Defendant's previously-filed dispositive motion.

<u>Law in Support of The Plaintiff's Response To Defendant's Opposition To Plaintiff's Motion For Summary Judgment:</u>

<u>Fed. Rules Of Civil Procedure Rule 12(b) How Presented.</u> Every defense, in law, or fact, to claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one's is required,..

         PLAINTIFF/PRO SE

        BY *Corine Carr*
         Corine Carr

PLAINTIFF/PRO SE

BY *Corine Carr*
Corine Carr

## CERTIFICATION

I, Corine Carr, the Plaintiff/pro se, certify that a copy of The Plaintiff's Response To Defendant's Opposition To Plaintiff's Motion For Summary Judgment was mailed to:

Attorney Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, CT 06006-0170
(860) 285-7098
anthony.t.rice.usps.gov
Connecticut Federal Bar No. ct22474


Dated:   July 23, 2004

PLAINTIFF/PRO SE

BY *Corine Carr*
Corine Carr
42 Goodyear Street
New Haven, Connecticut, 06511
(203) 785-9594