UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUL 26  A 11: 22
U.S. DISTRICT COURT
HARTFORD, CT.

CORINE CARR        :
                   :
     Plaintiff     :
                   :
V.                 :   DOCKET NO. 3:02CV2100 (DJS)
                   :
                   :
THE UNITED STATES OF AMERICA :
                   :
     Defendant     :   JULY 23, 2004

THE PLAINTIFF'S RESPONSE TO DEFENDANT'S
LOCAL RULE 56(a) (2) STATEMENT

The Plaintiff hereby responds to the Defendant's Local Rule 56(a) (2) Statement, in the order presented, as follows:

1.   The Plaintiff object in part; the Plaintiff commenced this action against The United States of America Postal Service, Hamden Branch, in the State of Connecticut Superior Court on November 7, 2002. [See Exhibit A The Plaintiff's Summon-Writ attached to The Plaintiff's Local Rule 56(a) (1) Statement].

2.   Affirmative.

3.   The Plaintiff object to the Defendant's denying that the Postal Service directed the Plaintiff to file civil action. The Defendant signed and mailed the denial correspondence to the Plaintiff on April 16, 2002, [See Exhibit A- Attached], and, the Plaintiff requested reconsideration on August 13, 2002. [See Exhibit B Attached].

4.   The Plaintiff object to the Defendant's second sentence statement. The Conducts of the Defendant(s) are responsible for the

1

electrical shocks and has the Defendant(s) has engaged in negligent, deliberate and intentional wrongful acts and creates hazardous conditions on the Postal Service premises. [See The Plaintiff's Depo. listed in statement and SEE The Plaintiff's Objection To The Defendant's Motion To Dismiss, dated October 6, 2003, pg. 2 item 2 thru pg. 6 ending of ¶8; The Plaintiff's Objection To The Defendant's Motion To Dismiss/Submitting, Exhibit K, Substantial Newly Discovered Evidences For The Court's Determination Of The Proceedings On Record, dated March 18, 2004; The Plaintiff's Response Motion To The Defendant's Response To Plaintiff's Objection To Defendant's Motion For Summary Judgment, dated April 23, 2004; The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L,/Evidences Of Verbal Acts, By The Defendant(s), At The Plaintiff, dated April 30, 2004].

5. The Plaintiff object. The Plaintiff deposition states that the assaults to the Plaintiff's anatomy all, for the exception of the second occurrence that happened outside the Defendant's building on November 13, 2001, see Plaintiff's Depo. pg. 53 line 16 thru pg. 54 line 25, occurred while the Plaintiff was inside the Defendant's building and that the shocks and currents always came from the work area of the Defendants. and, the Defendant(s) committed the wrongful acts upon the Plaintiff's anatomy, breach a safety duty that the Defendant owe the Plaintiff in an invited place and the Defendant(s) breach states laws that protects the Plaintiff from wrongful acts of other that can and did injured the PLaintiff anatomy, factual basis and law that constitutes a

2

tort. [See The Plaintiff's Objection To The Defendant's Motion To Dismiss, dated October 6, 2003, pg. 2 item 2 thru pg.6 ending of ¶8].

6.  Affirmative to the Plaintiff's statement.

7.  Affirmative to the Plaintiff's statement.

8.  The Plaintiff will submit the informational correspondent addressed to Atty. Rice concerning occurrences of incidents that occurred after the commencement of the Plaintiff's lawsuit against the Defendant on August 21, 2002, August 23, 2002, August 28, 2002, March 11, 2004 And April 23, 2004, to the Postal Service Paralegal Specialist For the United States Postal Service Law Department and request that PS Form 95 be sent to the Plaintiff to fill out and filed with the Postal Service Paralegal Specialist Department].

9.  The Plaintiff object to the Defendant denying that no other equipment on the Postal Service premises constitute "weapons" or "culprits" were the cause of any of the shocks and currents that struck the Plaintiff's anatomy.  The Plaintiff's deposition shows and the recently submitted evidential pleadings presented to the Court are proof that the Defendant(s) are the "culprits", the guilty ones and the liable person(s) in the wrongful acts that are committed upon the Plaintiff's anatomy by creating hazardous conditions of shocks and currents in an invited place, and, the Defendant(s) are misusing its electronic safety security signaling device(s) as "weapons" a means of contending and striving to cause forceful energy, pain and injuries to the Plaintiff's anatomy. And, the Defendant(s), on April 23, 2004, demonstrated and pointed

out to the Plaintiff that the Defendant's electronic safety security signaling device(s) were causing and being used to create hazardous conditions of shocks and currents that were striking the Plaintiff's anatomy. [See The Defendant's Motion To Dismiss And/Or Motion For Summary Judgment, dated September 26, 2003, Exhibit 3 The Plaintiff's Depo. pg. 38 line 13 thru pg. 42 line 15, pg. 55 line 20 thru pg. 57 line 8, pg. 57 line 9 thru pg. 58 line 4, pg. 63 line 6 thru line 12, pg. 64 line 4 thru pg. 65 line 4; The Plaintiff's Objection To The Defendant's Motion To Dismiss/Submitting, Exhibit K, Substantial Newly Discovered Evidences For The Court's Determination Of The Proceedings On Record, dated March 18, 2004; The Plaintiff's Response Motion To The Defendant's Response To Plaintiff's Objection To Defendant's Motion For Summary Judgment, dated April 23, 2004; The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L,/Evidences Of Verbal Acts, By The Defendant(s), At The Plaintiff, dated April 30, 2004].

