UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUL 26  A 11: 22

U.S. DISTRICT COURT
HARTFORD, CT.

CORINE CARR                    :
                               :
        Plaintiff              :
                               :
V.                             :  DOCKET NO. 3:02CV2100 (DJS)
                               :
                               :
THE UNITED STATES OF AMERICA   :
                               :
        Defendant              :  JULY 23, 2004

THE PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND MOTION TO SUBMIT THE PROPER MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION TO AMEND

The Plaintiff in the above-captioned action hereby seek permission of the Court to submit the proper memorandum of law in support of The Plaintiff's Motion To Amend, dated June 19, 2004.

The Plaintiff's Complaint is non frivolous and this is a misnomer case where the Plaintiff has actually sued and served the correct party but used the wrong name of Defendant and the purported substitute Defendant has received notice of institute of action and the Defendant will not be prejudiced in maintaing his defense.[1]

1.  Fed. Rule of Civil Procedure, Rule 15, n297, Generally, para. 6.


Law in support of The Plaintiff Response To Defendant's Opposition To Plaintiff' Motion To Amend Complaint And Motion To Submit The Proper Memorandum of Law in Support of The Plaintiff's Motion To

ORAL ARGUMENT NOT REQUESTED

1

Amend and The Plaintiff's Motion To Amend, dated June 19, 2004 on Court's record, are attached.

The Plaintiff's Memorandum of Laws in Support of the Plaintiff's Motions:

1. Fed. Rules of Civ. P. Rule 12(b) How Presented. Every defense, in law, or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one's required,... (2) lack of jurisdiction over the person.

2. Fed. Rules of Civ. P. Rule 15(c)(3)(A). Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when-the amendment changes the party of the naming of the party against whom a claim is asserted if the foregoing provison (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, .

The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the Unites, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of subparagraphs (A) and (B) of this paragraph (3) with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Fed. Rule 15, N297. Generally. para. 6. "Principle embodied in

2

Rule 15(c) affords relief from statute of limitations in misnomer cases, and where plaintiff has actually sued and served correct party, party he intends to sue, but merely mistakenly used wrong name of defendant, defendant has notice of suit within statutory time limit. People of The Living God v Star Towing Co. (1968, ED La) 289 F Supp 635, 12 FR Serv 2d 247.

3. <u>Fed. Rules of Civ. P. Rule 4(m) Time Limit for Service.</u> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

The Plaintiff's Motion To Amend, dated June 19, 2004, although have passed the Court's Scheduling Order for dispostive motions to be file and are pending before the Court, will not delay the trial nor prejudice the Defendant's denfense. The proper Defendant was originally served the summon-civil form within the time limit but the Plaintiff mistakening used the wrong defendant's name. And, the Plaintiff's purport was to sue the Defendant who was served the summon-civil form and the Plaintiff stated this in The Plaintiff's Objection To The Defendant's Motion To Dismiss,

3

dated October 6, 2003, pg. 2 item 2(1), pg. 6 item 9 and 10, pg. 9 item 12 and pg. 10 item 13; the Plaintiff's October 6, 2003, motion was filed in response to the Defendant's Motion To Dismiss And/Or Motion For Summary Judgment, dated September 26, 2003 the Court's Scheduling Order date for Dispositive motions, if any, will be filed. And, for the Court to dismiss or deny The Plaintiff's Motion To Amend would be an injust to the Plaintiff. The Plaintiff's Complaint is non frivolous and states breach of laws and duties by the Defendant to the Plaintiff that resulted in injuries to the Plaintiff's anatomy.

Fed. Rule of Civ.P. Rule 16, N92, para. 11, District court abused its discretion in dismissing case with prejudice for failure to serve defendant within 120 days since it made no finding that lesser sanctions would not have served interests of justice. Bann v Ingram Micro (1997, CA5 Tex) 108 F3d 625, 6 AD Cas 930, 37 FR Serv 3d 461.

PLAINTIFF/PRO SE

BY *Corine Carr*
Corine Carr

CERTIFICATION

I, Corine Carr, the Plaintiff/pro se, certify that a copy of The Plaintiff's Response To Defendant's Opposition To Plaintiff's Motion To Amend Complaint And Motion To Submit The Proper Memorandum Of Law In Support Of The Plaintiff's Motion To Amend was mailed to:

Attorney Anthony T. Rice
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, CT 06006-0170
(860) 285-7098
anthony.t.rice.usps.gov
Connecticut Federal Bar No. ct22474

PLAINTIFF/PRO SE

BY *Corine Carr*
Corine Carr
42 Goodyear Street
New Haven, Connecticut, 06511
(203) 785-9495

Date:   JULY 23, 2004