UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CORINE CARR,<br>    Plaintiff, | :<br>:<br>: |
| v. | : |
| | :   No. 3:02CV2100 (DJS) |
| UNITED STATES OF AMERICA,<br>    Defendant. | :<br>:<br>: |

## MEMORANDUM OF DECISION

Plaintiff Corine Carr ("Carr") brings this action, pro se and in forma pauperis, against defendant United States of America alleging five counts of negligence and willful misconduct against the United States Post Office branch located at 1744 Dixwell Avenue, Hamden, Connecticut (hereafter "Hamden Post Office"). Defendant has filed a motion to dismiss and/or for summary judgment. **[doc. #15]** Plaintiff has filed two motions of her own seeking summary judgment. **[docs. #25 and #28]** The United States's motion for summary judgment **[doc. #15]** is **GRANTED**. The motion to dismiss **[doc. #15]** is **DENIED**. Plaintiff's motions for summary judgment are **DENIED**. Judgment shall enter in favor of the United States.

## FACTS

This case arises out of a series of alleged incidents that occurred during 2001 on February 21, March 27, April 21, October 24 and November 13 of that year. Corine Carr is a former employee of Southern New England Telephone, now retired on a disability. She entered the Hamden Post Office as a customer on February 21, 2001 and stood in line to mail a document via certified mail. She felt shocks and currents in her genital area, pelvis and right hip. The shocks lasted for approximately ten minutes. Carr suffered another shock while in the Hamden Post

-1-

Office on March 27, 2001, although this time the shock was to her right foot. The April 21 incident involved shocks to Carr's genital, left pelvis, left breast and left knee. Again, on October 24 she was shocked in the back and right pelvis area. The October incident also involved shocks experienced by Carr while in the Hamden Post Office's parking lot. Finally, on November 13, 2001, plaintiff was shocked in her left foot and left leg. According to Carr's own testimony, these shocks occur at all times of day and night and in many locations, including her home. There were no faults or flaws in the Post Office's electrical system or wiring and no dangerous sources of current were exposed to possible contact with Carr during her time in the Post Office.

In addition to the shocks, Carr caught her foot in a plastic trash bag liner on April 21, 2001. Carr testifies that there was a trash can under a work table in the post office with a large black trash bag lining the inside. Her left foot caught in the bag and she slipped, causing her to catch herself with her hand against the worktable. Carr states that her left foot slid backward away from her body. She extricated herself from the bag without much effort and continued with her business at the post office. At the time of the event, Carr did not report the incident or any potential hazard posed by the bag liner to post office personnel.

**Standard of Review**

A motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Summary judgment is appropriate if, after discovery, the nonmoving party "has failed to

make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The burden is on the moving party 'to demonstrate the absence of any material factual issue genuinely in dispute.'" American Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981) (quoting Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975)).

A dispute concerning a material fact is genuine "'if evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must view all inferences and ambiguities in a light most favorable to the nonmoving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Id.

## DISCUSSION

Corine Carr alleges five counts of negligent and willful misconduct against the United States Post Office branch located at 1744 Dixwell Avenue in Hamden, Connecticut. Although Carr, as a pro se plaintiff, does not specify that she brings her claims pursuant to the terms of the Federal Tort Claims Act ("FTCA"), this is the only statute under which she could properly maintain a claim for negligence against an employee of the United States government. See, Contemporary Mission, Inc. v. U.S. Postal Service, 648 F.2d 97, 104 n.9 (2d Cir. 1981)(noting that "damage claims against the Postal Service are governed by the Federal Tort Claims Act"). The United States has moved for summary judgment on the grounds that Carr has not and cannot show the necessary causation to prevail on her claims.

The United States may be held liable under the FTCA only where the government "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b). Connecticut law governs the tort claims brought by Carr in this action. There are four elements required to prove negligence in Connecticut: "duty; breach of that duty; causation; and actual injury." LaFlame v. Dallessio, 261 Conn. 247, 251 (2002). Willful misconduct represents a tort separate and distinct from negligence under Connecticut law. Warner v. Leslie-Elliott Constructors, Inc., 194 Conn. 129, 138 (1984). Willful misconduct is conduct that:

> "tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.…It is at least clear that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention."

Dubay v. Irish, 207 Conn. 518, 533 (1988)(citing W. Prosser &W. Keeton, Torts (5th Ed.) §34, p.214). Although the exact elements of a willful misconduct claim are unclear, most courts have treated the claim as one of recklessness and looked for signs of "a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man." Wilkos v. Hales, 1993 WL 407914, *3 (Conn.Super.Ct. Oct. 6, 1993) (citing Santiago v. Drolet, 1993 WL 190484, *2 (Conn.Super.Ct. May 26, 1993)). The willful misconduct claim also requires a showing of proximate cause to succeed. Santiago, 1993 WL 190484 at *2.

Plaintiff has failed to meet her burden of causation with regard to the negligence claims arising out of the shocks she felt at the Hamden Post Office. There is no evidence of any action or inaction on the part of the United States that could have caused or created the sensations Carr

asserts she experienced. Plaintiff also testifies that the shocks occur at all times and places and are not limited to her visits to the Hamden Post Office. Absent any showing that defendant was the cause in fact of the shocks, plaintiff's claims must fail.

Similarly, there is no basis in the record for a holding that defendant engaged in willful misconduct toward Carr. Indeed, there is no evidence that the United States engaged in any conduct toward plaintiff, much less conduct that involved a conscious choice to disregard a serious risk to Carr's health or well-being. Defendant's motion for summary judgment is granted as to all claims of willful misconduct.

Finally, the court must consider Carr's claim of negligence arising out of the April 21, 2001 incident with the plastic trash liner. Carr alleges that she almost fell as a result of negligence on the part of the Hamden Post Office. She claims injury of an unspecified nature to her leg and torso. The court finds that, again, there is insufficient evidence to support Carr's claims. First, the court notes that Carr has offered no proof that the trash can was in a dangerous location, was in a dangerous condition or that Post Office staff had notice of the can's dangerous condition and failed to act. Carr asserts that the plastic liner was too big, but there is no evidence to support this contention. Second, assuming arguendo that there was evidence of negligence, there is no evidence of actual injury. Carr did not fall and was not impaired in any way from conducting her business at the Post Office on April 21. Indeed, she apparently thought so little of the incident that, by her own admission, she did not report it to any staff person at the Hamden Post Office. The court finds no basis in the record for concluding that the United States is liable as a result of Carr almost falling after catching her foot on a plastic trash can liner. Defendant's motion for summary judgment is granted.

**CONCLUSION**

Corine Carr has failed to meet her burden of proof in this action. Plaintiff has not shown that the United States or its employees was the cause-in-fact of the shocks she received on five occasions while a customer in the Hamden Post Office. Further, Carr has failed to show that the United States was negligent or that she suffered an actual injury as a result of her foot catching on a plastic trash liner in the Hamden Post Office.

The United States' motion for summary judgment **[doc. #15]** is **GRANTED**. The motion to dismiss **[doc. #15]** is **DENIED**. Plaintiff's two motions for summary judgment, **[docs. #25 and #28]**, are **DENIED**. Judgment shall enter in favor of the United States on all counts. The Clerk of the Court is ordered to close the case.

**IT IS SO ORDERED** at Hartford, Connecticut, this __7th__ day of October, 2004.

/s/DJS
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**