10. The Plaintiff object. The Plaintiff's correspondence, dated August 30, 2002, sets forth factual claim of continuing verbal abuse by the Defendants at the Plaintiff and continuing assaults of indecent inflictions of shocks and currents into the Plaintiff's anatomy, breach of safety duties owe the Plaintiff in an invited place and breach of the state's laws that protect the Plaintiff from wrongful acts of others. [See The Plaintiff's Objection To The Defendant's Motion To Dismiss, dated October 6, 2003, pg. 3 item 3 thru pg. 6 ending of ¶8]. The Defendant's denial correspondence, dated April 16, 2002, lead the Plaintiff to think that

the correspondence to the Defendant was adequate notification of the on going incidents against the Plaintiff's anatomy and the Defendant could have in form or send the Plaintiff the PS Form 95 that suppose to be file with the Paralegal Specialist Department; The Plaintiff will submit the PS Form 95 to the Paralegal Specialist Department of the Postal Service.

11. The Plaintiff is testifying to a proven prima facie case of factual wrongful events that breach duties owe the Plaintiff, by the Defendant in an invited place, and breach of laws that protects the Plaintiff from wrongful acts of others. The Plaintiff is competent enough to testify clearly and understandably about and to the facts of the wrongful events in so that the trier knowledge and common sense will not require an expert witness to explain the facts testified to by the PLaintiff. [See The Plaintiff's Response To Defendant's Opposition To Plaintiff's Motion For Summary Judgment, this filing, dated July 23, 2004, pg. 6 ¶1 thru pg. 10, pg. 12 thru pg. 14 ¶1].

12. Affirmative to the Plaintiff's statement.

13. Affirmative to the Plaintiff's statement; The Plaintiff object to the Defendant's statement that denies that the Plaintiff has not set forth factual and legal viable claim that constitutes continuing nuisance acts by the Defendant(s). The Defendant(s) has continued to harm the Plaintiff's anatomy with the same kind of shocks and currents and to the same anatomy parts and has begin to verbally abuse the Plaintiff defiantly and soley each and

every time that the Plaintiff visit the Defendant's establishment premises on 50 Brewery Street, New Haven, Connecticut, and Hamden, Connecticut, 1744 Dixwell Avenue.  [See The Defendant's Motion To Dismiss And/Or Motion For Summary Judgment, dated September 26, 2003, Exhibit 3 The Plaintiff's Depo. pg. 22 line 9 thru pg. 65 line 4; The Plaintiff Objection To The Defendant's Motion To Dismiss, dated October 6, 2003, pg. 2 item 2 thru pg. 11' The Plaintiff's Objection To The Defendant's Motion To Dismiss/Submitting, Exhibit K, Substantial Newly Discovered Evidences For The Court's Determination Of The Proceedings On Record, dated March 18, 2004; The Plaintiff's Response Motion To The Defendant's Response To Plaintiff's Objection To Defendant's Motion For Summary Judgment, dated April 23, 2004; The Plaintiff's Motion To Submit Continuing Evidence, As Exhibit L,/Evidences Of Verbal Acts, By The Defendant(s), At The Plaintiff, dated April 30, 2004].

Law in Support of The Plaintiff's Response To Defendant's Local Rule 56(a) (2) Statement:

Fed. Rules Of Civil Procedure Rule 12(b) How Presented. Every defense, in law, or fact, to claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one's is required, ...

                                        PLAINTIFF/PRO SE

                                        BY *Corine Carr*
                                            Corine Carr

CERTIFICATION

I, Corine Carr, the Plaintiff/pro se, certify that a copy of

The Plaintiff's Response To Defendant's Local Rule 56(a) (2)

Statement was mailed to:

Attorney Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, CT 06006-0170
(860) 285-7098
E-Mail:anthony.t.rice@usps.gov
Connecticut Federal Bar No. ct22474


Dated July 23, 2004

                                          PLAINTIFF/PRO SE

                                  BY *Corine Carr* (signature)
                                  Corine Carr
                                  42 Goodyear Street
                                  New Haven, Connecticut, 06511
                                  (203) 785-9495

NORTHEAST AREA LAW OFFICE
Case 3:02-cv-02100-DJS   Document 35   Filed 07/26/2004   Page 8 of 11
UNITED STATES
POSTAL SERVICE

April 16, 2002

Corine Carr
42 Goodyear Street
New Haven, CT 06511

Re:   Incidents at Hamden, CT and New Haven, CT Post Offices

Dear Ms. Carr:

    This correspondence will serve as a denial, and reaffirmation of the prior denial, of the several claims made by you concerning injuries allegedly suffered by you at the Hamden, CT and New Haven, CT Post Offices. Specifically, you have forwarded correspondence to the Postal Service alleging that you have received shocks and verbal abuse while on Postal Service premises. The dates of the alleged incident dates, as derived from your previously forwarded correspondence, are as follows:

-February 19, 2001
-February 20, 2001
-March 9, 2001
-March 27, 2001
-March 30, 20001
-April 21, 2001
-October 24, 2001
-November 13, 2001

    The Postal Service denies liability for any incidents alleged to have occurred on these dates. You have previously commenced two separate civil actions in the U.S. District Court for the District of Connecticut; however, Postal Service regulations require that I advise you that if you are dissatisfied with this final action on your claims, that you may file suit against the United States of America in an appropriate District Court not later than six (6) months from the date of the mailing of this letter, which is the date shown at the top of this please. Please see 39 C.F.R. § 912.9(a).

Sincerely,

*[signature]*

Anthony T. Rice
Attorney

CERTIFIED MAIL NO. 7099 3400 0009 8088 0975

3 GRIFFIN ROAD NORTH
WINDSOR, CT 06006-0170
860 285-7098
FAX 860 285-7397

Exhibit — A

42 Goodyear Street
New Haven, Connecticut, 06511
August 13, 2002
203-785-9495


Attorney Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, Connecticut, 06006-0170


Re:   Incidents at Hamden, CT. and New Haven, CT.
      Branch of The United States of America
      Postal Service


Dear Attorney Rice,

Pursuant to Rule 39CFR 912.9(a) and Rule 39 CFR 912.9(b), the plaintiff request a reconsideration of your denial of my injury claims for the dates of the incidents that are listed below:

February 20, 2001
March 9, 2001
March 27, 2001
March 30, 2001
April 21, 2001
October 24, 2001
November 13, 2001

I experienced bodily harm that were physical violent, hostile and aggressive on the dates that are listed above. These were intent wrongful acts caused by your U.S. Postal Service employees.

My letters informing the Post Master of my personal injuries, states and I reaffirm, that the Postal Service employee(s) named the body parts as they inflict pain into it. Also, the Postal Service employee(s) called out my name, "Corine Carr", as they in-flict pain into my body parts. And because the duration and ex-tent of time that they constantly inflict pain into my body parts, leaves no doubt or uncertainty that the Postal Service employee(s) intent was to injure me. (See letters attached).

This is a personal injury actionable by law or suit in equity, be-cause it's a crime to assault someone, although it did not invol-ved physical contact with the hands. These injuries caused me

Exhibit - B

actual physical pain, discomfort, embarassment to my reputation, my character, my conduct and my manners. Also, these personal injuries caused me to seek medical help for my suffering.

These are intentional wrongful acts that were committed by your U.S. Postal Service employee(s). All of the painful electrical shocks and currents, that penetrated my body and the verbal attacks, came from the work area of your employees.

I did not provoked anyone, employees nor any customers, while I was on the premise of the U.S. Postal Service, at any time during my visits.

The U.S. Postal Service employee(s) anticipated and looked forward to injuring me because they kept repeating the same wrongful act on the same body parts on different occasion and with in seconds of me being on the premise. The law protects me from wrongful acts of these kinds.

C.J.S. 539-Negligence-Protection From Acts of Other Person: (Says) Generally a proprietor of a place of business or public resort must use ordinary care to protect customers, patrons, or other invitees against the dangers which may be caused by the negligent or wrongful acts of his employees, customers, or other person, where he has reasonable cause to anticipate the wrongful or negligent acts and the probability of injury therefrom.

The U.S. Postal Service had to have had knowledge that something along with some type of metal could produce a flow of painful electrical shocks and currents because the employee(s) kept committing the same act from the same area of the Postal Service Office. The U.S. Postal Service also knew that something was wrong and that I was angrily agitated because I said loudly on a few occasion as the pain was being inflict into my body,"Stop!, Stop Ass hole!" And since my law suit against the U.S. of America Postal Service has begun, the painful electrical shocks and currents to my body, when I visit the Post Offices, has decreased.

My most recent discovery observation and incident of electrical shocks and currents, that occurred on 8-8-02, while I was the only customer on the premise of the U.S. Postal Service, Hamden Branch, at that time, proves that something has a tendency to malfunction and something is in that area that is metalic and can and do produce painful electrification to one's body. (See the recent discovery information, dated 8-13-02, and the attached receipt).

Attorney Rice, please reconsider your denial decision of my personal injury claims because they are all legitimate claims by law.

Exhibit B

Sincerely yours

Corine Carr

Corine Carr

2

## CERTIFICATION

I, Corine Carr, certify that a copy of the Request For Reconsideration was mailed to:


Attorney Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, Connecticut, 06006-0170
(860) 285-7098
E-Mail: rice@email.usps.gov
Connecticut Federal Bar No. ct22474


Dated  August 13, 2002


                                          PLAINTIFF/PRO SE

                           BY  *Corine Carr* (signature)
                              Corine Carr
                              42 Goodyear Street
                              New Haven, Connecticut, 06511
                              (203) 785-9495

Exhibit-B

3